UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:19-CV-01547(VAB) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| PETER SALOVEY, | : | |
| ROBERT ALPERN, M.D., | : | |
| UNKNOWN PERSONS | : | |
| Defendant. | : | February 10, 2020 |

**OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE
LIMITED INTERROGATORIES PRIOR TO A RULE 26(F) CONFERENCE**

Yale University ("University"), Peter Salovey, and Robert Alpern, M.D. ("University Defendants") hereby object to the Motion for Leave to Serve Limited Interrogatories Prior to a Rule 26(f) Conference filed by the plaintiff, Michael Simons on January 21, 2020. Doc. 25 ("Mot.") The plaintiff abandoned his previous action against the University for the same breach he alleges here without pursuing discovery from the University about the "unknown persons" named as defendants in this action and he did not pursue a bill of discovery in state court before filing this lawsuit. The plaintiff's motion improperly seeks to serve expedited discovery on the University Defendants while the discovery

**ORAL ARGUMENT REQUESTED**

moratorium under Federal Rule of Civil Procedure 26(d) remains.

The plaintiff's motion seeks such leave without establishing good cause for such expedited discovery, as he must. Further, the plaintiff only moved for leave to serve interrogatories after the University Defendants moved to dismiss his complaint, and even then did so without consultation between counsel, as the Rules require. Accordingly, the plaintiff's motion for expedited discovery should be denied.

## I. BACKGROUND

On September 21, 2018, the plaintiff filed an application for injunction and complaint in Connecticut Superior Court, seeking an order enjoining the University from removing him from the Von Zedtwitz Professorship, which the Court denied. See *Simons v. Yale University et al.*, NNH-CV18-5043992-S, Doc. 102; Compl. ¶ 39. On November 11, 2018, the University moved to dismiss the action for lack of jurisdiction resulting from insufficient service of process and insufficient process, and for failure to verify the complaint. *Simons, supra*, Doc. 105. The plaintiff's opposition was due on December 11, 2018. On January 3, 2019, the plaintiff withdrew the action. *Id.*, Doc. 107.

On October 1, 2019, the plaintiff filed the instant lawsuit, alleging breach

of contract, breach of the implied warranty of fair dealing, wrongful discharge, negligent infliction of emotional distress, violation of Title IX of the Education Amendments of 1972, U.S.C. § 1681 ("Title IX"), violation of Title VII, and invasion of privacy.  Doc. 1 ("Compl.").  Paragraphs 23, 27 and 70 of the plaintiff's complaint allege that "one or unknown persons," "one or more persons unknown sympathetic to the #MeToo movement" and "unknown defendants affiliated with Yale" invaded his privacy.  Compl. ¶¶ 23, 27, 70.

On November 27, 2019, the University Defendants filed a Motion to Dismiss and Motion to Strike or for More Definite Statement in which they demonstrated, among other things, that the plaintiff's invasion of privacy claim in Count Seven failed as a matter of law because it was time-barred and failed to state a claim upon which relief could be granted.  Doc. 17. at 29-31.

The University Defendants also moved to strike the complaint's allegations regarding "unknown persons" because such allegations are disfavored in circumstances where the plaintiff has had, as here, ample opportunity to conduct discovery previously.  Doc. 17 at 36-7.  In the alternative, the University Defendants moved for a more definite statement of

those allegations, because they were so vague and ambiguous that the University Defendants could not prepare a proper response.

The plaintiff objected on December 23, 2019, arguing that despite the prior publication of his discipline, the republication of his discipline was not of public interest, and that the republication "constitutes a fresh invasion." Doc. 21 at 21, 31.  He further objected by claiming that he his initial breach of contract action seeking his reinstatement to the Von Zedtwitz Professorship did not seek damages, and he withdrew it to "evaluate his options," so he therefore did not have ample opportunity to conduct discovery.  Doc. 21 at 33.

The University Defendants replied that that public interest embraced figures like the plaintiff who through their conduct have become legitimate subjects of public interest, and that republication after a lapse of time, even of considerable length, does not, without more, constitute an invasion of privacy.  Doc. 24 at 9-10.  The University Defendants further replied that the plaintiff's prior breach of contract action provided ample opportunity for discovery, and that he could have sought discovery, amended his complaint, or filed a bill of discovery.  *Id.* at 10.

On January 21, 2020, the plaintiff filed the instant motion. Prior to the filing of the motion, counsel for the plaintiff did not attempt to confer with the University Defendants' counsel under Federal Rules of Civil Procedure 26(f) or 37(a), or Local Rule of Civil Procedure 37(a).

## II. LEGAL STANDARDS

A party may not serve interrogatories before the parties have conferred as required by Rule 26(f), except by stipulation or court order. See F.R.C.P. 26(d). This Rule provides "that formal discovery—as distinguished from interviews of potential witnesses and other informal discovery—not commence until the parties have met and conferred as required (f)." Discovery can begin earlier if authorized by court order, which "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction." Id. NOTES OF ADVISORY COMMITTEE ON RULES—1993 AMENDMENT.

"Though parties generally may not initiate discovery prior to satisfying the meet and confer requirement of Fed.R.Civ.P. 26(f), courts may in some instances order earlier discovery. Courts in this district have applied a flexible standard of reasonableness and good cause in determining whether to grant a

party's expedited discovery request. *Digital Sin, Inc. v. Does* 1-176, 279 F.R.D. 239, 241–42 (S.D.N.Y. 2012) (Nathan, J.) (internal quotations omitted), *citing Ayyash v. Bank Al–Madina,* 233 F.R.D. 325, 326–27 (S.D.N.Y.2005) (Lynch, J.); *Stern v. Cosby,* 246 F.R.D. 453, 457 (S.D.N.Y.2007) (Chin, J.); 8A FEDERAL PRACTICE AND PROCEDURE § 2046.1 (Wright & Miller eds., 2011).

"As a general rule, the use of John Doe to identify a defendant is not favored." *In re Murphy*, 482 F. App'x 624, 627 (2d Cir. 2012) (citation and alteration omitted). The exception to this rule occurs under circumstances "in which the identity of alleged defendants may not be known prior to the filing of a complaint." *Murphy, supra* at 627 (citation omitted). This exception is limited to circumstances where the plaintiff has not been given "an opportunity through discovery to identify the unknown defendants." *Id.* (citation and internal quotation marks omitted).

No motion pursuant to Federal Rule of Civil Procedure 26 shall be filed unless counsel for the movant has conferred with opposing counsel. D. Conn. L. R. 37(a); *see also* F.R.C.P. 37(a). If consultation of counsel does not resolve the issue, counsel for the movant must make an affidavit so certifying. *Id.* A "Plaintiff's failure to meet and confer with defense counsel in good faith is

sufficient reason by itself to deny plaintiff's motion to compel." *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (Pitman, J.) (collecting cases).

## III. ARGUMENT

The plaintiff has not shown good cause for expedited discovery as required. *See Digital Sin, supra* at 241-2. Specifically, the plaintiff has not shown good cause because he [1] failed to state a plausible claim for invasion of privacy by the "unknown persons" that are the subject of his proposed interrogatories; [2] had ample opportunity to conduct discovery in his prior breach of contract action against the University seeking restoration of the Von Zedtwitz Professorship also at issue in this case; and [3] failed to otherwise demonstrate good cause.

Further, his counsel has not conferred with the University Defendant's counsel, as required. *See Vaigasi, supra* at *11. Accordingly, his motion for expedited discovery should be denied.

### A. The plaintiff has not shown good cause for expedited discovery.

The plaintiff, having failed to state a plausible claim of invasion of privacy against "unknown persons" about whom he had ample opportunity to conduct

discovery in a breach action against the University, has not shown good cause for expedited discovery. The fact that his invasion of privacy claim fails as a consequence is insufficient to justify the discovery sought. Indeed, in an attempt to excuse his failures, and absent any authority, the plaintiff claims that he should be afforded the same solicitude as a *pro se* plaintiff. *See* Mot. at 7-8. The plaintiff's motion for expedited discovery should be denied.

### 1. The plaintiff has not shown good cause for expedited discovery, because he failed to state a plausible claim for invasion of privacy.

As set forth in the University Defendant's Memorandum of Law in Support of its Motion to Dismiss and Motion to Strike or for More Definite Statement filed on November 27, 2019, which argument is incorporated here the same as if fully set forth herein, Count Seven fails to state a plausible claim for invasion of privacy because: [1] any claims prior to 2016 were time-barred; [2] Count Seven alleges only that "unknown persons" invaded the plaintiff's privacy, rather than the University Defendants; [3] the *re*-publication of the circumstances of the plaintiff's discipline were not an unreasonable intrusion into his privacy or seclusion in any event; [4] there was no allegation of false light publicity; and [5] there was no allegation of an intrusion highly offensive

to a reasonable person.  Doc. 17 at 29-31, *citing Davidson v. Bridgeport*, 180 Conn. App. 18, 29 (2018).

The plaintiff, in his objection, argued that, despite the prior publication of his discipline, the republication of his discipline was not of public interest, and that the republication "constitutes a fresh invasion." Doc. 21 at 21, 31. The University Defendants replied that public interest embraced figures like the plaintiff who, through their conduct, have become legitimate subjects of public interest, and that republication after a lapse of time, even of considerable length, does not constitute an invasion of privacy without more.  Doc. 24 at 9-10.  The plaintiff has accordingly failed to make "a strong evidentiary showing of the substantiality of his claims."  *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 *(S.D.N.Y. 2005) (Lynch, J.)*.  His motion for expedited discovery should be denied on this basis as an initial matter,

**2. The plaintiff has not shown good cause for expedited discovery, because he had ample opportunity to conduct discovery.**

The plaintiff points to the case of *In re Murphy*, 482 F. App'x 624, 627 (2d Cir. 2012) for the proposition, "The Second Circuit has long recognized that situations arise in which the identity of the alleged defendants may not be

9

known prior to the filing of the complaint." Doc. 25 at 7. However, as the University set forth in its Memorandum of Law in support of its Motion to Dismiss and Motion to Strike or for More Definite Statement, *Murphy* provides, "As a general rule, the use of John Doe to identify a defendant is not favored." Doc. 17 at 36, *citing Murphy, supra* at 627. The plaintiff's allegations in this matter do not fall into the limited exception to this principle: circumstances "in which the identity of alleged defendants may not be known prior to the filing of a complaint." Doc. 17 at 36, *citing Murphy, supra* at 627.

Here, the plaintiff cannot establish that he did not have an opportunity to discover the identity of the alleged "unknown persons." As set forth in the University's Reply to the Plaintiff's Opposition to the Motion to Dismiss and Motion to Strike, or for More Definite Statement, which arguments are incorporated here by reference the same as if fully set forth herein, the plaintiff's filing of a prior breach of contract action against the University seeking his reinstatement of the Von Zedtwitz Professorship provided that opportunity. Doc. 24 at 10. The plaintiff, of his own accord, withdrew that action without pursuing any discovery. To the extent the instant action seeks relief additional to his reinstatement, the plaintiff could have amended his first

action to include such prayers for relief. P.B. § 10-21. Equally, the plaintiff could have pursued discovery irrespective of amendment, or filed a separate bill of discovery. C.G.S. § 52-156(a). While the plaintiff instead chose to "evaluate his options," he was nevertheless afforded an opportunity to conduct discovery. *See* Doc. 21 at 33. The plaintiff's motion for expedited discovery should accordingly be denied on this basis as well.

### 3. The plaintiff has not shown good cause for expedited discovery, because the *Sony Music* factors do not support good cause.

In support of his motion, the plaintiff cites authority involving expedited discovery of the identities of alleged copyright infringers who are identifiable by unique internet protocol ("IP") addresses, but whose names are unknown to the plaintiff. *See* Mot. at 9, *citing Arista Records LLC v. Doe,* 604 F.3d 110, 115 (2d. Cir. 2010). However, the test set forth in *Arista Records, supra,* originally announced in *Sony Music Entm't, Inc. v. Does 1–40,* 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004) (Chin, J.) is limited to that specific context:

> In the Second Circuit, **in evaluating subpoenas seeking identifying information from ISPs regarding subscribers who are parties to copyright infringement litigation**, courts have examined the following factors: (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2)

11

> the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

Malibu Media, LLC v. Doe, 2019 WL 2537671, at *1–2 (D. Conn. June 20, 2019) (Haight, J.) (internal alterations omitted) (emphasis supplied).[1]

In any event, the *Sony Music* factors also do not support the plaintiff's motion for leave to serve expedited discovery. *First,* as established in § III(A)(1), *supra,* the plaintiff did not state a prima facie case of invasion of privacy by "unknown person" that are the subject of the instant motion. Having failed to state a prima facie case of invasion of privacy, which is fatal to that claim, he cannot obtain expedited discovery thereon.

*Second,* the plaintiff's requests are not sufficiently specific. The plaintiff has requested:

> 1) the names and contact information of the members of the Robert W. Berliner family who contacted the University Defendants after learning of the confidential proceedings against him from the Unknown Defendants; and 2) the names and contact information of anyone that the University Defendants know or have

---

[1] *Citing Arista, supra* at 115, quoting *Sony Music Entm't, Inc., supra* at 564; *see also Strike 3 Holdings, LLC v. Doe,* 2017 WL 5001474, at *2 (D. Conn. Nov. 1, 2017) (Haight, J.) (same); *Malibu Media, LLC v. Doe,* 2018 WL 3384442, at *1 (S.D.N.Y. July 11, 2018) (Fox, J.) (same).

> reason to believe leaked confidential information about Dr. Simons to the Robert W. Berliner family and/or the media.

Mot. at 1. The "unknown persons" whom the plaintiff named as defendants and whom the plaintiff alleged invaded his privacy are apparently embraced by the second proposed discovery request. Yet, this request does not convey whether the "leak" to the "Berliner family and/or the media" referred to is alleged to have taken place in 2013, *see* Doc. 1, ¶ 23, or 2018, *see* Doc. 1, ¶¶ 27, 70. It does not convey whether the "confidential information" about Dr. Simons is that published by national newspapers in 2013, *see* Doc. ¶ 23, or that re-published by national newspapers in 2018. Doc. 1, ¶ 27.

*Third,* as demonstrated in § III(A)(2), *supra,* the plaintiff had alternative means to obtain the information at issue. He had the opportunity to conduct discovery in his prior action or with a bill of discovery. The plaintiff is therefore dissimilar from the plaintiff copyright holders to whom he analogizes himself. Mot. at 14. In those cases, the copyright holders sought third party subpoenas directed towards internet service providers ("ISPs").

These ISPs are "effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of the putative defendants to Plaintiff." *Digital Sin,*

13

*supra* at 241. Therefore, "in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers." *Id.* Further, in that particular context, "expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs." *Id.* The plaintiff does not and cannot make a similar showing here: Unlike the copyright holders in the cases cited by the plaintiff, who had no alternative means of discovery as a matter of law, the plaintiff here had avenues of discovery open to him, which he elected not to pursue, instead choosing to "evaluate his options." Doc. 21 at 33.

*Fourth,* the plaintiff rightly concedes that if he cannot identify and serve the "unknown persons" he named as defendants, his claims against them will fail as a matter of law. Mot. at 4. However, as set forth above, the plaintiff could have discovered the identity of those unknown persons if ascertainable, but he chose not to do so. If the plaintiff does not obtain the sought-for discovery, his invasion of privacy count is dismissed, and the paragraphs referencing "unknown persons" throughout the Complaint are stricken; that has no bearing on the adjudication of the dismissal of the plaintiff's six

14

remaining counts against the University Defendants, to whom this motion is directed.

*Fifth*, as with the plaintiff's attempt to analogize himself to electronic copyright holders, his attempt to analogize the Berliner family to the defendant drug trafficker the "Dread Pirate Roberts" is equally unavailing. Mot. at 15-6, *citing United States v. Ulbricht*, 858 F.3d 71, 96 (2d Cir. 2017). *Ulbricht, supra* involved government surveillance, through the use of pen registers and "trap-and-trace" devices. There, the Court "considered this narrow question and hold that collecting IP address information devoid of content is constitutionally indistinguishable from the use of a pen register." *United States v. Ulbricht*, 858 F.3d 71, 97 (2d Cir. 2017).

The Dread Pirate Roberts' expectation of privacy in his IP address that he communicated to his ISP is not analogous to the privacy expectation of the Berliner family in communications made to the University Defendants. Indeed, the plaintiff's complaint does not state how the purportedly confidential information was conveyed by a Berliner family member to the University Defendants. *See* Doc. 1, ¶¶ 23, 27, 70. Different expectations of privacy attach to communications over the telephone, in writing, and face-to-face. *State v.*

*Skok*, 318 Conn. 699, 716, 122 A.3d 608, 618 (2015).

The plaintiff has not shown and cannot show that any of the *Sony Music* factors indicate that there is good cause for expedited discovery here, or that this authority ever has been or should be applied in this context. Accordingly, the plaintiff's motion therefor should be denied for this reason as well.

**B. The plaintiff's counsel failed to meet and confer with the University's counsel, and the motion for expedited discovery should therefore be denied on this ground also.**

Finally, the plaintiff's counsel failed to confer with the University's counsel under Federal Rule of Civil Procedure 26(f), which could have obviated the need for the filing of this motion. Specifically, had the parties met, conferred, and filed the joint report under this Rule, the discovery moratorium imposed by Federal Rule of Civil Procedure 26(d) would no longer remain, and the plaintiff could serve discovery. He did not do so.

Further, the plaintiff's counsel failed to confer prior to the filing of the instant motion, which "is sufficient reason by itself to deny plaintiff's motion to compel." *Vaigasi supra* at *11. Because the plaintiff's counsel failed to confer with the University's counsel prior to the filing of the motion for early interrogatories, the motion should be denied.

## IV. CONCLUSION

The plaintiff had ample opportunity to pursue discovery in his prior-filed breach of contract action seeking, as does this lawsuit, his reinstatement to the Von Zedtwitz Professorship. The plaintiff chose not to pursue discovery or to seek a bill of discovery in state court. He cannot make out a prima facie claim of invasion of privacy, and no other factor indicates that there is good cause for expedited discovery. The plaintiff's Motion for Leave to Serve Limited Interrogatories Prior to a Rule 26(f) Conference should therefore be denied.

THE UNIVERSITY DEFENDANTS

BY: _/s/_
KEVIN C. SHEA (CT04261)
BENJAMIN LEVITES (CT30481)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Telephone: 203-787-1183
Fax: 203-787-2847
kcs@clenlaw.com
bhl@clenlaw.com

CERTIFICATION:

    This is to certify that a copy of the foregoing has been sent to all required notification parties either via operation of the Court's electronic notification system or by first-class mail, postage pre-paid to anyone unable to accept such notification on February 10, 2020.

_____
CLENDENEN & SHEA, LLC