## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS, | : | |
| Plaintiff, | : | 3:19-CV-01547 (VAB) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| PETER SALOVEY, | : | |
| ROBERT ALPERN, M.D., | : | |
| UNKNOWN PERSONS, | : | |
| Defendants. | : | FEBRUARY 25, 2020 |

### <u>STATEMENT OF PARTIES REGARDING RULE 26 (F) REPORT</u>

Local Rule 26 (f) of the United States District Court District of Connecticut provides that, within thirty (30) days after the appearance of any defendant, the attorneys of record and any unrepresented parties must confer for purposes described in Fed. R. Civ. P. 26(f). D. Conn. Local Rule 26(f) also requires that within fourteen (14) days after the conference, the parties must jointly file a report of the conference using Form 26(f).

As noted by the Court on February 12, 2020, more than forty-four (44) days have passed since the Defendants appeared in this case, and the parties have not filed a Rule 26(f) report.

Both the Plaintiff's counsel and the Defendants' counsel sincerely apologize to the Court for their noncompliance with the Fed. R. Civ. P. 26(f) and Local Rule 26(f).

The Plaintiff's counsel insists on taking sole responsibility for the parties' failure to confer and file a Rule 26(f) report because Local Rule 26(f)(1) states that "[t]he conference ordinarily shall be initiated by the plaintiff…." The Defendants first appeared on October 11, 2019. *See* Dkt. No. 10. The Plaintiff's counsel should have contacted the Defendants' counsel to schedule a Rule 26(f) conference before November 10, 2019 so that a Rule

26(f) report could be filed before November 24, 2019. The Plaintiff's counsel did not contact the Defendants' counsel; therefore, he respectfully requests that the Court place all responsibility on him, not the Defendants, their counsel, or the Plaintiff.

The Plaintiff's counsel did not intentionally fail to comply with the requirements of Fed. R. Civ. P. 26(f) and Local Rule 26(f). Rather, the Plaintiff's counsel's error was inadvertent and reflects excusable neglect. Due to a particular busy month of October for the Plaintiff's counsel in which much of his time was spent preparing a brief to the Connecticut Supreme Court and traveling to Texas to work with a client, he lost track of his obligation to confer with the Defendants' counsel pursuant to Rule 26(f). With the issue having slipped his mind during the time that he would have ordinarily complied with the Rule 26(f) obligation, the Plaintiff's counsel again inadvertently neglected to either move this Court for a belated extension of time to confer as required by Rule 26(f) or to belatedly confer with the Defendants' counsel. The Plaintiff's counsel can only explain this neglect as a classic "out of sight, out of mind" error, and he takes full responsibility for it.

The Defendants' counsel acknowledges that they habitually relied on the Plaintiff's counsel to vigorously prosecute this action in accordance with the Federal Rules of Civil Procedure and the Local Rules. The Plaintiff's counsel acknowledges that the Defendants' counsel's reliance was entirely fair as he has done the same in the past and the Local Rule 26(f) indicates that it is the Plaintiff's responsibility to initiate the process of meeting and preparing a Rule 26(f) report. Consequently, the Plaintiff's counsel insists that he alone is to blame for the parties' failure to meet and file a Rule 26(f) report.

The Plaintiff's counsel acknowledges that he should have been more mindful of his obligations to initiate the Rule 26(f) meeting and to prepare a report within the

appropriate time frame. After consultation with each other, both the Plaintiff's counsel and the Defendants' counsel do not believe that their failure to timely file a Rule 26(f) report has severely prejudiced the timely disposition of this case although they acknowledge that it has perhaps delayed and complicated this case by delaying the matter of the Unknown Defendants. Therefore, the Plaintiff's counsel and the Defendants' counsel respectfully request that sanctions not be imposed for their failure to timely comply with Local Rule 26(f).

In the alternative, the Plaintiff's counsel takes sole responsibility for the failure to comply with Local Rule 26(f) and requests that the sanctions be imposed solely on him instead of on the Defendants' counsel and the parties.


THE PLAINTIFF,                              The DEFENDANT
Dr. Michael Simons                          Yale University, Peter Salovey, and
                                            Dr. Robert Alpern.


By: /s/ Norman A. Pattis /s/                By: /s/ Kevin C. Shea /s/

                                            /s/ Benjamin Levites /s/


NORMAN A. PATTIS                            KEVIN C. SHEA, ESQ. (CT04261)
PATTIS & SMITH, LLC                         BENJAMIN LEVITES, ESQ. (CT30481)
383 Orange Street                           CLENDENEN & SHEA, LLC
New Haven, CT 06511                         400 Orange Street
T: (203) 393-3017                           New Haven, CT 06511
F: (203) 393-9745                           Tel. (203)-787-1183
npattis@pattislaw.com                       Fax: (203)-787-2847
ct13120                                     kcs@clenlaw.com
                                            bhl@clenlaw.com

## CERTIFICATE OF SERVICE

I, **NORMAN A. PATTIS, ESQ.**, hereby certify that, on February 25, 2020, the foregoing document was served in accordance with the Federal Rules of Civil Procedure, and/or the District of Connecticut's Local Rules, and/or the District of Connecticut's Rules on Electronic Service upon the following parties and participants.

**Kevin C. Shea, Esq**
**Benjamin Levites, Esq.**
**Clendenen & Shea, LLC**
400 Orange Street
New Haven, CT 06511
Tel. (203)-787-1183
Fax: (203)-787-2847
kcs@clenlaw.com
bhl@clenlaw.com

BY:   /s/ Norman A Pattis /s/

Norman A. Pattis (ct13120)