UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:19-CV-01547(VAB) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| PETER SALOVEY, | : | |
| ROBERT ALPERN, M.D., | : | |
| UNKNOWN PERSONS | : | |
| Defendant. | : | FEBRUARY 25, 2020 |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b), 26(f), Local Civil Rule 16, and the Court's order, *see* Dkt. 28, undersigned counsel for the parties conferred on or about February 12, 2020, and various dates thereafter. The participants were Norman Pattis for the plaintiff; and Kevin C. Shea for the defendants Yale University ("University"), Peter Salovey, and Robert Alpern, M.D. (collectively, "University Defendants").

I. CERTIFICATION:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. JURISDICTION:

    A. SUBJECT MATTER JURISDICTION:

The plaintiff, in his complaint, alleges that the basis for the court's subject matter jurisdiction is Sections 1331 and 1332 of Title 28 of the United States Code.  The University has moved to dismiss the Complaint, and specifically moved to dismiss Counts One, Two, Three, Four and Seven of the Complaint, arising under Connecticut law, for failing to allege subject matter jurisdiction.  Doc. 16 at 32-36.

    B. PERSONAL JURISDICTION:

Personal jurisdiction is not contested.

III. BRIEF DESCRIPTION OF CASE:

    A. CLAIMS OF PLAINTIFF:

The Plaintiff states federal claims for due process and discrimination violations of Title IX and Connecticut law claims for breach of contract, the breach of the implied warranty of fair dealing, wrongful discharge, negligent infliction of emotional distress, and publication of private facts. The Plaintiff claims compensatory damages for lost wages, benefits, reputation, emotional distress, and professional opportunities. He also seeks punitive damages, attorney's fees, and equitable relief in the form of an order restoring him to the Waldemar Von Zedwitz Professorship or an endowed chair of comparable value at Yale University.

    B. DEFENSES AND CLAIMS:

The University Defendants generally deny the legal and factual bases for

the plaintiff's claims. The University Defendants have moved to dismiss and to strike or for a more definite statement on November 27, 2019. Doc. 16. The University Defendants will respond to any remaining counts of the plaintiff's Complaint within thirty days of the date of the Court's ruling on the pending motion to dismiss the Complaint.

IV. STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that currently there are no material facts that are undisputed.

V. CASE MANAGEMENT PLAN:

A. ORDER ON PRETRIAL DEADLINES

The parties request a modification of the deadlines in the Order on Pretrial Deadlines, Doc. 2, as follows:

Close of Discovery:         November 2, 2020

Dispositive Motions:        January 11, 2021

B. SCHEDULING CONFERENCE WITH THE COURT:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. EARLY SETTLEMENT CONFERENCE:

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

    3.  The parties prefer a settlement conference with a United States Magistrate Judge.

    4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.  JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:

The parties do not presently contemplate the joinder of additional parties.  The parties reserve their rights to seek leave to amend the pleadings and/or join additional parties.

    E.  DISCOVERY:

    1.  The parties anticipate that discovery will be needed on the following subjects: All of the plaintiff's claims, all affirmative allegations of the University, prior history of the parties and damages.

    2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately, and completed by November 2, 2020.

    3.  Discovery will not be conducted in phases.

    4.  The parties anticipate that the plaintiff will require a total of ten depositions of fact witnesses and the University Defendants will require a total of three to five depositions of fact witnesses.  The depositions will commence immediately, and be completed by November 2, 2020.

    5.  The parties may request permission to serve more than twenty-five interrogatories.

6. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 1, 2020, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by September 1, 2020, a date not later than two months before the deadline for completing all discovery.

7. The University Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 1, 2020, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by November 2, 2020, a date not later than the deadline for completing all discovery.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by July 1, 2020.

9. The undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:  The parties shall attempt to produce electronically stored information, if any, in hard copy.

Should a party determine that it would be too burdensome to produce documents in hard copy, the parties will meet and confer regarding a mutually agreeable method of production.  The parties will bear their own costs for production.  The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint.  Both sides agree to instruct the parties to preserve these records.

        10.    The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privileged or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to utilize the privilege log permitted by Fed. R. Civ. P. 37, which will be submitted in accordance with that rule's terms and conditions and exceptions noted therein.   The parties further agree to work with each other in good faith to avoid any discovery dispute.  In the event that any information that is privileged or subject to work-product protection is disclosed, the party to whom the information is disclosed agrees not to review the information after the privilege or work-product protection is asserted and further agrees to not duplicate that information and/or disclose it and to promptly return such information to the disclosing party upon request.

F.  DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before January 11, 2021.

G.  JOINT TRIAL MEMORANDUM:

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 8, 2021, or thirty days after

6

this court rules on any summary judgment motion filed by the University Defendants, whichever is later.

IV. TRIAL READINESS:

The case will be ready for trial by March 1, 2021, or thirty days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By: /s/ Norman A. Pattis /s/
Norman A. Pattis (ct13120)
383 Orange Street
New Haven, CT 06510

THE UNIVERSITY DEFENDANTS

By: /s/ Kevin C. Shea /s/
Kevin C. Shea (ct408798)
Clendenen & Shea, LLC
400 Orange St.
New Haven, CT 06511
Tel: 203/787-1183
Fax: 203/787-2847