**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHAEL SIMONS | : | CIVIL ACTION NO. |
|           Plaintiff, | : | 3:19-CV-01547(VAB) |
| v. | : | |
| YALE UNIVERSITY, | | |
| PETER SALOVEY, | : | |
| ROBERT ALPERN, M.D., | : | |
| UNKNOWN PERSONS | : | |
|           Defendant. | : | AUGUST 20, 2020 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Yale University, Peter Salovey, and Robert Alpert, M.D. ("University Defendants") hereby file this Supplemental Memorandum in support of the Motion to Dismiss, Strike and for a More Definite Statement, Doc. 16, to notify the Court of two opinions of the United States District Court for the District of Connecticut decided after the University Defendants' Motion was fully briefed by the parties, which additionally require the dismissal of Count Five of the plaintiff's Complaint, alleging sex-based employment discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"). Specifically, in *Othon v. Wesleyan Univ.*, 2020 WL 1492864, at *1 (D. Conn. Mar. 27, 2020) (Dooley, J.) and *Piscitelli v. Univ. of Saint Joseph*, 2020 WL 3316413, at *1 (D. Conn. June 18, 2020) (Dooley, J.), the Court held, in the absence of guidance from the Supreme Court or the Second Circuit Court of Appeals and in view of a split among the District Courts in the Second Circuit, that it "agreed with those courts that have held that there is no private remedy under Title IX for employment discrimination claims." *Othon, supra* at *9,

1

*Piscitelli, supra* at *1 (alterations omitted). Because there is no private remedy under Title IX for employment discrimination claims, Count Five of the plaintiff's Complaint, which purports to allege a cause of action under Title IX for employment discrimination claims, must be dismissed.

## I. BACKGROUND

In the Count Five of his Complaint, alleging a violation of Title IX, the plaintiff claimed that after he was accused of sexual harassment and subjected to discipline:

> In response to publicity and complaints of activists, the university took further punitive action against Dr. Simons, effective punishing him twice for the same conduct, in violation of the due process requirements of Title IX. Yale went beyond the adjudicated discipline over and over again: first, by taking away Dr. Simons' directorship of the Cardiovascular Center, then by forcing him to resign as chief of cardiology, and then by taking away his endowed chair five years later. The defendants' acts were intentional and inspired by malice.

Doc. 1 at ¶¶ 60-2. In Count Six of his Complaint, alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), the plaintiff claimed that he is a "Caucasian male" and that:

> The defendants have never punished a female multiple times for the same conduct in any disciplinary action involving sexual harassment. Upon information and belief, the defendants have subjected only Caucasian males to punishment twice for the same conduct. The defendants acted intentionally and in a discriminatory manner in regard to Dr. Simons for the express purpose of placating those #MeToo activists and sympathizers in the grip of moral panic and self-righteous indignation.

Doc. 1 at ¶¶ 65-8. On November 27, 2019, the University Defendants moved to dismiss the Complaint, as well as to strike or in the alternative for a more definite statement of the plaintiff's allegations concerning "unknown persons." Doc. 16 at 1-2.  The University Defendants moved to dismiss Count Five, alleging a violation of Title IX, and Count Six, alleging a violation of Title VII, on the basis that those claims were time-barred and failed to state a plausible claim under either statute for which relief could be granted. Doc. 16 at 18-28. On January 16, 2020, in reply to the plaintiff's opposition to that motion, the University Defendants further established that Counts Five and Six should be dismissed because the plaintiff has not alleged facts that plausibly support the inference that his discipline was motivated by gender bias. *See* Doc. 21; Doc. 24 at 7-9.

On March 27, 2020, a Court in this District, presented with a split of authority among the other District Courts of this Circuit, and after examining "the legislative history of both Title IX and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Supreme Court jurisprudence discussing both statutes, and the case law developing across the country,"  concluded that it "agreed with those courts that have held that there is no private remedy under Title IX for employment discrimination claims." *Othon, supra* at *9 (dismissing Title IX claim), *Piscitelli, supra* at *1 (same) (alterations omitted).

## II.  LEGAL STANDARDS

To survive a motion to dismiss filed pursuant to Rule 12(b)(6):

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Othon, supra* at *2, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Where the "purely legal question" of "whether Title IX has an implied private right of action for employment discrimination claims" is raised, "a motion made under Rule 12(b)(6) is the appropriate vehicle for testing the "legal feasibility" of such a cause of action." *Othon, supra* at *2, citing *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984).

### III. ARGUMENT

**A. Count Five should be dismissed because there is no private remedy under Title IX for employment discrimination claims.**

The Court's holding in *Othon, supra* and *Piscitelli, supra* that no private remedy was available to plaintiff university employees under Title IX for employment discrimination claims requires dismissal of the plaintiff's claim here.

In *Othon* and *Piscitelli,* as here, the plaintiff university employees brought sex-based employment discrimination claims against their defendant university employers under Title IX. The plaintiff in *Othon* alleged she was denied tenure based on gender-biased student evaluations and terminated for filing a sex-discrimination complaint. *Othon, supra* at *1. The plaintiff in *Piscitelli* alleged she was terminated for making complaints of sex based employment

4

discrimination. *Piscitelli, supra* at *1. The plaintiff here alleges that he was removed from an endowed professorship because of gender bias. Doc. 21 at 23. Accordingly, here, as in *Othon* and *Piscitelli,* the plaintiff's claims under Title IX must be dismissed because there is no private remedy available under Title IX for employment discrimination claims. *Othon, supra* at *9 (dismissing Title IX employment discrimination claim), *Piscitelli, supra* at *1 (same).

The reasoning of the first case, *Othon*, illustrates why the plaintiff's Title IX claim must also be dismissed here. In *Othon,* as here, the plaintiff sought relief under both Title VII and Title IX for sex-based employment discrimination. When the defendant university argued that Title VII precluded any Title IX employment discrimination claims, the Court agreed. *Othon* at *10. Specifically, Title IX employment discrimination claims were precluded by Title VII because [1] Title IX does not create substantive rights independent of those created by Title VII in the employment context[1], and [2] Title IX was enacted after Title VII. *Othon, supra* at 10-11. Here, as in *Othon,* "there is insufficient evidence that Congress intended to create a private right of action for employment discrimination claims under Title IX, thereby allowing a special subclass of claimants to bypass the prerequisites of Title VII." *Id.* at 11. The plaintiff here cannot distinguish his case from *Othon* or otherwise establish it

---

[1] "Title IX does create substantive rights. But in the employment context those rights are indistinguishable from the rights conferred by Title VII. Both statutes protect individuals from sex-based employment discrimination, and nothing in the statutory language suggests that there is any material difference in the substantive rights conferred by these statutes." *Othon, supra* at *10.

was wrongly decided, and therefore "the same result obtains." *See Piscitelli, supra* at *1 (dismissing Title IX employment discrimination claim).

Indeed, the authority cited by the plaintiff opposing the University Defendants' Motion to Dismiss supports the conclusion that there is no private remedy under Title IX for employment discrimination. In his Opposition, the plaintiff argued that in Count Five of his Complaint, he had pleaded a "selective enforcement" university disciplinary proceeding claim under *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994) and *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016). Doc. 21 at 19-20. In arguing that he established such a claim under Title IX, he analogized extensively to *Doe*, supra. *See* Doc. 21 at 21-22.

As previously noted by the University Defendants, *Doe* is factually distinguishable–the plaintiff here, unlike that in *Doe*, has not made *any* allegations regarding any alleged impropriety in the investigation or adjudication of his sexual misconduct, *see* Doc. 24 at 8. *Doe* is further distinguishable however, because the plaintiff in *Doe* (and *Yusuf*) was a *student*, not an employee.  That is, the plaintiff in *Doe* was a university *student* bringing a Title IX claim for gender-biased disciplinary proceedings against him, not a university *employee* seeking concurrent remedies for sex-based employment discrimination under Title VII and Title IX like the plaintiff here. Title VII did not provide a private remedy to the plaintiff in *Doe*, because he was not an employee; he proceeded against the university under Title IX. Title IX does not provide private remedy to the plaintiff here for employment

6

discrimination, because he is an employee with a private remedy under Title VII.

Indeed, the holding of *Doe* has not been applied in this Circuit to an employee purporting to bring a Title IX claim against a university, as does the plaintiff here. When the Second Circuit recently cited *Doe* in the case of a university employee who alleged gender bias in a disciplinary proceeding, it expressly noted that the employee brought only a Title VII claim, and the Court was applying *Doe* in the Title VII context. *See Menaker v. Hofstra Univ.*, 935 F.3d 20, 26 (2d Cir. 2019). ("[W]e emphasize that the holding of *Doe v. Columbia* is not limited to Title IX claims rather than Title VII claims.")

**IV. CONCLUSION**

As set forth in the University Defendants' Motion to Dismiss, Strike and for a More Definite Statement, Count Five, purporting to allege a violation of Title IX, should be dismissed because it is time-barred, fails to state a plausible claim under the statute, and does not alleged facts that plausibly support the inference that the plaintiff's discipline was motivated by gender bias. *See* Doc. 21; Doc. 24 at 7-9. However, as set forth in the Court's recent and well-reasoned opinion in *Othon,* applied again this month in *Piscitelli,* the plaintiff has no private remedy under Title IX for employment discrimination. For this additional reason, Count Five of the plaintiff's Complaint, which purports to allege employment discrimination under Title IX, must be dismissed.

THE UNIVERSITY DEFENDANTS

BY: _____
KEVIN C. SHEA (CT04261)
BENJAMIN LEVITES (CT30481)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Telephone: 203-787-1183
Fax: 203-787-2847
kcs@clenlaw.com
bhl@clenlaw.com

CERTIFICATION:

    This is to certify that a copy of the foregoing has been sent to all required notification parties either via operation of the Court's electronic notification system or by first-class mail, postage pre-paid to anyone unable to accept such notification on August 20, 2020.

_____
CLENDENEN & SHEA, LLC