## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:19-CV-01547(VAB) |
| v. | : | |
| YALE UNIVERSITY, | | |
| PETER SALOVEY, | : | |
| ROBERT ALPERN, M.D., | : | |
| UNKNOWN PERSONS | : | |
| Defendant. | : | NOVEMBER 6, 2020 |

## ANSWER AND DEFENSES

Defendants Yale University, Peter Salovey, and Robert Alpert, M.D. ("University Defendants") hereby respectfully submit their Answer and Defenses to the plaintiff's Complaint dated September 30, 2019.  Unless specifically admitted herein, the allegations in the plaintiff's Complaint are denied.

## COMPLAINT

1.      To the extent that the allegations in paragraph 1 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraph 1.

### Jurisdiction

2.      The allegations in paragraph 2 set forth legal conclusions, as to which the University Defendants submit that no responsive pleading is required.

**Parties**

3.     The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore deny the same and leave plaintiff to his proof, except to admit that the plaintiff is a physician, medical researcher and faculty member of the Yale School of Medicine and is employed by the University.

4.     To the extent that the allegations in paragraph 4 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraph 4, except to admit that the University is a specially-chartered corporation organized and existing under and by virtue of a charter granted by the Colony and State of Connecticut, and is a co-educational university and not-for-profit corporation with a principal place of business in New Haven Connecticut that maintains undergraduate, graduate and professional courses of studies, including a medical school, and that it employs thousands of persons.

5.     The University Defendants deny the allegations in paragraph 5, except to admit that Peter Salovey is President of the University and the Chris Argryis Professor of Psychology at the University.

6.     The University Defendants admit the allegations in paragraph 6.

7.     The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and therefore deny the same and leave plaintiff to his proof.

**Facts**

8.     To the extent that the allegations in paragraph 8 set forth legal conclusions, the University Defendants submit that no responsive pleading is required. The University Defendants admit that in 2008, the University offered the plaintiff the position of Chief of the Section of Cardiovascular Medicine and Professor of Internal Medicine at Yale University School of Medicine and to nominate him for a Robert Berliner Professorship, that Yale-New Haven Hospital offered him the position of Chief of Cardiovascular Medicine at Yale-New Haven Hospital, and that Dr. Simons relinquished his position as A.G. Huber Professor of Medicine at Dartmouth Medical School. The University Defendants otherwise deny the allegations in paragraph 8.

9.     To the extent that the allegations in paragraph 9 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraph 9.

10.     The University Defendants deny the allegations in paragraph 10.

11.     The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 as phrased and therefore deny the same and leave plaintiff to his proof.

12.     The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore deny the same and leave plaintiff to his proof, except to admit

3

that in April 2011, the Office of Civil Rights of the Department of Education issued a guidance letter and refer to that letter for the contents thereof.

13.  The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 as phrased and therefore deny the same and leave plaintiff to his proof.

14.  The University Defendants deny the allegations in paragraph 14.

15.  The University Defendants deny the allegations in paragraph 15, except to admit that the University-Wide Committee on Sexual Misconduct addresses allegations of sexual misconduct according to the guidelines described in the Procedures Governing the University-Wide Committee on Sexual Misconduct and that the plaintiff was subject to the policies and jurisdiction of the UWC as a faculty member.

16.  To the extent that the allegations in paragraph 16 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraph 16, except to admit that the University adopted Procedures Governing the University-Wide Committee on Sexual Misconduct  and refers to those procedures for the contents thereof.

17.  The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore deny the same and leave the plaintiff to his proof, except to admit that Yale alumni wrote an open letter to President Salovey in August 2013 and refer to the letter for the contents thereof.

18.    The University Defendants deny the allegations in paragraph 18, except to admit that in February 2010, the plaintiff sent a letter to a junior colleague, Dr. Jane Doe, and refer to that letter for the contents thereof.

19.    The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore deny the same and leave the plaintiff to his proof.

20.    The University Defendants admit the allegations in paragraph 20.

21.    The University Defendants admit the allegations in paragraph 21.

22.    To the extent that the allegations in paragraph 22 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants deny the allegations of paragraph 22 to the extent they allege a provision of the applicable revision of the Procedures Governing the University-Wide Committee on Sexual Misconduct, and refer to the revisions of those Procedures for the contents thereof.

23.    The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore deny the same and leave the plaintiff to his proof, except to admit that Dr. Simons resigned as Chief of Cardiology and was removed as Director of the Cardiovascular Research Center.

24.    The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore deny the same and leave the plaintiff to his proof.

25.    The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore deny the same and leave the plaintiff to his proof, except to admit that the plaintiff retained the Robert W. Berliner Professorship of Medicine during his suspension.

26.    The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, except to admit that in or about 2017 the "#MeToo" social movement started in response to reported allegations of sexual misconduct across the country.

27.    The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore deny the same and leave the plaintiff to his proof.

28.    The University Defendants deny the allegations in paragraph 28, except to admit that members of the Berliner family expressed concerns that the plaintiff continued to hold the Robert W. Berliner Professorship after he was found to have violated the University's sexual misconduct policy.

29.    The University Defendants deny the allegations in paragraph 29, except to admit that in light of the Berliner family's expressed concerns and to honor appropriately the new Chief of Cardiology, the Berliner Professorship was reassigned to the new Chief and the plaintiff accepted a transfer to another professorship.

30.    The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30

regarding the plaintiff's state of mind, and otherwise admit that the plaintiff accepted a transfer to another professorship.

31.    The University Defendants admit that President Salovey sent the plaintiff a letter on or about June 22, 2018, and refer to that letter for the contents thereof.

32.    The University Defendants deny the allegations in paragraph 32, except to admit that the transfer of the plaintiff to another professorship caused concern in the School of Medicine community.

33.    The University Defendants deny the allegations in paragraph 33, except to admit that the University released a statement on September 6, 2018, and refer to that statement for the contents thereof.

34.    The University Defendants deny the allegations in paragraph 34, except to admit that Yale School of Medicine faculty members, alumni and students wrote an open letter to President Salovey in September 2018 and refer to the letter for the contents thereof.

35.    The University defendants deny the allegations in paragraph 35, except to admit that the University issued a statement in response to the open letter to President Salovey, and refer to that statement for the contents thereof.

36.    The University Defendants deny the allegations in paragraph 36, except to admit that Dr. Alpern determined that, for the good of the School of Medicine community, he would remove the plaintiff from any endowed professorship.

37.    The University Defendants deny the allegations in paragraph 37, except to admit that Dr. Alpern called the plaintiff on September 20, 2018, to discuss the Von Zedtwitz Professorship.

38.    The University Defendants deny the allegations in paragraph 38, except to admit that Dr. Alpern discussed the plaintiff's resignation from the Von Zedtwitz professorship.

39.    The University Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore deny the same and leave the plaintiff to his proof, except to admit that the plaintiff filed an ex parte injunction action in Superior Court for the Judicial District of New Haven, which was denied, and that the plaintiff was removed from the Waldemar Von Zedtwitz Professorship.

40.    To the extent that the allegations in paragraph 40 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraph 40, except to admit that the removal of the endowed professorship had no effect on the plaintiff's compensation or duties.

41.    To the extent that the allegations in paragraph 41 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants are otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and therefore deny the same and leave the plaintiff to his proof.

42.    The University Defendants admit the allegations in paragraph 42.

## BREACH OF CONTRACT

43.    The University Defendants's responses to paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

44-47.    To the extent that the allegations in paragraphs 44 through 47 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraphs 44 through 47.

## BREACH OF IMPLIED WARRANTY OF FAIR DEALING

48.    The University Defendants's responses to paragraphs 1 through 47 are incorporated by reference as if fully set forth herein.

49-52.    To the extent that the allegations in paragraphs 49 through 52 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraphs 49 through 52.

## WRONGFUL DISCHARGE

53-55.    The plaintiff's wrongful discharge claim has been dismissed pursuant to the Court's Order granting in part and denying in part the University Defendant's Motion to Dismiss.  Doc. 44.  Accordingly, no response is required.  The University Defendants expressly deny any wrongful discharge.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

56-57.    The plaintiff's negligent infliction of emotional distress claim has been dismissed pursuant to the Court's Order granting in part and denying in part the University Defendant's Motion to Dismiss.  Doc. 44.  Accordingly, no

response is required.  The University Defendants expressly deny any negligent infliction of emotional distress.

## TITLE IX

58.    The University Defendants's responses to paragraphs 1 through 57 are incorporated by reference as if fully set forth herein.

59.    The allegations in paragraph 59 set forth legal conclusions, as to which the University Defendants submit no responsive pleadings required.

60.    The University Defendants admit the allegations in paragraph 60.

61-63.      To the extent that the allegations in paragraphs 61 through 63 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraphs 61 through 63.

## TITLE VII

64.    The University Defendants's responses to paragraphs 1 through 63 are incorporated by reference as if fully set forth herein.

65.    The University Defendants admit the allegations in paragraph 65.

66-67.      To the extent that the allegations in paragraphs 66 and 67 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants are otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and 67 and therefore deny the same and leave the plaintiff to his proof.

68.  The University Defendants deny the allegations in paragraph 68.

## BREACH OF PRIVACY

69.    The University Defendants's responses to paragraphs 1 through 68 are incorporated by reference as if fully set forth herein.

70.    The plaintiff's breach of privacy claim has been clarified as being brought solely against the "Unknown Persons" defendants and not against the University Defendants.  Doc. 44.  Accordingly, no response is required by the University Defendants.  The University Defendants are otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 and therefore deny the same and leave the plaintiff to his proof.

## DAMAGES

71.    To the extent that the allegations in paragraph 71 set forth legal conclusions, the University Defendants submit that no responsive pleading is required.  The University Defendants otherwise deny the allegations in paragraph 71 and deny that the plaintiff is entitled to any damages as alleged.

## AFFIRMATIVE AND OTHER DEFENSES

First Defense

The plaintiff failed to mitigate his damages, if any, as to which liability is expressly denied.

Second Defense

The plaintiff has not been deprived of any right, privilege or immunity secured to him by the United States Constitution or any Act of Congress.

11

Third Defense

Some or all of the claims alleged fail to state claims upon which relief can be granted.

Fourth Defense

The University Defendants acted in good faith and for legitimate, non-discriminatory business reasons at all relevant times.

Fifth Defense

The University Defendants would have taken the same actions with respect to the plaintiff without regard to the plaintiff's sex, race, or ethnicity.

Sixth Defense

The University Defendants expressly deny that the plaintiff is entitled to any compensatory damages, costs, fees or equitable relief, and expressly deny any bases for the award of punitive damages.

Seventh Defense

The plaintiff is not entitled to a double recovery for any claims he has raised in connection with any grievance he has filed or will file.

Eighth Defense

The plaintiff has no private remedy under Title IX for employment discrimination claims.

Ninth Defense

The plaintiff's claims are barred in whole or in part by the applicable statutes of limitation and/or the doctrine of laches.

Tenth Defense

The plaintiff has not incurred an adverse tangible employment action as a result of any alleged conduct by the University Defendants.

Eleventh Defense

Damages, if any, were the result of the sole negligence other behavior of the plaintiff.

Twelfth Defense

To the extent that the plaintiff's allegations concern incidents and/or claims not timely brought before the Equal Employment Opportunities Commission and/or the Connecticut Commission on Human Rights and Opportunities, the plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

Thirteenth Defense

The plaintiff failed to exhaust the review procedures set forth in the University Faculty Handbook.

**PRAYER**

Accordingly, the University Defendants respectfully requests that the plaintiff take nothing by this suit, and that the University Defendants be, in all things, discharged and go hence without delay, and with its costs of suit, and such other further relief, in law or equity, to which it may be justly entitled.

**DEMAND FOR TRIAL BY JURY**

The University Defendants demands trial by jury.

THE UNIVERSITY DEFENDANTS

By: _____

KEVIN C. SHEA (CT04261)
BENJAMIN LEVITES (CT30481)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Telephone: 203-787-1183
Fax: 203-787-2847
kcs@clenlaw.com
bhl@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was filed electronically on the November 6th, 2020.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____
CLENDENEN & SHEA, LLC