UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS | : | CIVIL ACTION NO. |
|            Plaintiff, | : | 3:19-CV-01547(JBA) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| PETER SALOVEY, | : | |
| ROBERT ALPERN, M.D., | : | |
| UNKNOWN PERSONS | : | |
|            Defendant. | : | AUGUST 31, 2021 |

**JOINT STATUS REPORT**

Pursuant to the Court order dated August 23, 2021, the parties, by and through their undersigned counsel, hereby submit their Joint Status Report in advance of their September 9, 2021 Telephonic Status Conference.

**I.   Procedural History**

The plaintiff, Michael Simons ("plaintiff") filed the complaint in this matter in federal court on September 30, 2019 against defendants Yale University, Peter Salovey, Robert Alpern ("the University defendants") and unknown persons.  The plaintiff made the following claims against the University defendants: (1) breach of contract; (2) breach of the implied warranty

of fair dealing; (3) wrongful discharge; (4) negligent infliction of emotional distress; (5) discrimination under Title IX of the Education Amendments of 1972; and (6) discrimination under Title VII of the Civil Rights Act of 1964.[1] Plaintiff's claims are largely based on the University's decision to remove the plaintiff's endowed chair.

The University defendants filed a Motion to Dismiss on November 27, 2019. Doc. 17.  The Court ruled on the University defendants' Motion to Dismiss on September 30, 2020, granting their motion in part—with respect to the claims for wrongful discharge and negligent infliction for emotional distress—and denying their motion with respect to the plaintiff's Title IX, Title VII, breach of contract, and breach of the implied warranty of good faith and fair dealing claims. Doc. 44.  Thereafter, on November 6, 2020, the University defendants filed their answer with affirmative and special defenses, and amended their answer on July 1, 2021 to add an additional special defense. Docs. 46, 61.

---

[1] The plaintiff also brought a claim for breach of privacy against "unknown persons" in his seventh count, as to which the University defendants moved to strike and for a more definite statement. Doc. 16. The Court (Bolden, J) denied those motions but the plaintiff clarified that this claim is solely against unknown others. Doc. 44 at 24-26.

**II.    Discovery**

Pursuant to the Court's most recent Scheduling Order, dated May 15, 2021, all discovery was to be completed by August 20, 2021. Doc. 59. On August 16, 2021 the plaintiff filed a Motion to Modify the Scheduling Order, with the University defendants' consent, proposing that the deadline to complete all discovery be extended to November 1, 2021. Doc. 65. Additionally, the plaintiff's motion requests that this Court extend correspondingly the deadline for dispositive motions to January 10, 2022, and the deadline for the Joint Trial Memorandum to February 11, 2022, or thirty (30) days after the Court's ruling on dispositive motions. The plaintiff's August 16, 2021 motion is currently pending before the Court.

The plaintiff served his First Set of Interrogatories and Requests for Production of Documents, and Requests for Admission of Facts on the University defendants on November 17, 2020. The University defendants responded to the plaintiff's Requests for Admission of Facts on December 16, 2020, and to plaintiff's First Set of Interrogatories and Requests for Production of Documents on March 12, 2021.

The University defendants served their First Set of Interrogatories and Requests for Production of Documents on November 23, 2020, and Requests for Admission of Facts on November 24, 2020. The plaintiff partially responded to the University defendants' First Set of Interrogatories and Requests for Production of Documents, and Requests for Admission of Facts on March 12, 2021. Thereafter, the plaintiff supplemented his responses to the University defendants' First Set of Interrogatories and Requests for Production on: May 28, 2021, June 9, 2021, August 9, 2021, and most recently on August 16, 2021.

As of the filing of this status report, the University defendants are still awaiting the following supplemental compliance from the plaintiff: (1) any documents to support his claim in that he lost a nomination to the National Academy of Sciences; (2) the attachment to an email dated September 28, 2012 that was produced as part of the plaintiff's August 9, 2021 supplement; and (3) the reproduction of prior disclosed emails in their native format as agreed and required.

The University defendants, through undersigned counsel, began the deposition of the plaintiff on June 16, 2021. The plaintiff's deposition has been

held open pending the plaintiff's supplemental compliance with the University defendants' discovery requests. The plaintiff's continued deposition has not yet been rescheduled.

The plaintiff has taken the depositions of defendant Dr. Robert Alpern, defendant President Peter Salovey, Dr. Gary Desir and Dr. Jack Elias. Additionally, the plaintiff intends to take the depositions of Dr. Nina Stachenfeld and at least one other Yale University employee, but has not yet noticed any further depositions.

### III. Settlement and Trial

The parties do not presently have interest in referral to a United States Magistrate Judge, or referral to the District's Special Master Program for settlement purposes;[2] and the parties do not consent to a trial before a Magistrate Judge. The estimated length of trial is expected to be approximately five days.

---

[2] The parties have discussed potential private mediation with Judge Robert Holzberg (Ret.) and are presently in the process of attempting to schedule the same.

UNIVERSITY DEFENDANTS

BY /KCS/
Kevin C. Shea (ct408798)
Clendenen & Shea, LLC
400 Orange St.
New Haven, CT 06511
Tel: 203/787-1183
Fax: 203/787-2847
kcs@clenlaw.com

THE PLAINTIFF

BY        /s/ct13120
Norman A. Pattis (ct13120)
Pattis & Smith, LLC
383 Orange Street, First FL.
New Haven, CT 06511
Tel. 203-393-3017
Fax 203-393-9745
npattis@pattisandsmith.com