## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:19-CV-01547(OAW) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| PETER SALOVEY and | : | |
| ROBERT ALPERN, M.D. | : | |
|     Defendants | : | MARCH 16, 2022 |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants, Yale University, Peter Salovey and Robert Alpern, M.D. (the "University defendants"), hereby move for summary judgment against the plaintiff, Michael Simons, with respect to the four remaining counts of his seven-count Complaint dated September 30, 2019.

In his Complaint, the plaintiff alleges: (1) breach of contract; (2) breach of the implied warranty of good faith and fair dealing; (3) wrongful discharge; (4) negligent infliction of emotional distress; (5) gender discrimination in violation of Title IX; (6) gender discrimination in violation of Title VII; and (7) breach of privacy claim. The plaintiff's wrongful discharge and negligent infliction of emotional distress claims were dismissed by this Court on September 30, 2020. *See* Doc. No. 44.   Plaintiff's breach of privacy claim was formally withdrawn by his

**ORAL ARGUMENT REQUESTED**

counsel at the Court's Pre-Filing Motion Conference on November 15, 2021 and dismissed by this Court. Doc. No. 83.

As demonstrated in the moving papers, summary judgment on the remaining four counts is appropriate because there are no genuine issues of material fact and the University defendants are entitled to judgment as a matter of law.

The plaintiff cannot establish a prima facie breach of contract because he cannot identify any clause of the alleged contract that was breached by the University defendants. The plaintiff's appointment to certain positions were not guaranteed for an express period of time or granted for a term of years, thereby making the plaintiff an at-will employee. Moreover, the plaintiff is barred from recovering under a breach of contract because he materially breached the contract first when he violated the University's faculty handbook and sexual misconduct policies.

The plaintiff also cannot establish a breach of the implied warranty of good faith and fair dealing. In order to establish a breach of the implied warranty of good faith and fair dealing, a plaintiff must establish that a defendant acted in bad faith to prevent the plaintiff from receiving the benefits of a contract. Here, the plaintiff cannot establish that the University defendants acted in bad faith, and thus, his claim fails. Additionally, as with his defunct breach of contract, the plaintiff cannot identify specific benefits of the contract that he was prevented from receiving,

and therefore his claim must fail. Finally, the plaintiff's breach of the implied warranty of good faith and fair dealing claim is precluded under Connecticut law because he had an adequate statutory remedy through which his alleged public policy violations can be enforced.

The plaintiff's Title VII gender discrimination claim is time-barred, and he failed to exhaust his administrative remedies in any event with respect to four of his five claimed adverse employment actions. Therefore, this court has no subject matter jurisdiction and must dismiss them. The plaintiff also cannot establish a prima facie case of Title VII gender discrimination because: (1) there is no direct evidence of discrimination; (2) the plaintiff has not suffered an adverse employment action; and (3) the plaintiff is unable to show that he was disparately treated compared to other similarly-situated individuals. Moreover, even if this Court does find that the plaintiff can establish a prima facie case of discrimination, summary judgment should still be granted because the University defendants have articulated a legitimate, nondiscriminatory reason for their action that the plaintiff cannot prove was a pretext for discrimination.

The plaintiff's Title IX claim fails because is duplicative and preempted by his Title VII claim. Additionally, even if, *arguendo*, this Court decides that the plaintiff's Title IX claim is not preempted by his Title VII claim, the plaintiff's Title IX claim still fails because he cannot establish selective enforcement on the basis of sex under Title IX. Specifically, the plaintiff

cannot show: (1) that the University was acting in its capacity as a state actor; or that (2) the University was affected by the plaintiff's gender, or any form of gender bias.

The record in this case, taken as a whole, demonstrates that there is no genuine issue for trial and the University defendants accordingly request that this Court enter summary judgment against the plaintiff on all remaining counts alleged in the Complaint. In support of this Motion, the University defendants rely on the accompanying Memorandum of Law, the Defendants' Local Rule 56 (a)(1) Statement with attached evidence, and the Affidavit of Kevin C. Shea in Support of Motion for Summary Judgment.

THE DEFENDANTS

BY: /s/ Kevin C. Shea
KEVIN C. SHEA (ct13781)
PATRICK T. CLENDENEN (ct09574)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT  06511
Telephone:  203-787-1183
Fax: 203-787-2847
kcs@clenlaw.com
ptc@clenlaw.com

4

CERTIFICATION:

This is to certify that a copy of the foregoing has been sent to all required notification parties either via operation of the Court's electronic notification system or by first-class mail, postage pre-paid to anyone unable to accept such notification on March 16, 2022.

_____
CLENDENEN & SHEA, LLC

5