# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL SIMONS | CIVIL ACTION NO. |
| Plaintiff, | 3:19-CV-01547(VAB) |
| v. | |
| YALE UNIVERSITY, PETER SALOVEY, ROBERT ALPERN, M.D., UNKNOWN PERSONS | |
| Defendant. | March 12, 2021 |

### PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION OF FACTS

Under the Federal Rules of Civil Procedure, Rule 36, Defendants Yale University ("University"), Peter Salovey, and Robert Alpern, M.D. ("University Defendants") hereby respectfully request that the plaintiff, Michael Simons, admit, for the purpose of this action only, the truth of the following statements within thirty (30) days after the date of service of this Request.

### DEFINITIONS:

Pursuant to Local Rule 26.6(c) of the United States District Court for the District of Connecticut, the following definitions apply to these discovery requests:

**(1) Communication.** The term 'communication' means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**(2) Document.** The term 'document' is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or nonidentical copy is a separate document within the meaning of this term. A request for production of 'documents' shall encompass, and the response shall include, electronically stored information, as included in Federal Rule of Civil Procedure 34, unless otherwise specified by the requesting party.

**(3) Identify (With Respect to Persons).** When referring to a person, to 'identify' means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**(4) Identify (With Respect to Documents or Electronically Stored Information).** When referring to documents or electronically stored information, to 'identify' means to provide, to the extent known, information about the (i) type of document or electronically stored information; (ii) its general subject matter; (iii) the date of the document or electronically stored information; and (iv) author(s), addressee(s) and recipient(s).

**(5) Parties.** The terms 'plaintiff and 'defendant' as well as a party's full or abbreviated name or a pronoun referring to a party mean the party

and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**(6) Person.** The term 'person' means any natural person or any business, legal, or governmental entity or association.

**(7) Concerning.** The term 'concerning' means relating to, referring to, describing, evidencing, or constituting.

**(8) All/Each.** The terms 'all' and 'each' shall both be construed as all and each.

**(9) And/Or.** The connectives 'and' and 'or' shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

**(10) Number.** The use of the singular form of any word includes the plural and vice versa.

**REQUESTS FOR ADMISSION**

1.  The plaintiff was suspended prior to October 1, 2013.

**ADMIT/DENY:**

   **Denied.**

2.  The plaintiff was removed as Director of the Cardiovascular Research Center, prior to October 1, 2013.

**ADMIT/DENY:**

   **Denied.**

3.  The Yale University Faculty Handbook includes policies that represent essential employment understandings between the plaintiff

3

and the University.

**ADMIT/DENY:**

**ADMITTED**

4.  The Yale University Faculty Handbook prohibits all forms of sexual misconduct.

**ADMIT/DENY:**

**ADMITTED.**

5.  An independent inquiry concluded that the plaintiff had committed sexual harassment in violation of the University's sexual misconduct policy.

**ADMIT/DENY:**

**ADMITTED.**

6.  The University is a private, non-state institution.

**ADMIT/DENY:**

**ADMITTED.**

7.  The plaintiffs removal from the Waldemar Von Zedtwitz Professorship was based on his previous violation of the University's sexual misconduct policy.

**ADMIT/DENY:**

**DENIED.**

8.  The plaintiffs discipline for violating the University's sexual misconduct policy was initially reported by the New York Times and

other media outlets prior to October 1, 2016.

ADMIT/DENY:

ADMITTED IN PART. The Plaintiff admits that the New York Times and other media outlets reported that he had been disciplined for sexual harassment. He lacks sufficient knowledge to either admit or deny whether they reported that he violated the University's sexual misconduct policy, especially in light of Defendant Alpern's public statements that there was an endemic lack of clear lines on sexual harassment in academic medicine.

9.    The plaintiff sent an email to the New Haven Register that stated, "I have taken responsibility for what I did, briefly pursue a junior but not subordinate colleague."

ADMIT/DENY:

ADMITTED.

10.    On November 17, 2014, in an article by Ed Stannard entitled "Yale doctor takes responsibility in sexual harassment case," the New Haven Register published excerpts of an email the plaintiff sent to the New Haven Register, including the plaintiffs statement that "I have taken responsibility for what I did, briefly pursue a junior but not subordinate colleague."

ADMIT/DENY:

ADMITTED.

11.    The University has paid the plaintiff income to which he would have been entitled as the Waldemar Von Zedtwitz Professor since his removal as the Waldemar Von Zedtwitz Professor.

ADMIT/DENY:

5

**DENIED.**

12. The plaintiff is a citizen of Connecticut.

ADMIT/DENY:

**ADMITTED.**

13. The plaintiff cannot serve as Chair of Medicine at more than one University simultaneously.

ADMIT/DENY:

**DENIED.**

14. The plaintiff has not previously served on the board of directors of any privately held or publicly held company for compensation. ADMIT/DENY:

**ADMITTED IN PART, DENIED IN PART. The Plaintiff admits that he has never served on a formally entitled board of directors for any privately held or publicly held company for compensation. He denies that he has never served on a board of any privately held or publicly held company for compensation.**

15. The plaintiff has published at least one scholarly article in a peer-reviewed publication annually since at least 2016.

ADMIT/DENY:

**Admitted.**

16. The plaintiff has never sought medical treatment for any alleged emotional distress.

ADMIT/DENY:

**ADMITTED IN PART, DENIED IN PART. The Plaintiff admits that he has never formally sought medical treatment for any alleged emotional distress from a third-party. He denies that he has never sought medical treatment for any alleged emotional**

6

**distress on the basis that he is a doctor and treated himself.**

17. The contract between the plaintiff and the University provided that the University, through the Department of Internal Medicine and the Dean, would nominate the plaintiff to President Levin and the Yale Corporation for a Robert Berliner Professorship.

**ADMIT/DENY:**

**ADMITTED.**

18. The plaintiff was, in fact, nominated to the Robert Berliner Professorship as provided in the contract between him and the University.

**ADMIT/DENY:**

**ADMITTED.**

19. The plaintiff was appointed to and held the Robert Berliner Professorship from 2008 through the Spring of 2018.

**ADMIT/DENY:**

**ADMITTED.**

20. In the Spring of 2018, the plaintiff agreed to exchange the Robert Berliner Professorship for the Waldemar Von Zedtwitz Professorship of Cardiology.

**ADMIT/DENY:**

ADMITTED IN PART, DENIED IN PART. The Plaintiff admits that in the spring of 2018, he ultimately agreed to exchange the Robert Berliner Professorship for the Waldemar Von Zedtwitz Professorship of Cardiology. He denies that he did so willingly.

THE PLAINTIFF, Michael Simons

By: /s/ NORMAN A. PATTIS /s/
NORMAN A. PATTIS
PATTIS & SMITH, LLC
383 Orange Street
New Haven, CT 06511
TEL: 203.393.3017
npattis@pattislaw.com
ct13120

### CERTIFICATION

This is to certify that copies of the following were sent electronically to all counsel of record electronically.

By: /s/ NORMAN A. PATTIS /s/