# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL SIMONS,<br>　　　Plaintiff<br>V.<br><br>YALE UNIVERSITY, ET. AL.,<br>　　　Defendants | No.: 3:19-cv-01547<br><br><br><br>NOVEMBER 17, 2021 |

## YALE UNIVERSITY'S OBJECTIONS AND RESPONSES TO CONTENTION INTERROGATORIES

Defendant Yale University hereby objects and responds to the plaintiff's contention interrogatories dated October 19, 2021 as follows:

1. In 2013, did Yale University's University Wide Committee (UWC) On Sexual Misconduct possess the power to strip a Yale University faculty member of his titles, including endowed chairs, as part of discipline imposed by the UWC?

**OBJECTION:** **Yale University ("University") objects to this interrogatory to the extent that it mischaracterizes the powers of the UWC, especially as to the terms "strip" and "imposed."**

**ANSWER:** **Notwithstanding, without waiving and subject to the foregoing Objection, the University responds as follows: No, the UWC only had the power to recommend discipline, not to impose it independently or to strip University faculty members of titles. It is and has been the policy of the University that the Yale Corporation has the authority to appoint faculty members to endowed professorships and to rescind such appointments upon the recommendation of the president. Dr. Simons was one of the first Yale University faculty members**

brought before the then newly-established UWC. Although there was nothing prohibiting the UWC from recommending the rescission of his endowed professorship, it was focused on his leadership position as Chief of Cardiology, as that is the context in which the charges were made against him.

2. Was Yale University's University Wide Committee (UWC) On Sexual Misconduct informed that the Plaintiff held the Robert W. Berliner Professorship before it imposed discipline on him in 2013?

**OBJECTION:** Yale University ("University") objects to this interrogatory to the extent that it mischaracterizes the powers of the UWC and the nature of the UWC proceedings, especially as to the terms "informed" and "imposed."

**ANSWER:** Notwithstanding, without waiving and subject to the foregoing Objection, the University responds as follows: The UWC was aware—at a minimum through the documents it received—that the plaintiff held the Robert W. Berliner professorship at the time that it recommend his discipline in 2013.

2

## VERIFICATION

I, STEPHANIE SPANGLER, hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief, and that I am authorized to speak for and my statements and certification are binding on Yale University.

BY _____
Yale University, by
Stephanie Spangler
Vice Provost for Health Affairs & Academic Integrity
University Title IX Coordinator
Duly Authorized

Subscribed and sworn to before me this 17th day of November 2021.

_____
~~Commissioner of the Superior Court /~~
Notary Public  Regina Frangipane
My Commission Expires: 10/31/2026

3

DEFENDANT YALE UNIVERSITY

BY: _____
Kevin C. Shea (ct13781)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Tele: 203/787-1183
Fax: 203/787-2847
office@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage prepaid to Norman Pattis, Esq., 383 Orange Street, New Haven, Connecticut 06510 on November 17, 2021.

_____
CLENDENEN & SHEA, LLC

4