# EXHIBIT 8

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL SIMONS

               Plaintiff,

   v.

YALE UNIVERSITY,
PETER SALOVEY,
ROBERT ALPERN, M.D.,
UNKNOWN PERSONS

               Defendant.

CIVIL ACTION NO.
3: 19-CV-0154 7(VAB)

March 12, 2021

### PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure, Rules 33 and 34, Defendants Yale University ("University"), Peter Salovey, and Robert Alpern, M.D. ("University Defendants") hereby respectfully request that the plaintiff, Michael Simons, answer the following interrogatories separately and in writing, under oath, and produce at the office of Clendenen & Shea LLC, 400 Orange Street, New Haven Connecticut 06511, the following documents within thirty (30) days after the date of service of this Request:

### INSTRUCTIONS

1.    These requests shall be deemed continuing so as to require

the Cardiovascular Research Center. He has intimate knowledge of that process.

**President Peter Salovey – The Plaintiff's beliefs as to his actions are articulated at length in his complaint.**

**Dean Robert Alpern - The Plaintiff's beliefs as to his actions are articulated at length in his complaint.**

**Professor Jack Elias - Doctor Desir coordinated with Defendant Alpern and Professor Jack Elias to threaten and then remove the Plaintiff from his position as the Director of the Cardiovascular Research Center as well as Chief of Cardiovascular Medicine at the Yale School of Medicine and his endowed professorships. He has intimate knowledge of what transpired.**

**Dr. Gary Desir – Doctor Desir coordinated with Defendant Alpern and Professor Jack Elias to threaten and then remove the Plaintiff from his position as the Director of the Cardiovascular Research Center.**

4.      Has any disciplinary or otherwise adverse employment action everbeen taken against you while you were employed by the University? If yes, please state as to each such instance:

(a)    the date of the occurrence which gave rise to the allegedaction;

(b)    the events which gave rise to the alleged action, including any University policies and/or contract terms you violated orbreached;

(c)    the alleged action taken against you;

(d)    the date of alleged action;

(e)    identify each person involved in the occurrence which gaverise to the alleged action;

(f)    the role played by each person involved in the occurrencethat gave rise to the alleged action; and

(g)    the action, if any, taken against each other person involved

in the occurrence that gave rise to the alleged action.

**RESPONSE:**

The Plaintiff's only discipline has been that alleged in the complaint.

For each instance of discipline, the following is the same for all:

a. **The Plaintiff does not recall the exact dates, but between February 2010 and May 2010.**
b. **The alleged events were that I penned a love letter to a colleague who was not a subordinate and continued to email her in an attempt to woo her when she told me that she was in a relationship with one of my subordinates.**

The Plaintiff answer the remaining questions as follows:

c. **The Plaintiff was suspended as from his position as Chief of Cardiology in the Yale School of Medicine for 18 months. The Defendants subsequently forced him to resign the position. The Plaintiff was subsequently forced by the Defendants to exchange the Robert W. Berliner Professorship of Medicine for the Waldemar Von Zedtwitz Professorship of Cardiology. The Defendants then removed the Plaintiff from the Waldemar Von Zedtwitz Professorship.**
d. **The 18 month suspension came on October 14, 2013. The forced resignation of the Chief of Cardiology position came in October 2014 to the best of the Plaintiff's recollection. The forced exchange of the Berliner Professorship came in June 2018. The removal from the Von Zedtwitz Professorship came on September 21, 2018.**
e. **Frank Giordano, Annarita DiLorenzo**
f. **Both Giordano and DiLorenzo were the complainants in the UWC proceedings and the alleged victims in the occurrence.**
g. **None that the Plaintiffs knows of.**

5.     In Paragraph 8 of your Complaint, you allege you were offered a tenured professorship, a position as the Chief of Cardiology in the School of Medicine, and the Berliner Professorship. Please state all the facts upon which you base this allegation, including but not limited to:

(a)     the circumstances of your initial hiring, including the date,and the position for which you were hired;

(a) the amount of your annual wages and benefits from the beginning of your employment by the University to the presentdate;

(b) the circumstances of the "financial support" provided by the University, including the individuals that arranged for this support, the dates it was provided, the amount of the support,and any communications regarding the support; and

(c) whether it is your contention that, although the University has compensated you for the loss of the Von Zedtwitz chair, you areentitled to claim wages you have not yet lost, and the bases for that claim.

**RESPONSE:**

**A & B: The Plaintiff is having difficulty locating his records to provide precise answers and will supplemental his responses as soon as possible.**

c. **The Plaintiff is claiming that the Defendants have not adequately compensated him for the loss of the Von Zedtwitz chair because the Von Zedtwitz chair's benefits are permanent and increase over time while the financial support provided by the Defendants is discretionary and will likely be removed.**

13.   In Paragraph 65 of your Complaint, you allege that you are a Caucasian male. In Paragraph 66 of your Complaint, you allege that "The defendants have never punished a female multiple times for the same conductin any disciplinary action involving sexual harassment." In Paragraph 67 of your Complaint, you allege that "Upon information and belief, the defendants have subjected only Caucasian males to punishment twice for the same conduct." In Paragraph 68 of your Complaint, you allege, "The defendants acted intentionally and in a discriminatory manner in regard to Dr. Simons for the express purpose of placating those #MeToo activists and sympathizers in the grip of moral panic and self-righteous indignation." Please state all the factsupon which you base these allegations, including but not limited to:

(a) The identity of any similarly situated female University

26

employees who were subject to any disciplinary action involvingsexual harassment;

(b) the identity of any similarly situated female University employees disciplined for the same or similar conduct for whichyou were disciplined;

(c) the identity of any similarly situated female University employees subject to discipline for sexual harassment of ajunior colleague;

(d) the identity of any similarly situated male University employeesdisciplined twice or more for the same or similar conduct for which you were disciplined;

(e) the identity of any similarly situated male University employees disciplined twice or more for any single act; and

(f) whether it is your contention that you were removed from the Von Zedtwitz Professorship because you are Caucasian, and, if

so, all the facts upon which you base that contention.

**RESPONSE:**

**A through E: The Plaintiff lacks sufficient knowledge to answer. He will seek to learn the answers by discovery in this action. To the best of his knowledge, he is the only person who has been punished multiple times for the same offense.**

**F. The Plaintiff's contention is that he was removed from the Von Zedtwitz Professorship because he is a Caucasian male. He bases the contention on the representations made to him by Dr. Alpern that the increasing pressure by the public for his alleged misconduct forced the Defendants to act. He contends that pressure and public opinion was biased against men accused of sexual misconduct simply because they are accused men and that the Defendants de facto adopted the bias in making their decision to remove him from the Von Zedtwitz Professorship.**

14.    Identify each physical, mental or emotional injury that you attribute to the events alleged in your Complaint, and for each physical, mentalor emotional injury so identified, state the name and address of each physician,therapist or other source of treatment for those injuries, the date(s)

26

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL SIMONS,
    Plaintiff,

v.

YALE UNIVERSITY,
PETER SALOVEY,
ROBERT ALPERN, M.D.,
UNKNOWN PERSONS,
    Defendants.

3:19-CV-01547 (VAB)

## **VERIFICATION PAGE FOR INTERROGATORIES**

I, Dr. Michael Simons, having been duly sworn, do hereby verify that I have reviewed the responses to the interrogatories and requests for production in the above captioned case and that they are true and accurate to the best of my knowledge.

SIGNED_____
Dr. Michael Simons

Duly sworn to and subscribed before me this __11th__ day of May, 2021.

_____
Notary Public

Donna L. Peat
Notary Public - Connecticut
My Commission Expires
January 31, 2026