# EXHIBIT C

## Yale OFFICE OF THE PROVOST

CONFIDENTIAL

PO Box 208365
New Haven CT 06520-8365

October 14, 2013

Michael Simons, MD

Dear Dr. Simons,

    I am writing to communicate my decision in the complaint brought against you by Professor Di Lorenzo and Dr. Giordano. I have reviewed the materials considered by the UWC panel, the UWC panel's report, the supplemental report, and the responses to the reports submitted by you.

    As required under the Procedures, I accept the panel's findings of fact as set forth in the panel report and the supplemental panel report. I accept the panel's conclusion that your actions in pursuing Professor Di Lorenzo constituted sexual harassment. I accept, in part, the panel's conclusion that you exercised poor leadership by creating and then failing to address your conflicted decision-making authority over Dr. Giordano. This conclusion I accept insofar as it pertains to the time period from February 2010 at the start of your overtures to Professor Di Lorenzo to the point six to nine months later when Dr. Elias and Dean Alpern implemented a substitute reporting structure for Dr. Giordano.

    In light of these conclusions, my decision is as follows:

    --You are suspended from serving as Section Chief of Cardiology until June 30, 2015. During this period of suspension you are not eligible to be considered for a comparable or higher administrative position at the Yale School of Medicine or Yale University.

    --Your annual salary will be reduced during the period of suspension by $50,218, an amount representing the portion of your current salary that is attributable to the position of Section Chief in Cardiology.[1] That is, during the time you are suspended, your salary will be reduced by $4,185 per month. Your base salary may not be increased during this time, and for the next three years your salary will require approval by the provost.

    --You may not take a sabbatical during this period of suspension, nor count this period of suspension as credit towards a sabbatical.

---

[1] The amount of salary attributable to your administrative role as Section Chief was determined by conducting a regression analysis in which a range of factors were examined, resulting in the conclusion that 12% of your annual predicted pay (not actual salary) or $50,218 annually, is attributable to your administrative position as Section Chief.

--You will complete within six months the in-person sexual harassment training offered by the University.

--You will engage at your own expense the services of a management coach to work on your management skills in communicating with personnel in your department and to assist you in recognizing conflicts and the impact of your actions and decision-making on others. The University's department of Human Resources can help in identifying a suitable coach or I ask that they approve the person or company you select.

--A copy of this letter will be placed in your file at the Yale School of Medicine.

According to the UWC procedures, you may appeal my decision to the President, within five days of receipt of this letter. Please note that the procedures state the permissible grounds for appeal as (i) procedural error that prevented the hearing panel or the decision maker from judging the matter fairly, or (ii) the discovery of facts that were not reasonably available to you prior to the hearing and that support or refute the allegation of sexual misconduct. If you wish to appeal, please be in touch with the Secretary of the UWC, Aley Menon.

If you have any questions about any aspect of my decision, I would be happy to speak with you.

Yours,

*Ben Polak*

Benjamin Polak
Provost


cc. Michael Della Rocca, Chair UWC
    Robert Alpern, Dean YSM