# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHAEL SIMONS | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:19-CV-01547(VAB) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| PETER SALOVEY, | : | |
| ROBERT ALPERN, M.D., | : | |
| UNKNOWN PERSONS | : | |
| Defendants. | : | MARCH 12, 2021 |

**DEFENDANT YALE UNIVERSITY'S OBJECTIONS**
**AND RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Yale University ("the University") hereby provides notice that, in addition to the General Objections, it has objected to Interrogatories Nos. 1 through 22; 25 as set forth in the Plaintiff's First Set of Interrogatories directed to the University dated November 17, 2020, as follows:

**GENERAL OBJECTIONS**

1.     **The University objects generally to the interrogatories and requests for production to the extent that they seek information and materials that are not generally relevant to the subject matter involved in**

the pending action, do not relate to the claim or defense of any party, or are not reasonably calculated to lead to the discovery of admissible evidence.

2.    The University objects to the definitions and instructions accompanying the interrogatories and requests for production to the extent that they seek to impose broader or more onerous obligations or duties on it than those imposed by the Federal Rules of Civil Procedure and Local Rules of Civil Procedure.   The University's objections and responses, and supplemental objections and responses, if any, will be made solely in accordance with the applicable rules of civil procedure unless a narrower approach has been specifically selected by the plaintiff.

3.    The University objects generally to the interrogatories and requests for production to the extent any specific interrogatory or request for production seeks information or materials that are privileged.   The responses to specific interrogatories and requests for production are made subject to any claim of privilege available to the University.   The University may choose to disclose information or materials as to which a

claim of privilege could be made, but such disclosure does not constitute a waiver of any claim of privilege as to any other information.

4.      The University reserves its rights provided under the applicable rules of the Federal Rules of Civil Procedure and Local Rules of Civil Procedure to supplement its responses in accordance with those rules.

5.      The University objects to each interrogatory and request for production to the extent that they seek information already within the plaintiff's possession, control or knowledge on the grounds that it is unduly burdensome and oppressive and that such information is equally available to the plaintiff, and therefore outside the scope of permissible discovery as set forth in Rule 26 of the Federal Rules of Civil Procedure.

6.      The University objects to providing any addresses or other personal or identifying information concerning any of its employees as prohibited under Conn. Gen. Stat. § 31-128f.

7.      To the extent that the plaintiff has asked the University to identify documents, the University objects to this request as overly broad and unduly burdensome.  Where the University is in possession, custody

and control of any non-privileged document sought by the plaintiff and otherwise subject to disclosure, it will produce the requested document, rather than identify it.

8.     These objections apply, and are incorporated by reference into the response, to each interrogatory and request for production regardless of whether or not expressly so stated in the response.

### DEFINITIONS & INSTRUCTIONS

A. As used herein, "you" or "your" shall mean the Defendant to whom these interrogatories are addressed.

B. The word "person" shall include any natural person, group of natural persons acting as individuals, group of natural persons acting in a collegial capacity (i.e., as a committee, board of directors, etc.), proprietorship, partnership, company, corporation, association, joint venture, governmental body, or any other entity.

**OBJECTION:**     **The University objects to this definition of the term "Person" because it is broader than the definition set forth in Rule 26(c)(6) of the District of Connecticut Local Rules.    As such, this definition purports to impose**

4

> **greater burdens on the University than those imposed by the District of Connecticut Local Rules.**
>
> **The University will interpret "Person" consistent with the definition set forth in Rule 26(c)(6) of the District of Connecticut Local Rules.**

C. The word "document" is used herein in the broadest possible sense and means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limiting the generality of the foregoing, any written or graphic matter of whatever kind or nature, or any other means of preserving thought or expression regardless of how it is created, captured, or stored (including, without limitation, notes, letters, memos, articles, journals, records, press releases, e-mails, text messages, social media posts or messages, chats, tweets, photographs, tape recordings, etc.), and all tangible things from which information can be processed or transcribed, whether originals, copies of drafts (including, without limitations, non-identical copies – i.e., different from the originals by reason of notations made on or attached to such copies, or otherwise), however produced or reproduced.

**OBJECTION:**   **The University objects to this definition of the term "Document" because it is broader than the definition set forth in Rule 26(c)(2) of the District of Connecticut Local**

> **Rules.  As such, this definition purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.**
>
> **The University will interpret "Document" consistent with the definition set forth in Rule 26(c)(2) of the District of Connecticut Local Rules.**

D. The word "identify" when used with respect to a person or persons means: (1) to state the name and last known address and telephone number of each such person; (2) to state the name of the last known employer; and (3) if such person was affiliated at any time with you, by employment or otherwise, to state the nature and dates of such affiliation, including job titles held and the dates during which each position was held.

**OBJECTION:** **The University objects to this definition of the term "Identify" because it is broader than the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules.  As such, this definition purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.**

> **The University will interpret "Identify" consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules.**

E. The word "identify" when used with respect to a document means: (1) to state its nature, i.e., letter, memorandum, etc., the date and author of

the document; (2) to identify all persons to whom the document was directed; (3) to state the topics discussed in the document; (4) to state the location of the document at the present time. If the document is one which once existed but has since been lost or destroyed, include the date or approximate date of loss or destruction, the name and address of its last known custodian, and, in the event it was destroyed, the method of and reason for its destruction.

**OBJECTION:** **The University objects to this definition of the term "Identify" because it is broader than the definition set forth in Rule 26(c)(4) of the District of Connecticut Local Rules. As such, this definition purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.**

**The University will interpret "Identify" consistent with the definition set forth in Rule 26(c)(4) of the District of Connecticut Local Rules.**

F. If any privilege is claimed as to any information called for, or as to any document required to be identified:

1. state the nature of the privilege claimed (e.g., attorney-client, work product, etc.);

2. state the basis for claiming the privilege as to the specific information or documents;

7

3. if the privilege is claimed with respect to any information, identify each person who has knowledge or such information, or to whom such information has been communicated; and

4. if the privilege is claimed as to any document, identify such document and identify each person now in possession of such document.

**OBJECTION:** **The University objects to this instruction to the extent that it is broader than the instruction set forth in Rule 26(e) of the District of Connecticut Local Rules.  As such, this instruction purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.**

G. Each request set forth herein shall be construed to include any supplemental information, documents or data responsive thereto which are later discovered, prepared or created by you.

H. With respect to any response or documents which you withhold on the ground of confidentiality, the Plaintiff's attorneys are prepared to receive such response or document subject to an appropriate protective order.

8

## INTERROGATORIES

1. For the person answering these interrogatories, please state the following:

   a.   Your name, and any other name(s) by which you have been known;
   b.   Your date of birth;
   c.   Your business address;
   d.   Your job title at the Defendant University
   e.   Your immediate superior at the University

**OBJECTION:**   **The University objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrase "immediate superior."**

**RESPONSE:**   **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

**Stephanie Spangler**
**Vice Provost for Health Affairs & Academic Integrity**
**University Title IX Coordinator**
**November 11, 1951**
**2 Whitney Avenue, Suite 400**
**Immediate superiors at the University: Scott Strobel, Provost, and Peter Salovey, President.**

2. Please identify by name, address, telephone number, and university position all individuals who recruited the Plaintiff to leave his position at Dartmouth College to accept employment with Yale University.

**OBJECTION:**   **The University objects to this interrogatory to the extent that this interrogatory requires the disclosure of**

confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.

The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "university position" and "recruited."

Moreover, the University objects to identifying individuals by their personal telephone numbers. The University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

The University also objects to this interrogatory to the extent that it seeks information that is not generally relevant to the subject matter of the pending case, that does not relate to the claim or defense of any party and that is not reasonably calculated to lead to the discovery of admissible evidence. Indeed, the University's recruitment of the plaintiff from Dartmouth College is wholly unrelated to the University's removal of the plaintiff from the Waldemar Von Zedtwitz professorship.

Finally, the University objects to this interrogatory as outside the scope of permissible discovery in that the information requested cannot be provided by the University with substantially greater facility than it could otherwise be obtained by the plaintiff. The plaintiff, as the individual being recruited, has knowledge as to which individuals at the University participated in his recruitment process.

**RESPONSE:**   Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

Jack Elias, MD
Waldemar Von Zedtwitz Professor Emeritus of Medicine
P.O. Box 208056, 333 Cedar Street
New Haven, CT, 06520-8056

Gary Desir, MD
Vice Provost for Faculty Development and Diversity
330 Cedar Street, Ste BB 110
New Haven, CT, 06510

Thomas Balcezak, MD
Executive Vice President and Chief Clinical Officer
Yale New Haven Hospital
20 York Street
New Haven, CT 06510

Judy Cho, MD
Associate Professor
333 Cedar Street
New Haven, CT 06510

Michael Bennick, MD
Associate
333 Cedar Street
New Haven, CT 06510

James Duncan, PhD
Professor of Radiology and Biomedical Imaging
300 Cedar Street, TAC
New Haven, CT 06520-8042

11

Barbara Gulanski, MD, MPH
Medical Services Provider
Endocrinology
P.O. Box 208020, 333 Cedar St
New Haven, CT 06520-8020

Peter Herbert
Associate
333 Cedar Street
New Haven, CT 06510

Kyle Kramer
Executive Director
20 York Street
New Haven, CT 06510

Richard Lifton, MD, PhD
Professor of Genetics
Genetics
P.O. Box 208005, 333 Cedar Street
New Haven, CT 06520-8005

Patrick G. O'Connor, MD, MPH, MACP
Professor of General Medicine
Internal Medicine
P.O. Box 208056, 333 Cedar Street
New Haven, CT 06520-8056

Jordan Pober, MD, PhD
Professor of Translational Medicine
Immunobiology
P.O. Box 208089
New Haven, CT, 06520-8089

12

**Nancy Ruddle, PhD**
**Professor Emeritus of Epidemiology**
**Epidemiology of Microbial Diseases**
**P.O. Box 208034, 60 College Street**
**New Haven, CT 06520-8034**

**William Sessa, PhD**
**Professor of Pharmacology**
**Pharmacology**
**P.O. Box 208066, 333 Cedar Street**
**New Haven, CT, 06520-8066**

**George Tellides, MD, PhD**
**Professor of Surgery**
**Cardiac Surgery**
**P.O. Box 208062**
**New Haven, CT 06520-8062**

3. Please identify by name, address, and telephone number all members of the Robert W. Berliner family who engage in communications with Yale University or its employees regarding the Plaintiff's holding the Robert W. Berliner Professorship at all times relevant to the complaint in the above-captioned matter. Please also identify the form of the communication (i.e., letter, email, phone call).

**OBJECTION:**    **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as overly broad and unduly burdensome, and vague and ambiguous as framed, particularly with respect to the phrases "Robert W. Berliner family" and "all times**

relevant to the complaint." Indeed, this interrogatory purports to require the University to assume the plaintiff's subjective interpretation of what qualifies as "relevant to the complaint."

The University also objects to this request to the extent that it requires the University to make a determination as to what qualifies as "relevant to the complaint." The rules of discovery do not afford any party the right to discover another party's theory of the case, legal strategies or thought processes behind what he or she believes or intends to use to support his or her claims.

Moreover, the University objects to identifying individuals by their personal telephone numbers. The University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

**RESPONSE:**   Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

Nancy Berliner by email.
Chief, Division of Hematology
H. Franklin Bunn Professor of Medicine
Brigham and Women's Hospital
Harvard Medical School
75 Francis Street
Boston, MA 02115

4. Please identify by name, address, telephone number, or any other identifying information that you possess anyone who engaged in communications with Yale University or its employees regarding the Plaintiff's holding the Robert W. Berliner Professorship at all times relevant to the complaint in the above-captioned matter. Please also identify the form of the communication (i.e., letter, email, phone call).

**OBJECTION:**    **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as overly broad and unduly burdensome and vague and ambiguous as framed, particularly with respect to the phrases "engaged in communications" and "all times relevant to the complaint." Indeed, this interrogatory as phrased requires the University to assume the plaintiff's subjective interpretation of what qualifies as "relevant to the complaint."**

**The University also objects to this request to the extent that it requires the University to make a determination as to what qualifies as "relevant to the complaint." The rules of discovery do not afford any party the right to discover another party's theory of the case, legal strategies or thought processes behind what he or she believes or intends to use to support his or her claims.**

**The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

Moreover, the University objects to identifying individuals by their personal telephone numbers. The University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

The University will produce all non-privileged information reasonably responsive to this interrogatory. The University is in the process of performing a search of its electronic files and emails in an effort to obtain responsive information in connection with this interrogatory. As such, the University is currently unable to determine if it is withholding any information at this time. The University will supplement this objection and response as appropriate.

RESPONSE:    Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

Nancy Berliner by email.
Chief, Division of Hematology
H. Franklin Bunn Professor of Medicine
Brigham and Women's Hospital
Harvard Medical School
75 Francis Street
Boston, MA 02115

Nina Stachenfeld and Elizabeth Jonas
Co-Chairs of SWIM
Yale School of Medicine
290 Congress Avenue

**New Haven, CT 06519**

**Employees and members of the Yale community also communicated via email with various Yale alumni, members of SWIM, University officers, the Faculty Advisory Council, members of the media, the leadership at the Medical School and Chairs and Center Directors as shown in the attached email production.**

5. Please identify by name, address, telephone number, and university position anyone who participated in the process of determining how to remove the Plaintiff from the Robert W. Berliner Professorship including the decision to ask him to relinquish it in exchange for the Waldemar Von Zedwitz Professorship of Cardiology. Please also identify the form of their participation (i.e., letter, email, phone call).

**OBJECTION:**     **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

    **The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "participated in" and "the process of determining."**

    **The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

    **Moreover, the University objects to identifying individuals by their personal telephone numbers. The University will "Identify" persons consistent with the**

definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

**RESPONSE:** Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

Dr. Robert Alpern
Dean of Yale School of Medicine
P.O. Box 208055, 333 Cedar Street
New Haven, CT, 06520-8055

Dr. Michael Simons
Professor of Medicine
Cardiovascular Medicine
P.O. Box 208017, 333 Cedar Street
New Haven, CT, 06520-8017

Caroline Hendel
Senior Associate General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510
Communicated by email and phone call

Alexander Dreier
Senior Vice President and General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510

**Communicated by email and phone call**

**Stephanie Spangler**
**Vice Provost for Health Affairs & Academic Integrity**
**University Title IX Coordinator**
**2 Whitney Avenue, Suite 400**
**Communicated by email and phone call**

**Tina Tyson**
**Deputy General Counsel for Health Affairs at Yale University**
**2 Whitney Avenue, 6th Floor**
**New Haven, CT 06510**
**Communicated by email**

**Peter Salovey**
**President**
**Yale University**
**Office of the President**
**3 Prospect Street**
**New Haven, CT 06511**

6. Please identify by name, address, telephone number, or any other identifying information anyone who communicated with Yale University or any of its employees regarding the transfer of the Plaintiff from the Robert W. Berliner Professorship to the Waldemar Von Zedwitz Professorship of Cardiology. Please also identify the form of the communication (i.e., letter, email, phone call).

**OBJECTION:**    **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the term "transfer."

The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.

Moreover, the University objects to identifying individuals by their personal telephone numbers. The University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

The University also objects to this interrogatory as overly broad and unduly burdensome, and unlimited in scope with respect to time. Thus, the University objects to this interrogatory to the extent that it seeks information that is not generally relevant to the subject matter involved in the pending action, that does not relate to the claim or defense of any party and that is not reasonably calculated to lead to the discovery of admissible evidence.

The University will produce all non-privileged information reasonably responsive to this interrogatory. The University is in the process of performing a search of its electronic files and emails in an effort to obtain responsive information in connection with this interrogatory. As such, the University is currently unable to determine if it is withholding any information

**at this time.    The University will supplement this objection and response as appropriate.**

**RESPONSE:**    **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

**To be supplemented.**

7. Please identify by name, address, and telephone number anyone who participated in the public relations response to any communication about the Plaintiff's transfer described in Interrogatory 6 and the open letter and activism described at paragraphs 34-36 of the Plaintiff's complaint. Please also identify the form of their participation (i.e., letter, email, phone call).

**OBJECTION:**    **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "public relations response" and "open letter and activism."**

**The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**Moreover, the University objects to identifying individuals by their personal telephone numbers.    The**

University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules.  This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

**RESPONSE:**   Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

Dr. Robert Alpern
Dean of Yale School of Medicine
P.O. Box 208055, 333 Cedar Street
New Haven, CT, 06520-8055

Caroline Hendel
Senior Associate General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510
Communicated by email and phone call

Alexander Dreier
Senior Vice President and General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510
Communicated by email and phone call

Tina Tyson
Deputy General Counsel for Health Affairs at Yale University

2 Whitney Avenue, 6th Floor
New Haven, CT 06510
Communicated by email

Stephanie Spangler
Vice Provost for Health Affairs & Academic Integrity
University Title IX Coordinator
2 Whitney Avenue, Suite 400
New Haven, CT 06510
Communicated by email and phone call

Mary Hu
Associate    Dean    for    Communications    and    Chief
Communications Officer
Office of Communications
1 Church Street, Suite 300
New Haven, CT 06510
Communicated by email and phone call

Yun Xie
Director of Communications
Office of the President, Yale University
3 Prospect Street
New Haven, CT 06511
Communicated by email and phone call

Karen Peart
Director of University Media relations (was Director of
External Communications and Deputy Press Secretary at
the time)
Yale Office of Public Affairs and Communications
2 Whitney Avenue, Suite 330
New Haven, CT 06510
Communicated by email and phone call

Tom Conroy
Press Secretary (ret.)
Yale University Office of Public Affairs &
Communications
2 Whitney Avenue, Suite 330
New Haven, CT 06510
Communicated by email and phone call

8. Please identify by name, address, telephone number, and university position anyone who participated in the process of determining whether to demand that the Plaintiff resign the Waldemar Von Zedtwitz Professorship. Please also identify the form of their participation (i.e., letter, email, phone call).

**OBJECTION:** The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.

The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "participated in" and "the process of determining."

The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.

Moreover, the University objects to identifying individuals by their personal telephone numbers. The University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports

24

to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

**RESPONSE:**    Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

Dr. Robert Alpern
Dean of Yale School of Medicine
P.O. Box 208055, 333 Cedar Street
New Haven, CT, 06520-8055
Communicated by email and phone call

Caroline Hendel
Senior Associate General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510
Communicated by email and phone call

Alexander Dreier
Senior Vice President and General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510
Communicated by email and phone call

Stephanie Spangler
Vice Provost for Health Affairs & Academic Integrity
University Title IX Coordinator
2 Whitney Avenue, Suite 400
Communicated by email and phone call

**Tina Tyson**
**Deputy General Counsel for Health Affairs at Yale**
**University**
**2 Whitney Avenue, 6th Floor**
**New Haven, CT 06510**
**Communicated by email**

**Peter Salovey**
**President**
**Yale University**
**Office of the President**
**3 Prospect Street**
**New Haven, CT 06511**

9. Please identify by name, address, telephone number, and university position the person(s) who made the final decision to demand that the Plaintiff resign the Waldemar Von Zedtwitz Professorship.

**OBJECTION:**      **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "final decision."**

**The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**Moreover, the University objects to identifying**

**individuals by their personal telephone numbers. The University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.**

**RESPONSE:**     **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

**Dr. Alpern made the final decision after consulting with the parties listed in response to Interrogatory No. 8.**

10.      Please identify by name, address, telephone number, and university position anyone who participated in the decision to strip the Plaintiff of Waldemar Von Zedwitz Professorship. Please also identify the form of their participation (i.e., letter, email, phone call).

**OBJECTION:**     **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "participated in" and "strip."**

**The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

Moreover, the University objects to identifying individuals by their personal telephone numbers. The University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

**RESPONSE:**     Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

**Dr. Robert Alpern**
**Dean of Yale School of Medicine**
**P.O. Box 208055, 333 Cedar Street**
**New Haven, CT, 06520-8055**
**Communicated by email and phone call**

**Caroline Hendel**
**Senior Associate General Counsel**
**Yale University**
**Office of the Vice President and General Counsel**
**2 Whitney Avenue, 6th Floor**
**New Haven, CT 06510**
**Communicated by email and phone call**

**Alexander Dreier**
**Senior Vice President and General Counsel**
**Yale University**
**Office of the Vice President and General Counsel**
**2 Whitney Avenue, 6th Floor**
**New Haven, CT 06510**
**Communicated by email and phone call**

**Stephanie Spangler**
**Vice Provost for Health Affairs & Academic Integrity**
**University Title IX Coordinator**
**2 Whitney Avenue, Suite 400**
**Communicated by email and phone call**

**Tina Tyson**
**Deputy General Counsel for Health Affairs at Yale University**
**2 Whitney Avenue, 6th Floor**
**New Haven, CT 06510**
**Communicated by email**

**Peter Salovey**
**President**
**Yale University**
**Office of the President**
**3 Prospect Street**
**New Haven, CT 06511**

11.    Please identify by name, address, telephone number, and university position the person(s) who made the final decision to strip the Plaintiff of Waldemar Von Zedwitz Professorship.

**OBJECTION:**    **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "final decision" and "strip."**

The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.

Moreover, the University objects to identifying individuals by their personal telephone numbers. The University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

**RESPONSE:**   Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

Dr. Alpern made the final decision after consulting with the parties listed in response to Interrogatory No. 10.

12.   Does Yale University have any policies or procedures for removing professors from endowed professorships? If so, please identify those policies and procedures and provide the version in effect at the time the Plaintiff was removed from the Waldemar Von Zedwitz Professorship and the date that it was instituted.

**OBJECTION:**   The University objects to this interrogatory as overly broad and unduly burdensome, and unlimited in scope with respect to time. Indeed, this interrogatory purports to require the University to list every policy and/or procedure it has ever adopted since the institution of the University in 1701. Thus, the University objects to this interrogatory to the extent that it seeks information that is not generally relevant to the subject matter

involved in the pending action, that does not relate to the claim or defense of any party and that is not reasonably calculated to lead to the discovery of admissible evidence.

The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "policies" and "procedures."

To the extent that the plaintiff has asked the University to identify documents, the University objects to this interrogatory as overly broad and unduly burdensome. Where the University is in possession, custody and control of any non-privileged document sought by the plaintiff and otherwise subject to disclosure, it will produce the requested document, rather than identify it.

**RESPONSE:**     Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

The University does not maintain any written policies and/or procedures specifically for removing an endowed chair; however, the University's policy is, and always has been, that the Corporation has the authority to appoint faculty members to endowed professorships and to rescind such appointments in its discretion upon the recommendation of the president.

13.     Since 2008, has Yale University developed or updated any policies, guidance, or any other documents on how to handle instances of alleged sexual harassment, sexual assault, or other sexual misconduct? Identify

each policy, guidance, and document by their titles and the date that they were developed. Please also identify each update by its date.

**OBJECTION:**   **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "developed or updated" and "policies, guidance, or any other documents," and overly broad and unduly burdensome to the extent that it seeks information and documents extending back thirteen years that are not reasonably calculated to lead to the discovery of admissible evidence.**

**Moreover, the University objects to the plaintiff's instruction to "Identify" each policy, guidance and document by title, date of development and date of update. This instruction purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules. The University will interpret "Identify" consistent with the definition set forth in Rule 26(c)(4) of the District of Connecticut Local Rules.**

**To the extent that the plaintiff has asked the University to identify documents, the University objects to this interrogatory as overly broad and unduly burdensome. Where the University is in possession, custody and control of any non-privileged document sought by the plaintiff and otherwise subject to disclosure, it will produce the requested document, rather than identify**

it.

**RESPONSE:**    **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

**Yes.   The University's Faculty Handbook contains a section addressing Sexual Misconduct, which is updated as necessary.   The 2013, 2014, 2015, 2018 and 2019 versions of the relevant sections of the Faculty Handbook are attached hereto.**

**The University also publishes a *"Preventing and Responding to Sexual Misconduct"* brochure annually. The 2014, 2015, 2018 and 2019 versions are attached hereto.**

**Further, the Office of the University's Title IX Coordinator sends all faculty and certain other employees an annual notice addressing sexual misconduct.   The 2014, 2015, 2018 and 2019 versions are attached hereto.**

**Moreover, the University's policies on sexual misconduct are discussed in the University's semi-annual Reports of Complaints of Sexual Misconduct, all of which can be found on the University's website at https://provost.yale.edu/title-ix/reports.**

14.    Since 2008, has Yale University required its employees to undergo, or offered its employees, training on responding to accusations of sexual harassment, sexual assault, or other sexual misconduct? Please identify all such training by its title and who was required to take it.

**OBJECTION:**    The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.

The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the term "undergo," and overly broad and unduly burdensome to the extent that it seeks information and documents extending back thirteen years that are not reasonably calculated to lead to the discovery of admissible evidence.

The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.

Moreover, the University objects to the plaintiff's instruction to "Identify" all such training by title and who was required to take it. This instruction purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules. The University will interpret "Identify" consistent with the definition set forth in Rule 26(c)(4) of the District of Connecticut Local Rules.

To the extent that the plaintiff has asked the University to identify documents, the University objects to this interrogatory as overly broad and unduly burdensome. Where the University is in possession, custody and control of any non-privileged document sought by the plaintiff and otherwise subject to disclosure, it will produce the requested document, rather than identify it.

**RESPONSE:**          Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

All University faculty members are expected to review the University's Faculty Handbook, which contains a section addressing Sexual Misconduct. The 2013, 2014, 2015, 2018 and 2019 versions of the relevant sections of the Faculty Handbook are attached hereto.

The University also publishes a *"Preventing and Responding to Sexual Misconduct"* brochure annually, which all employees are expected to review. The 2014, 2015, 2018 and 2019 versions are attached hereto.

Further, the Office of the University's Title IX Coordinator sends all faculty members and certain other employees an annual notice addressing sexual misconduct, which these employees are expected to review. The 2014, 2015, 2018 and 2019 versions are attached hereto.

Moreover, the University's policies on sexual misconduct are discussed in the University's semi-annual Reports of Complaints of Sexual Misconduct, all of which are available to its employees and the public on the University's website at https://provost.yale.edu/title-ix/reports.

Additionally, all University supervisors were required to complete a 2-hour sexual harassment training mandated by the State of Connecticut. Finally, the University

**further required all of its employees to complete an annual sexual misconduct training.**

15.     Since 2008, has Yale University ever investigated and/or disciplined a female employee based on accusations of sexual harassment, sexual assault, or other sexual misconduct? If so, please state how many times Yale University has investigated a female employee for the aforementioned offenses, what years the investigations occurred, and how many of the investigations resulted in discipline.

**OBJECTION:**     **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "investigated" and "disciplined."**

**The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**RESPONSE:**     **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

**Yes. Please see the University's semi-annual Reports of Complaints of Sexual Misconduct, all of which can be found on the University's website at https://provost.yale.edu/title-ix/reports.**

16.     Has Yale University ever disciplined a female employee or female student twice for the same instance of sexual harassment, sexual assault, or other sexual misconduct? If so, please identify each instance by its date, provide the name and contact information of the party who was disciplined, and provide a brief description of both instances of discipline imposed on the party as well as the dates discipline was imposed.

**OBJECTION:**     **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "disciplined" and "twice for the same instance."**

**The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**Moreover, the University objects to this interrogatory as overly broad and unduly burdensome, and unlimited in scope with respect to time. Indeed, this interrogatory purports to require the University to list every instance in which the University has disciplined a female employee and/or female student since the University was founded in 1701. Thus, the University objects to this interrogatory to the extent that it seeks information that is not generally relevant to the subject matter involved in the pending action, that does not relate to the claim or defense of any party and that is not**

**reasonably calculated to lead to the discovery of admissible evidence.**

**RESPONSE:**   **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

**Given that Dr. Simons was disciplined under the University-Wide Committee on Sexual Misconduct (UWC), the University submits that a fair and reasonable reading of the request would involve other matters brought before the UWC.   As to those matters, the University submits that it is not aware of any female student or employee who was disciplined under the UWC and was subsequently subject to formal discipline again for the same initial conduct that was the subject of the matter brought before the UWC.**

17.   Please identify by name, address, telephone number, and university position the person(s) who is/are responsible for ensuring compliance with Yale University's University-Wide Committee on Sexual Misconduct ("UWC").

**OBJECTION:**   **The University objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrase "ensuring compliance."**

**The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**Moreover, the University objects to identifying individuals by their personal telephone numbers.   The**

University will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules.  This interrogatory purports to impose greater burdens on the University than those imposed by the District of Connecticut Local Rules.

The University further objects to this interrogatory as overly broad and unduly burdensome, and unlimited in scope with respect to time.  Indeed, this interrogatory purports to require the University to list every individual "responsible for ensuring compliance with . . . UWC" since the UWC was founded.  Thus, the University objects to this interrogatory to the extent that it seeks information that is not generally relevant to the subject matter involved in the pending action, that does not relate to the claim or defense of any party and that is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**        Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:

**Judith Krauss**
**Professor Emerita; Chair, UWC**
**333 Cedar Street**
**New Haven, CT 06510**

**Aley Menon**
**Secretary, UWC**
**333 Cedar Street**
**New Haven, CT 06510**

**Anita Sharif-Hyder**

Associate Secretary, UWC
333 Cedar Street
New Haven, CT 06510

Susan Sawyer
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510

18.     Please describe in detail the steps that Yale University takes to keep information about UWC proceedings confidential.

**OBJECTION:**     **The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "steps" and "information."**

**Moreover, the University objects to this interrogatory as overly broad and unduly burdensome, and unlimited in scope with respect to time. Indeed, this interrogatory purports to require the University to list "in detail" every step the University has taken to "keep information about UWC proceedings confidential" since the UWC's founding. Thus, the University objects to this interrogatory to the extent that it seeks information that is not generally relevant to the subject matter involved in the pending action, that does not relate to the claim or defense of any party and that is not reasonably calculated to lead to the discovery of admissible evidence.**

**RESPONSE:**     **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

The University adheres to the Procedures of the University-Wide Committee on Sexual Misconduct, specifically section 3.3 "Confidentiality and honesty." Pursuant to this section:

"Parties to a formal proceeding under these procedures are not restricted in their ability to discuss the allegations under investigation, the fact that a complaint has been filed, or Yale's handling of the complaint. However, all documents that are prepared specifically for use in a formal proceeding ("Confidential Documents") must be held in strict confidence.  Parties may not disclose Confidential Documents to anyone other than their advisors in the formal proceeding, family members, and attorneys, and they must inform these recipients that Confidential Documents are strictly confidential and may not be further disclosed. No member of the Yale community may publish Confidential Documents, no matter how the documents are acquired.  Disciplinary action may be taken against any member of the Yale community who discloses or publishes a Confidential Document in violation of these procedures or who is responsible for the improper disclosure or publication of such documents by others. The Provost's Statement on Confidentiality of UWC Documents elaborates on these confidentiality obligations.

An individual who approaches a Title IX Coordinator or the UWC with an inquiry may ask that the matter be kept confidential from the accused or other persons involved in the events.  Yale will respect the confidentiality of the matter, unless the wellbeing of the Yale community or individual members requires that Yale disclose the matter.  In addition, Yale may not be able to preserve the complete confidentiality of formal

> **proceedings in the event of litigation or a government investigation.  Finally, respondents may have access to sexual misconduct allegations that become part of their education records or personnel files, although in such cases the university will remove information identifying complainants.**
>
> **Yale strongly encourages parties and witnesses to cooperate in formal proceedings, and those who do so must provide truthful information in all phases of the proceedings.  Any person who, in bad faith, provides false information that is material to a formal proceeding may receive a more severe penalty or be referred for discipline."**

19.     After members of the Robert W. Berliner family contacted Yale University employees and officials to express displeasure over the Plaintiff continuing to hold the Robert W. Berliner Professorship of Medicine after he had committed sexual misconduct, did Yale University ever open an investigation into how they learned of Dr. Simons' sexual misconduct and past discipline by Yale University? If so, describe the extent of that investigation and its results.

**OBJECTION:**     **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "express displeasure," "they" and "open an investigation."**

> **The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**RESPONSE:**   **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

> **No.**

20.   Does Yale University possess any knowledge as to who contacted the Robert W. Berliner Family and informed them of the confidential details of the UWC proceedings against the Plaintiff? If so, describe the extent of that knowledge including its source and identify, if possible, the person(s) who informed the Robert W. Berliner Family of the confidential details of the UWC proceedings against the Plaintiff.

**OBJECTION:**   **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

> **The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "contacted" and "UWC proceedings." Indeed, this interrogatory does not, at a minimum, specifically identify by case or date the UWC proceedings to which the plaintiff is referring.**

> **The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of**

    **confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**RESPONSE:**   **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

    **No.**

21.  After Yale University became aware of its alumni's displeasure with the Plaintiff continuing to hold either the Robert W. Berliner Professorship of Medicine or the Waldemar Von Zedwitz Professorship of Cardiology because of past sexual misconduct, did Yale University ever open an investigation into how they learned of the Plaintiff's sexual misconduct and past discipline by Yale University? If so, describe the extent of that investigation and its results.

**OBJECTION:**  **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

    **The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "alumni's displeasure" and "open an investigation."**

    **The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**RESPONSE:**  **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

**No.**

22.     After the leaks described in paragraph 23 of the Plaintiff's complaint, did Yale University ever open an investigation into who breached the confidentiality of the UWC proceedings against the Plaintiff? If so, describe the extent of that investigation and its results.

**OBJECTION:**  **The University objects to this interrogatory to the extent that it improperly seeks to require the University to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**The University further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "leaks," "breached the confidentiality" and "UWC proceedings." Indeed, this interrogatory does not specifically identify by case number or date the UWC proceedings to which the plaintiff is referring.**

**The University also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

**RESPONSE:**  **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

45

**No.**

23.    If, at all times alleged in the Complaint, you were covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment or reimburse you for payments to satisfy part or all of a judgment, state the following:

(a)    The name(s) and address(es) of the insured(s);
(b)    The amount of coverage under each insurance policy;
(c)    The name(s) and address(es) of said Insurer(s).

**RESPONSE:**        **(a) Yale University, 2 Whitney Avenue, 6th Floor, New Haven, CT 06511;**

**(b) $500,000 self-insured retention**

**(c) Yale University, 2 Whitney Avenue, 6th Floor, New Haven, CT 06511.**

24.    If at the time of the incident which is the subject of this lawsuit you were protected against the type of risk which is the subject of this lawsuit by excess umbrella insurance, or any other insurance, state:

(a)    The name(s) and address(es) of the named insured;
(b)    The amount of coverage effective at this time;
(c)    The name(s) and address(es) of said insurer(s)

**RESPONSE:**        **(a) Yale University, 2 Whitney Avenue, 6th Floor, New Haven, CT 06511;**

**(b) $1,500,000; $40,000,000**

**(c) Old Republic Union Insurance Company, 307 N. Michigan Avenue, Chicago IL 60601; United Educators,**

> **Inc., 7700 Wisconsin Avenue, Suite 500, Bethesda, MD 20814.**

25.    State whether any insurer, as described in Interrogatories #30 and #31 above, has disclaimed / reserved its duty to indemnify any insured or any other person protected by said policy.

**OBJECTION:**    **The University objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrase "as described in Interrogatories #30 and #31 above." The plaintiff's Interrogatories dated November 17, 2020 do not include interrogatories numbered 30 and/or 31.**

**RESPONSE:**    **Notwithstanding, without waiving and subject to the foregoing objections, to the best of the University's knowledge, information and belief, the University responds as follows:**

**No insurer has disclaimed/reserved its duty to indemnify any insured or any other person protected by said policy.**

47

## VERIFICATION

I, Stephanie Spangler, Vice Provost for Health Affairs & Academic Integrity and University Title IX Coordinator for Yale University, duly authorized, verify under penalty of perjury that the foregoing responses to interrogatories are true and correct to the best of my knowledge and belief.

Executed on March 25, 2021

BY _____

Yale University, by
Stephanie Spangler
Vice Provost for Health Affairs & Academic Integrity
University Title IX Coordinator
Duly Authorized

48

DEFENDANT
YALE UNIVERSITY

BY: _____

Kevin C. Shea (ct13781)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
Tele: 203/787-1183
Fax: 203/787-2847
office@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage prepaid to Norman Pattis, Esq., 383 Orange Street, New Haven, Connecticut 06510 on March 12, 2021.

_____
CLENDENEN & SHEA, LLC

49