# Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHAEL SIMONS | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:19-CV-01547(VAB) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| PETER SALOVEY, | : | |
| ROBERT ALPERN, M.D., | : | |
| UNKNOWN PERSONS | : | |
| Defendants. | : | MARCH 12, 2021 |

**DEFENDANT ROBERT ALPERN'S OBJECTIONS**
**AND RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Robert Alpern ("Dr. Alpern") hereby provides notice that, in addition to the General Objections, he has objected to Interrogatories Nos. 1 through 15 as set forth in the Plaintiff's First Set of Interrogatories directed to the Dr. Alpern dated November 17, 2020, as follows:

**GENERAL OBJECTIONS**

**1.     Dr. Alpern objects generally to the interrogatories to the extent that they seek information and materials that are not generally relevant to the subject matter involved in the pending action, do not**

relate to the claim or defense of any party, or are not reasonably calculated to lead to the discovery of admissible evidence.

2.     Dr. Alpern objects to the definitions and instructions accompanying the interrogatories to the extent that they seek to impose broader or more onerous obligations or duties on him than those imposed by the Federal Rules of Civil Procedure and Local Rules of Civil Procedure. Dr. Alpern's objections and responses, and supplemental objections and responses, if any, will be made solely in accordance with the applicable rules of civil procedure unless a narrower approach has been specifically selected by the plaintiff.

3.     Dr. Alpern objects generally to the interrogatories to the extent any specific interrogatory seeks information or materials that are privileged.  The responses to specific interrogatories are made subject to any claim of privilege available to Dr. Alpern.  Dr. Alpern may choose to disclose information or materials as to which a claim of privilege could be made, but such disclosure does not constitute a waiver of any claim of privilege as to any other information.

4.    Dr. Alpern reserves his rights provided under the applicable rules of the Federal Rules of Civil Procedure and Local Rules of Civil Procedure to supplement his responses in accordance with those rules.

5.    Dr. Alpern objects to each interrogatory to the extent that they seek information already within the plaintiff's possession, control or knowledge on the grounds that it is unduly burdensome and oppressive and that such information is equally available to the plaintiff, and therefore outside the scope of permissible discovery as set forth in Rule 26 of the Federal Rules of Civil Procedure.

6.    Dr. Alpern objects to providing any addresses or other personal or identifying information concerning any of the defendants' employees as prohibited under Conn. Gen. Stat. § 31-128f.

7.    To the extent that the plaintiff has asked Dr. Alpern to identify documents, Dr. Alpern objects to this request as overly broad and unduly burdensome.   Where Dr. Alpern is in possession, custody and control of any non-privileged document sought by the plaintiff and otherwise subject to disclosure, he will produce the requested document, rather than identify it.

8.     These objections apply, and are incorporated by reference into the response, to each interrogatory regardless of whether or not expressly so stated in the response.

## DEFINITIONS & INSTRUCTIONS

A. As used herein, "you" or "your" shall mean the Defendant to whom these interrogatories are addressed.

B. The word "person" shall include any natural person, group of natural persons acting as individuals, group of natural persons acting in a collegial capacity (i.e., as a committee, board of directors, etc.), proprietorship, partnership, company, corporation, association, joint venture, governmental body, or any other entity.

**OBJECTION:**     **Dr. Alpern objects to this definition of the term "Person" because it is broader than the definition set forth in Rule 26(c)(6) of the District of Connecticut Local Rules.  As such, this definition purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.**

**Dr. Alpern will interpret "Person" consistent with the definition set forth in Rule 26(c)(6) of the District of Connecticut Local Rules.**

C. The word "document" is used herein in the broadest possible sense and

4

means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limiting the generality of the foregoing, any written or graphic matter of whatever kind or nature, or any other means of preserving thought or expression regardless of how it is created, captured, or stored (including, without limitation, notes, letters, memos, articles, journals, records, press releases, e-mails, text messages, social media posts or messages, chats, tweets, photographs, tape recordings, etc.), and all tangible things from which information can be processed or transcribed, whether originals, copies of drafts (including, without limitations, non-identical copies – i.e., different from the originals by reason of notations made on or attached to such copies, or otherwise), however produced or reproduced.

**OBJECTION:**      **Dr. Alpern objects to this definition of the term "Document" because it is broader than the definition set forth in Rule 26(c)(2) of the District of Connecticut Local Rules.   As such, this definition purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.**

**Dr. Alpern will interpret "Document" consistent with the definition set forth in Rule 26(c)(2) of the District of Connecticut Local Rules.**

D. The word "identify" when used with respect to a person or persons

means: (1) to state the name and last known address and telephone number of each such person; (2) to state the name of the last known employer; and (3) if such person was affiliated at any time with you, by employment or otherwise, to state the nature and dates of such affiliation, including job titles held and the dates during which each position was held.

**OBJECTION:**   **Dr. Alpern objects to this definition of the term "Identify" because it is broader than the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. As such, this definition purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.**

**Dr. Alpern will interpret "Identify" consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules.**

E. The word "identify" when used with respect to a document means: (1) to state its nature, i.e., letter, memorandum, etc., the date and author of the document; (2) to identify all persons to whom the document was directed; (3) to state the topics discussed in the document; (4) to state the location of the document at the present time. If the document is one which once existed but has since been lost or destroyed, include the date or approximate date of loss or destruction, the name and address

of its last known custodian, and, in the event it was destroyed, the method of and reason for its destruction.

**OBJECTION:** **Dr. Alpern objects to this definition of the term "Identify" because it is broader than the definition set forth in Rule 26(c)(4) of the District of Connecticut Local Rules. As such, this definition purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.**

**Dr. Alpern will interpret "Identify" consistent with the definition set forth in Rule 26(c)(4) of the District of Connecticut Local Rules.**

F. If any privilege is claimed as to any information called for, or as to any document required to be identified:

1. state the nature of the privilege claimed (e.g., attorney-client, work product, etc.);

2. state the basis for claiming the privilege as to the specific information or documents;

3. if the privilege is claimed with respect to any information, identify each person who has knowledge or such information, or to whom such information has been communicated; and

4. if the privilege is claimed as to any document, identify such document and identify each person now in possession of such

document.

**OBJECTION:** **Dr. Alpern objects to this instruction to the extent that it is broader than the instruction set forth in Rule 26(e) of the District of Connecticut Local Rules. As such, this instruction purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.**

G. Each request set forth herein shall be construed to include any supplemental information, documents or data responsive thereto which are later discovered, prepared or created by you.

H. With respect to any response or documents which you withhold on the ground of confidentiality, the Plaintiff's attorneys are prepared to receive such response or document subject to an appropriate protective order.

8

## INTERROGATORIES

1. For the person answering these interrogatories, please state the following:

   a.   Your name, and any other name(s) by which you have been known;
   b.   Your date of birth;
   c.   Your business address;
   d.   Your job title at the Defendant University
   e.   Your immediate superior at the University

**OBJECTION:**   **Dr. Alpern objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrase "immediate superior."**

**RESPONSE:**   **Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:**

**Dr. Robert Alpern**
**November 3, 1950**
**Ensign Professor of Medicine (Nephrology) and Professor of Cellular and Molecular Physiology**
**P.O. Box 208055, 333 Cedar Street**
**New Haven, CT, 06520-8055**
**Immediate superiors at the University: Stefan Somlo, MD and Michael Caplan, PhD, MD**

2. Please identify the extent of your involvement, if any, in recruiting the Plaintiff to leave his position at Dartmouth College to accept employment with Yale University.

**OBJECTION:**   Dr. Alpern objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "involvement" and "recruiting."

Dr. Alpern further objects to this interrogatory to the extent that it seeks information that is not generally relevant to the subject matter of the pending case, that does not relate to the claim or defense of any party and that is not reasonably calculated to lead to the discovery of admissible evidence.   Indeed, Yale University's recruitment of the plaintiff from Dartmouth College is wholly unrelated to the University's removal of the plaintiff from the Waldemar Von Zedtwitz professorship.

Dr. Alpern also objects to this interrogatory as outside the scope of permissible discovery in that the information requested cannot be provided by Dr. Alpern with substantially greater facility than it could otherwise be obtained by the plaintiff.   The plaintiff, as the individual being recruited, has knowledge as to the extent of Dr. Alpern's participation in the recruitment process.

**RESPONSE:**   Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:

I was not directly involved in the recruitment of the plaintiff from Dartmouth College and was not a member of the search committee tasked with finding a new Chief of the Section of Cardiovascular Medicine. My limited involvement included meeting with the plaintiff at some point during the recruitment process, and at least one

**conversation with Jack Elias concerning the plaintiff's hiring.**

3. Please identify by name, address, and telephone number all members of the Robert W. Berliner family who communicated with you regarding the Plaintiff's holding the Robert W. Berliner Professorship at all times relevant to the complaint in the above-captioned matter. Please also identify the form of the communication (i.e., letter, email, phone call).

**OBJECTION:**     **Dr. Alpern objects to this interrogatory as overly broad and unduly burdensome, and vague and ambiguous as framed, particularly with respect to the phrases "Robert W. Berliner family" and "all times relevant to the complaint." Indeed, this interrogatory purports to require Dr. Alpern to assume the plaintiff's subjective interpretation of what qualifies as "relevant to the complaint."**

**Dr. Alpern also objects to this request to the extent that it requires him to make a determination as to what qualifies as "relevant to the complaint." The rules of discovery do not afford any party the right to discover another party's theory of the case, legal strategies or thought processes behind what he or she believes or intends to use to support his or her claims.**

**Moreover, Dr. Alpern objects to identifying individuals by their personal telephone numbers. Dr. Alpern will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.**

**RESPONSE:**          **Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:**

**Nancy Berliner by email.**
**Chief, Division of Hematology**
**H. Franklin Bunn Professor of Medicine**
**Brigham and Women's Hospital**
**Harvard Medical School**
**75 Francis Street**
**Boston, MA 02115**

4. Please identify by name, address, telephone number, or any other identifying information that you possess anyone who engaged in communications with Yale University, its employees, or yourself regarding the Plaintiff's holding the Robert W. Berliner Professorship at all times relevant to the complaint in the above-captioned matter. Please also identify the form of the communication (i.e., letter, email, phone call).

**OBJECTION:**        **Dr. Alpern objects to this interrogatory to the extent that it improperly seeks to require him to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**Dr. Alpern further objects to this interrogatory as overly broad and unduly burdensome and vague and ambiguous as framed, particularly with respect to the phrases "engaged in communications" and "all times relevant to the complaint." Indeed, this interrogatory as phrased requires Dr. Alpern to assume the plaintiff's subjective interpretation of what qualifies as "relevant to the complaint."**

12

Dr. Alpern also objects to this request to the extent that it requires him to make a determination as to what qualifies as "relevant to the complaint." The rules of discovery do not afford any party the right to discover another party's theory of the case, legal strategies or thought processes behind what he or she believes or intends to use to support his or her claims.

Dr. Alpern also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning employees in violation of Conn. Gen. Stat. § 31-128f.

Moreover, Dr. Alpern objects to identifying individuals by their personal telephone numbers. Dr. Alpern will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.

Dr. Alpern will produce all non-privileged information reasonably responsive to this interrogatory. The University is in the process of performing a search of its electronic files and emails in an effort to obtain responsive information in connection with this interrogatory. As such, Dr. Alpern is currently unable to determine if he is withholding any information at this time. Dr. Alpern will supplement this objection and response as appropriate.

**RESPONSE:**    Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:

**Nancy Berliner by email.**
**Chief, Division of Hematology**
**H. Franklin Bunn Professor of Medicine**
**Brigham and Women's Hospital**
**Harvard Medical School**
**75 Francis Street**
**Boston, MA 02115**

**Nina Stachenfeld and Elizabeth Jonas**
**Co-Chairs of SWIM**
**Yale School of Medicine**
**290 Congress Avenue**
**New Haven, CT 06519**

5. Did you participate in the process of determining how to remove the Plaintiff from the Robert W. Berliner Professorship including the decision to ask him to relinquish it in exchange for the Waldemar Von Zedwitz Professorship of Cardiology? If so, describe the extent and the form of your participation (i.e., letter, email, phone call).

**OBJECTION:** **Dr. Alpern objects to this interrogatory to the extent that it improperly seeks to require him to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**Dr. Alpern further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "participate in" and "the process of determining."**

**RESPONSE:** **Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:**

14

> **Yes.   As Dean of the Yale School of Medicine, I was involved in the decision to transfer the plaintiff from the Robert W. Berliner Professorship to the Waldemar Von Zedtwitz Professorship.  I was involved via letters, emails and phone calls.**

6. Please identify by name, address, telephone number, or any other identifying information anyone who communicated with Yale University, any of its employees, or yourself regarding the transfer of the Plaintiff from the Robert W. Berliner Professorship to the Waldemar Von Zedwitz Professorship of Cardiology. Please also identify the form of the communication (i.e., letter, email, phone call).

**OBJECTION:**   **Dr. Alpern objects to this interrogatory to the extent that it improperly seeks to require him to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**Dr. Alpern further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the term "transfer."**

**Dr. Alpern also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning employees in violation of Conn. Gen. Stat. § 31-128f.**

**Moreover, Dr. Alpern objects to identifying individuals by their personal telephone numbers. Dr. Alpern will "Identify" persons consistent with the definition set forth in Rule 26(c)(3) of the District of Connecticut Local Rules.   This interrogatory purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.**

15

**Dr. Alpern also objects to this interrogatory as overly broad and unduly burdensome, and unlimited in scope with respect to time.**

**Dr. Alpern will produce all non-privileged information reasonably responsive to this interrogatory. The University is in the process of performing a search of its electronic files and emails in an effort to obtain responsive information in connection with this interrogatory. As such, Dr. Alpern is currently unable to determine if he is withholding any information at this time. Dr. Alpern will supplement this objection and response as appropriate.**

**Dr. Alpern otherwise stands on these objections and therefore is withholding further response.**

7. Did you participate in the public relations response to any communication about the Plaintiff's transfer described in Interrogatory 6 and the open letter and activism described at paragraphs 34-36 of the Plaintiff's complaint? If so, please describe the extent and the form of your participation (i.e., letter, email, phone call).

**OBJECTION:**     **Please see Dr. Alpern's objections to Interrogatory No. 6, which are hereby incorporated by reference.**

**Dr. Alpern also objects to this interrogatory to the extent that it improperly seeks to require him to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**Dr. Alpern further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to**

16

the phrases "public relations response" and "open letter and activism."

Moreover, Dr. Alpern objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning employees in violation of Conn. Gen. Stat. § 31-128f.

**RESPONSE:**   Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:

Yes.   As Dean of the Yale School of Medicine, I was involved in the public relations response to the open letter and activism through letters, emails and phone calls.

8. What policies and procedures, if any, does Yale University maintain for stripping an employee of an endowed professorship?

**OBJECTION:**   Dr. Alpern objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "stripping," "policies and procedures" and "maintain," and as unlimited in time and therefore not reasonably calculated to lead to the discovery of admissible evidence.

To the extent that the plaintiff has asked Dr. Alpern to identify documents, Dr. Alpern objects to this interrogatory as overly broad and unduly burdensome. Where Dr. Alpern is in possession, custody and control of any non-privileged document sought by the plaintiff and otherwise subject to disclosure, he will produce the requested document, rather than identify it.

**RESPONSE:**    Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:

The University does not maintain any written policies and/or procedures specifically for removing an endowed chair; however, the University's policy is, and always has been, that the Corporation has the authority to appoint faculty members to endowed professorships and to rescind such appointments in its discretion upon the recommendation of the president.

9. Were those procedures followed in transferring the Plaintiff from the Robert W. Berliner Professorship and the Waldemar Von Zedwitz Professorship? If not, why?

**OBJECTION:**    Please see Dr. Alpern's objections to Interrogatory No. 8, which are hereby incorporated by reference.

Dr. Alpern further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the term "those procedures." Indeed, this interrogatory fails to specify to which procedures the plaintiff is referring.

To the extent that the plaintiff has asked Dr. Alpern to identify documents, Dr. Alpern objects to this interrogatory as overly broad and unduly burdensome. Where Dr. Alpern is in possession, custody and control of any non-privileged document sought by the plaintiff and otherwise subject to disclosure, he will produce the requested document, rather than identify it.

**RESPONSE:**          **Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:**

**Yes.**

10.      Did you participate in the process of investigating the Plaintiffs' prior sexual misconduct and disciplining him for it in 2013? If so, please describe the extent and the form of your participation (i.e., letter, email, phone call).

**OBJECTION:**        **Dr. Alpern objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "participate" and "process of investigating" and "disciplining."**

**RESPONSE:**          **Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:**

**I had no involvement in the investigation into the plaintiff's prior sexual misconduct other than testifying in related UWC proceedings.  As Dean of the Yale School of Medicine, however, I was involved in the disciplining of the plaintiff for his sexual misconduct, including the decision to permanently remove the plaintiff from the position of Chief of Cardiology and the decision to remove the plaintiff as Center Director of Cardiovascular Research Institute.  I participated via letters, emails and phone calls.**

11.      If you did not participate in the process described in Interrogatory 11, were you aware that the Plaintiff had previously been disciplined for

sexual misconduct and that he had successfully completed the conditions of that discipline?

**OBJECTION:**    Dr. Alpern objects to this interrogatory vague and ambiguous as framed, particularly with respect to the phrases "participate in the process" and "the conditions of that discipline."

Dr. Alpern further objects to this interrogatory as unintelligible as phrased. Indeed, this interrogatory refers to a "process described in Interrogatory 11" that does not exist, or, at the very least, is not adequately described in plaintiff's Interrogatory No. 11.

**RESPONSE:**    Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:

N/A.

12.    Were you aware that the Plaintiff remained in good standing with Yale University's faculty?

**OBJECTION:**    Dr. Alpern objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "good standing." Indeed, "good standing" is not a recognized standard at Yale University.

**RESPONSE:**    Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:

**I was aware that the plaintiff completed his probation, and am aware of no further instances of misconduct.**

13.   Please identify by name, address, telephone number, or any other identifying information anyone who you communicated with before you gave the Plaintiff an ultimatum to resign from the Waldemar Von Zedtwitz Professorship of Cardiology or be stripped of it. Please also identify the form of the communication (i.e., letter, email, phone call).

**OBJECTION:**   **Dr. Alpern objects to this interrogatory to the extent that it improperly seeks to require him to disclose information and materials protected by the attorney-client privilege and/or the work product doctrine.**

**Dr. Alpern also objects to this interrogatory as overly broad and unduly burdensome in that it is unlimited with respect to scope and with respect to the issues involved in this case.   Indeed, this interrogatory purports to require Dr. Alpern to list all individuals with whom he has ever communicated—about any subject—at any time prior to asking the plaintiff to resign from the Von Zedtwitz Professorship.**

**Dr. Alpern further objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the terms "stripped" and "ultimatum."**

**Dr. Alpern also objects to this interrogatory to the extent that this interrogatory requires the disclosure of confidential information concerning employees in violation of Conn. Gen. Stat. § 31-128f.**

**Moreover, Dr. Alpern objects to identifying individuals by their personal telephone numbers.   Dr. Alpern will "Identify" persons consistent with the definition set**

21

forth in Rule 26(c)(3) of the District of Connecticut Local Rules. This interrogatory purports to impose greater burdens on Dr. Alpern than those imposed by the District of Connecticut Local Rules.

Dr. Alpern will produce all non-privileged information reasonably responsive to this interrogatory. The University is in the process of performing a search of its electronic files and emails in an effort to obtain responsive information in connection with this interrogatory. As such, Dr. Alpern is currently unable to determine if he is withholding any information at this time. Dr. Alpern will supplement this objection and response as appropriate.

**RESPONSE:** Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:

Caroline Hendel
Senior Associate General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510
Communicated by email and phone call

Alexander Dreier
Senior Vice President and General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510
Communicated by email and phone call

**Stephanie Spangler**
**Vice Provost for Health Affairs & Academic Integrity**
**University Title IX Coordinator**
**2 Whitney Avenue, Suite 400**
**Communicated by email**

**Tina Tyson**
**Deputy General Counsel for Health Affairs at Yale University**
**2 Whitney Avenue, 6th Floor**
**New Haven, CT 06510**
**Communicated by email**

**Peter Salovey**
**President**
**Yale University**
**Office of the President**
**3 Prospect Street**
**New Haven, CT 06511**

**Various members of SWIM; University officers; the Faculty Advisory Council; the leadership at the Medical School and Chairs and Center Directors were informally consulted.**

14. When you called the Plaintiff to deliver the ultimatum and during that conversation, did you know that he was in London, United Kingdom?

**OBJECTION:** **Dr. Alpern objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the term "ultimatum."**

23

**RESPONSE:**   **Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:**

**Yes.**

15.     Have you, at any point, during your employment with Yale University participated in the development of policies, guidance, or any other documents on how to handle instances of alleged sexual harassment, sexual assault, or other sexual misconduct? If so, please describe generally the nature of your participation.

**OBJECTION:**   **Dr. Alpern objects to this interrogatory as vague and ambiguous as framed, particularly with respect to the phrases "development of policies, guidance, or any other documents" and "nature of your participation."**

**RESPONSE:**   **Notwithstanding, without waiving and subject to the foregoing objections, to the best of Dr. Alpern's knowledge, information and belief, Dr. Alpern responds as follows:**

**I did not participate in the development of specific University policies.**

## **VERIFICATION**

I, Robert Alpern, verify under penalty of perjury that the foregoing responses to interrogatories are true and correct to the best of my knowledge and belief.

Executed on February 3, 2021

BY _____
Robert Alpern

DEFENDANT
ROBERT ALPERN

BY: _____

KEVIN C. SHEA (CT04261)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT  06511
Tele:  203/787-1183
Fax:  203/787-2847
kcs@clenlaw.com
office@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage prepaid

to Norman Pattis, Esq., 383 Orange Street, New Haven, Connecticut 06510 on

March 12, 2021.

_____

CLENDENEN & SHEA, LLC

26