# Exhibit J

# UWC Procedures

The procedures for the University Wide Committee on Sexual Misconduct can be found below. You may also click HERE to view and download the procedures document.

## Introduction

Yale University is committed to maintaining and strengthening an educational, employment, and living environment founded on civility and mutual respect. Sexual misconduct is antithetical to the standards and ideals of our community, and it is a violation of Yale policy and the disciplinary regulations of Yale College and the Graduate and Professional Schools.  Sexual misconduct will not be tolerated.

Sexual misconduct incorporates a range of behaviors including rape, sexual assault (which includes any kind of non-consensual sexual contact), sexual harassment, intimate partner violence, stalking, and any other conduct of a sexual nature that is non-consensual, or has the purpose or effect of threatening or intimidating a person or persons. Sexual misconduct also includes a violation of Yale's Policy on Teacher-Student Consensual Relations. Yale aims to eradicate sexual misconduct through education, training, clear policies, and serious consequences for violations of these policies. In addition to being subject to University disciplinary action, sexual misconduct may lead to civil liability and criminal prosecution.

## 1. Authority of the UWC

The University-Wide Committee on Sexual Misconduct ("UWC") provides an accessible, representative, and trained body to answer informal inquiries and fairly and expeditiously address formal and informal complaints of sexual misconduct. Any current or former Yale faculty member,[1] trainee, student, or managerial or professional employee ("staff member" [2]) who wishes to bring a claim that he or she has been harmed as the result of sexual misconduct may bring a complaint to the UWC, so long as three conditions are met: First, the complaint must be filed within the time limits for bringing complaints set out in Sections 6 and 7.1 of these procedures. Second, the person accused of sexual misconduct must be a Yale faculty member, trainee, student, or staff member at the time the complaint is filed.[3] Third, the alleged misconduct must have occurred at a time when all parties were Yale faculty members, trainees, students, or staff members. Please note: Only students may bring complaints to the UWC against staff members,[4] and the UWC is not empowered to hear complaints made by or against members of Yale's collective bargaining units or excluded clerical and technical employees.[5]

The Title IX Coordinator of the University or any Yale School may bring a complaint to the UWC in three circumstances.  First, a coordinator may bring a complaint on behalf of a person who is not a current or former member of the Yale community, so long as (i) the

respondent is a current Yale faculty member, trainee, student, or staff member; (ii) the respondent was at Yale in one of these roles at the time of the alleged misconduct; and (iii) the events complained of occurred on the Yale campus or in connection with a Yale-sponsored event. Second, a coordinator may bring a complaint to the UWC alleging a violation of Yale's Policy on Teacher-Student Consensual Relations.  Finally, a coordinator may bring a complaint when there is evidence that the University's policy on sexual misconduct has been violated and his or her intervention is needed to ensure that the matter reaches the UWC.

The UWC's authority is not exclusive.  Where a Yale school retains its own formal or informal body for handling cases of sexual misconduct,[6] an individual may, at his or her discretion, file a complaint with the UWC or use a school's resolution mechanisms.  An individual may bring an informal complaint to a school body or the UWC and then seek a formal hearing, but, once a school body or the UWC has agreed to hear a formal complaint, the individual may not seek a formal hearing before the other body. Similarly, once the UWC or the department of Human Resources agrees to hear a student's formal complaint against a staff member, the student may not move the complaint to another forum. The UWC will not entertain a new complaint if it has already adjudicated a formal complaint based on the same set of circumstances.[7]

Actions that are the source of complaints to the UWC may also violate criminal laws. The UWC will not delay its proceedings pending the outcome of a criminal investigation or other legal process.  At the request of law enforcement authorities, the UWC may postpone fact-finding while the authorities are gathering evidence, but fact-finding will resume as soon as the authorities have finished that work.

Filing a complaint with the UWC is not a prerequisite to filing a complaint of discrimination with Connecticut's Commission on Human Rights and Opportunities, the federal Equal Employment Opportunity Commission, the Department of Education's Office of Civil Rights, or any other state or federal agency, and seeking assistance from the UWC in no way precludes filing a state or federal discrimination complaint.

Yale encourages victims of sexual misconduct to contact the SHARE Center and the Yale or New Haven Police Departments in addition to seeking assistance from the UWC. The SHARE Center provides counseling and information to survivors of sexual violence and to those who have experienced other forms of sexual misconduct. SHARE counselors can guide and support individuals bringing complaints to the UWC.

# 2. Service on the UWC

## 2.1. Composition

The UWC consists of about 30 members. At least 17 members are drawn from faculty throughout the schools of the University; five are managerial or professional employees; and seven are students, including three students from Yale College and four from the

graduate and professional schools.  The chair is a tenured faculty member.  The current UWC membership is posted on the <u>Provost's website</u>.

The secretary of the UWC organizes the Committee's activities, acts as a liaison with parties and the Yale community, and works with the chair to resolve informal complaints. In the case of a formal complaint, the secretary attends the hearing, and he or she may question the parties and participate in deliberations but may not vote.

## 2.2. Selection of Members

The deans of each school may nominate faculty members (of any rank) and managerial or professional employees for membership on the UWC. In the case of Yale College students, nominations by the Yale College Council will be submitted with appropriate supporting materials to the dean of Yale College, who will make his or her own recommendation to the provost. Similarly, the Graduate and Professional Student Senate will submit graduate and professional student nominations and supporting materials to the deans of the graduate and professional schools, who will make their own recommendation to the provost. The provost makes all final decisions regarding appointments.

## 2.3. Terms

Faculty members and managerial or professional employees are appointed to the UWC for terms of one year, which may be renewed. Student members are appointed to one- or two-year terms, depending on their availability and anticipated graduation dates.  The chair is appointed to a three-year term.  All members will be eligible for reappointment, with aggregate service capped at six years.

## 2.4. Training

All UWC members must participate in training. In addition, each year, returning UWC members must receive refresher training.  Training topics include discussion of University resources for redress of sexual misconduct; sexual misconduct and equal employment, educational, and professional opportunity; methods of informal resolution; the interaction between University disciplinary processes and criminal processes; responding to retaliation; and other topics suggested by experts from within and outside the University.

# 3. Confidentiality and Honesty

The UWC and all members of the Yale community who are involved in a matter before the UWC are expected to maintain the confidentiality of its proceedings and the information obtained for those proceedings.[8] The <u>Provost's Statement on the Confidentiality of UWC Proceedings</u> elaborates on this expectation.

An individual who asks the UWC to address an informal complaint of sexual misconduct may request that the UWC keep the matter confidential from the accused or other persons involved in the events. In such a case, the UWC will take all reasonable steps to investigate and respond to the complaint consistent with that request. However, the UWC will not be able to hear a formal complaint unless the individual is willing to reveal the complaint

(including his or her identity) to the accused party, the fact-finder, and the hearing panel (see Section 7, below). In some cases (for example, allegations of violence), the UWC may not be able to honor a request for confidentiality if doing so would endanger the safety or well-being of the complainant or other members of the Yale community. In addition, the University may not be able to preserve the complete confidentiality of UWC records in the event of litigation or a government investigation.  Finally, an accused party may have access to sexual misconduct allegations that become part of his or her student record or personnel file, although in such cases the University will remove information identifying the complainant.

Parties and witnesses are expected to provide truthful information in all phases of a UWC proceeding.   Failure to do so may result in a recommendation for a more severe penalty or a referral to an appropriate disciplinary authority.

## 4. Retaliation

Yale policy strictly forbids retaliation against individuals who report sexual misconduct, file complaints of sexual misconduct, cooperate in the investigation of sexual misconduct, or hear formal or informal complaints of sexual misconduct.  The UWC processes set out here are available to an individual who believes that he or she has suffered retaliation for any of these actions. The rules governing the UWC's authority as described in Sections 1 and 7 also apply to retaliation complaints.

## 5. Advisers

A party may be accompanied by an adviser at any stage of any UWC process, but the adviser may not speak for the party during an interview with a fact-finder or during a formal hearing. An adviser may offer personal and moral support, before, during, and after a hearing, and help the student prepare for meetings related to a complaint. Unless the events complained of are under criminal investigation or are the subject of pending criminal charges, the adviser must be a member of the University community and may not be an attorney acting as the party's legal representative. If one party is entitled to an adviser acting as a legal representative, then the other party may also be accompanied by a legal representative.

## 6. Requests for Advice and the Resolution of Informal Complaints

An individual may ask questions about procedures, request advice (including whether certain behavior constitutes sexual misconduct), or seek resolution of an informal complaint by approaching a member of the UWC.[9] Before the UWC will accept an informal complaint, the chair, in consultation with the secretary and one other member, must determine that (i) the complainant and respondent meet the criteria set out in Section 1 above; (ii) the complaint, if substantiated, would constitute a violation of University policy concerning sexual misconduct; and (iii) at least one of the events complained of occurred

during the 48 months before the complainant first contacted the UWC. The chair will be advised of all informal complaints brought to the UWC and will work with or assign other members of the UWC to resolve the complaint.

The UWC may offer an informal investigation, mediation, counseling, or other means of resolving the complaint. The UWC may also recommend interim measures to support and protect the complainant.[10] In all cases, the UWC will inform the individual bringing the complaint that participation in an informal resolution is voluntary and that he or she may end the informal process at any time and either choose to bring a formal complaint or choose not to further pursue the matter through the UWC. In some cases (for example allegations of violence), the University may pursue an investigation of sexual misconduct, even if the complainant chooses not to pursue the matter further.

# 7. Formal Complaint Process

## 7.1. Filing of Complaint; Notice to the Respondent; Withdrawal

An individual may bring a formal complaint either without seeking an informal resolution or after attempting an informal resolution through the UWC or another Yale body.  To initiate a formal complaint, an individual must submit a written statement to the chair[11] naming the respondent and describing the events and circumstances underlying the complaint.[12] The complaint may be supplemented by additional supporting documents or evidence. The chair, in consultation with the secretary and one other member, will decide whether (i) the complainant and respondent meet the criteria set out in Section 1 above; (ii) the complaint, if substantiated, would constitute a violation of University policy concerning sexual misconduct; and (iii) at least one of the events complained of occurred during the 24 months before the complainant first brought a formal or informal complaint about the events.[13] The UWC will not hear formal complaints that do not meet these criteria. If a complaint is denied a hearing, the chair will explain the denial in writing to the individual who filed the complaint.[14]

If the complaint will be heard, the secretary will inform the respondent in writing that a formal complaint has been filed and will be heard by the UWC.  The secretary's letter will include the complaint, any documents accompanying the complaint, and references to the applicable Yale policy on sexual misconduct, these procedures, and any other relevant Yale procedures.  The letter will also set a deadline five days later by which the respondent may submit a written response to the secretary. The response, like the complaint, may be supplemented by additional supporting documents or evidence. The secretary will forward the response and any accompanying documents to the complainant.

The secretary will inform the respondent's dean (in the case of a faculty member, student, or trainee) or supervisor (in the case of a staff member) and the cognizant Title IX coordinator(s) that a formal complaint has been filed.  The Title IX coordinator(s) with responsibility for the parties will recommend appropriate interim measures, including measures to protect and support the complainant. University officials are expected to cooperate in implementing those recommendations.[15]

The complainant may, at any time before the day scheduled for the hearing, request in writing to the Secretary that the complaint be withdrawn. The chair, in consultation with the secretary and one other member, will consider whether the request is fully voluntary and whether the interests of the Yale community would be better served by hearing the complaint. If the chair decides to hear a complaint despite a request for withdrawal, the complainant will not be required to participate in the hearing. The chair's decision whether to approve or deny the request is final.

## 7.2. Appointment of Hearing Panel

The chair will appoint a hearing panel of five UWC members and will appoint one of these members as the panel chair. The hearing panel will not include any member who has participated in an informal effort to resolve the same complaint.  The panel members and the decision maker (as defined in Section 7.5) will receive a copy of the complaint and response and must withdraw from the proceedings if their relationship to a party or other circumstances lead them to believe that they cannot judge the matter fairly.

The secretary will send a notice to the parties, providing the names of the panel members and the decision maker and informing them of their right to object to the participation of a panel member or decision maker. The objection must be in writing to the secretary and received within two days of the date of the notice, and it must state the party's grounds for believing the panel member or decision maker is incapable of fairly judging the matter. The chair will decide whether an objection is justified, and that decision is final.  When necessary, the chair will select a replacement panel member, and the person who would normally hear an appeal under Section 7.7 will act as the decision maker. Parties will have an opportunity to object to any panel member selected as a replacement.

## 7.3. Fact-Finder; Witnesses

Within seven days of receiving the complaint, the chair will appoint an impartial fact-finder from outside the University to assist in the investigation of the case. The secretary will provide the fact-finder with the complaint, the response, and any other information provided by the parties.  The fact-finder will gather documents and conduct interviews as necessary to reach a thorough understanding of the facts and circumstances surrounding the allegations of the complaint. [16]

Within 21 days of his or her appointment, the fact-finder will present a written report to the secretary. The report will describe the relevant facts and circumstances and may address the credibility of witnesses but will not reach conclusions as to whether those facts and circumstances constitute a violation of University policy. After reviewing the report, the chair may request clarifications and additional investigation. When the report is complete, the secretary will send a copy to the parties with the date and location of the hearing.

The complaint and response, all documents relating to the complaint and response (whether provided by the parties or obtained by the fact-finder), and the fact-finder's report will be provided to the hearing panel. The hearing panel will not accept from the parties any

written response to the fact-finder's report or any additional documents, except as explained in Section 7.4 below. If a party believes the panel should interview witnesses, he or she must submit to the secretary the names of the witnesses and the subject of their testimony at least three days before the hearing. Normally, the panel will call a witness only if he or she can offer potentially relevant information that was not conveyed to the fact-finder. Witnesses may not appear for the sole purpose of testifying about a party's character.

## 7.4. Hearing

The hearing will take place no sooner than seven days following submission of the fact-finder's final report to the secretary. Unless both parties ask to appear jointly, the complainant and the respondent will not appear jointly before the panel at any stage of the hearing. The party who is not before the committee will be in a private room with audio access to the proceedings.

The hearing is intended primarily to allow the panel to interview the parties with respect to the fact-finder's report. The panel chair will begin the hearing by explaining the substance of the complaint and the specific University policy or policies allegedly violated. The complainant and then the respondent may make a statement to the panel, and they may provide a written copy of their statements to the panel at the hearing. (The panel will provide a copy of any written statement it receives to the other party.) Following these statements, the panel will interview the complainant and then the respondent. At its sole discretion, the panel may request the testimony of additional witnesses.[17] Witnesses, including the parties, will be questioned by the panel only, but each party will be given an opportunity to submit questions, which the panel, at its sole discretion, may choose to ask.

The panel may examine and take into account reports and evidence collected by law enforcement bodies or other investigators. In determining culpability, the panel may also take into account a respondent's previous formal discipline for other acts of sexual misconduct, including written reprimands, and the respondent's criminal conviction arising out of the events complained of. The panel may not take into account as evidence of culpability previous accusations of other acts of sexual misconduct that did not result in formal discipline or the mere fact that a criminal investigation or prosecution is pending in relation to the events complained of.

## 7.5. Recommendation

Following the hearing, the panel will consider whether the respondent has violated University policy, giving an affirmative answer if it is satisfied that a violation has been shown by a preponderance of the evidence. The panel will reach its decision by a majority vote and by secret ballot. Panel members may not abstain. If a party is found to have violated University policy, the panel will recommend a penalty. The secretary will inform the panel about the nature of previous penalties assessed for similar violations. The secretary will also describe any formal Yale discipline previously imposed on the respondent, and the panel may consider this prior discipline in its decision regarding a penalty. The panel will

again reach its decision by a majority vote and by secret ballot, with no abstentions allowed. The panel's recommendation may also include remedies other than or in addition to a penalty.[18]

Within seven days of the final hearing session, the panel will complete a report, setting out its findings of fact, its conclusion as to whether or not those facts constitute a violation of University policy, and its recommended penalty, if any. The secretary will forward the report to the parties [19] and to the relevant decision maker: (i) the provost if the respondent is a faculty member; (ii) the dean of the respondent's school if the respondent is a trainee or student; or (iii) the associate vice president for Human Resources if the respondent is a staff member. The parties may submit to the decision maker a written response to the panel's report within three days of receiving it. [20] On the basis of his or her own concerns or concerns raised in a response to the report, the decision maker may ask the panel to re-examine or clarify findings of fact. If necessary, the panel may submit a revised report. The decision maker will then accept the panel's findings of fact, but he or she may accept, reject, or modify the panel's conclusions or recommendations, in whole or in part. The final decision whether to impose a penalty belongs to the Provost, in the case of a faculty member; the dean, in the case of a trainee or student; and the associate vice president for human resources, in the case of a staff member. If the decision maker modifies or rejects some or all of the panel's conclusions or recommendations, he or she will explain the decision to the panel in writing. The decision maker will render his or her decision in writing within 14 days of the final hearing session.

The Secretary will send written notice of the decision and the penalty imposed [21], if any, to the parties, the members of the panel, the chair, and the University's Title IX Coordinator.

## 7.6. Penalties

A UWC hearing panel may recommend penalties up to and including expulsion from the University or termination of University employment, as discussed in applicable faculty, trainee, student, and staff policies and regulations.

## 7.7. Appeals

Any party may appeal the decision of the decision maker regarding a complaint. An appeal from the provost's decision regarding a faculty member is made to the president; an appeal from a dean's decision regarding a trainee or student is made to the provost; and an appeal from the associate vice president for human resources' decision regarding a staff member is made to the vice president for human resources and administration. The appeal must be in writing and received by the secretary within five days of the decision.  The only grounds for appeal are (i) procedural error that prevented the hearing panel or the decision maker from judging the matter fairly, or (ii) the discovery of facts that were not reasonably available to the appealing party prior to the UWC hearing and that support or refute the allegation of sexual misconduct.

The secretary will provide a copy of the appeal to the other party. If the other party wishes to respond, he or she must do so in writing to the president, the provost, or the vice president within five days after receiving the appeal. Within 14 days after receiving the appeal, the president, provost, or vice president will provide a written appeal decision to the parties. If the appeal is granted, the matter will be returned to the hearing panel for reconsideration. In his or her decision, the president, provost, or vice president may give the hearing panel instructions regarding the nature and extent of its reconsideration. The hearing panel will act promptly to reconsider the matter and will issue a revised report to the decision maker. The decision maker will promptly issue a new decision, which is not subject to appeal. [22]

## 7.8. Time Periods

For ease of reference, the following is a list of time periods that apply to the review of a formal complaint:

- The secretary must receive a response, if any, to the complaint within five days after the complaint is delivered to the respondent.
- The secretary must receive the parties' objections, if any, to panel members within two days after the parties' receipt of the members' names.
- The chair must appoint a fact-finder within seven days after receiving the complaint.
- The secretary must receive the fact-finder's final report within 21 days after the fact-finder's appointment.
- The hearing may begin no sooner than seven days after the secretary's receipt of the fact-finder's final report.
- The secretary must receive a list of each party's witnesses, if any, at least three days before the hearing.
- The panel must submit its report within seven days after the final hearing session.
- The parties must submit a response, if any, to the report within three days after receiving it.
- The decision of the provost, dean or associate vice president must be rendered within 14 days after the final hearing session.
- The president, provost, or vice president must receive an appeal, if any, within five days after the initial decision.
- The president, provost, or vice president must receive a response, if any, to an appeal within five days after the opposing party's receipt of the appeal.
- The president, provost, or vice president must render a written decision on the appeal within 14 days after receiving it.

Normally, the formal complaint process should take about 60 days. In instances where a time period set out in Section 7 cannot be met because of illness, holidays, the absence of witnesses from campus, the complexity of the case, or competing demands on UWC members or decision makers, the chair may extend that time period. The parties will be informed by the secretary or chair if a time period is extended, and the chair's decision regarding extensions will be final.

# 8. Recordkeeping

The secretary keeps and retains records of the UWC's proceedings, storing them in a secure place. The secretary will retain records of (i) all complaints received by the UWC; (ii) all actions taken by the UWC in response to informal complaints; (iii) all supplementary documents and evidence received by the UWC in relation to a formal complaint; (iv) all fact-finder reports; (v) minutes from each UWC hearing session [23]; (vi) the report of the hearing panel; (vii) the written notice of the decision maker's decision; and (viii) appeals and decisions regarding appeals.

The Title IX coordinators and the secretary will summarize each formal and informal complaint of sexual misconduct that they receive and the resolution of those complaints, and they will submit the summaries to the University Title IX Coordinator as soon as possible after each complaint is resolved. The summaries will contain sufficient information to allow the University Title IX Coordinator to assess Yale's compliance with the requirements of Title IX.  Each January and July, the University Title IX Coordinator will publish a statistical abstract of the handling of sexual misconduct complaints at Yale, including a list of disciplinary actions.  These abstracts will include no information that would reveal the identities of the parties.

---

*Last updated: August 20, 2013*

---

[1] In these procedures, the term "faculty member" should be understood to include persons teaching at Yale, even if they are not formally members of the faculty.
[2] The term "staff member," as used in these procedures, includes all Yale employees who are not faculty members,  members of a Yale collective bargaining unit, clerical and technical employees excluded from the bargaining units, casual or temporary employees, or student employees.
[3] A Yale faculty member, trainee, student, or staff member who believes that he or she has been harmed by the sexual misconduct of a person not affiliated with Yale (for example, a visitor to campus or the employee of a Yale contractor) may contact the Title IX Coordinator of the University or a School.
[4] Others who wish to file a complaint against a staff member may contact the Title IX Coordinator of the University or a School, a union representative, a Human Resources Generalist, or the Office for Equal Opportunity Programs. Students who do not wish to use the UWC procedures may instead contact a Title IX Coordinator, a Human Resources Generalist, or the Office for Equal Opportunity Programs.
[5] Complaints of sexual misconduct against members of the collective bargaining units or excluded staff may be brought to the Title IX coordinator of the University or a School, a union representative, a Human Resources Generalist, or the Office for Equal Opportunity Programs.

[6] Only the Yale Law School retains its own body for hearing formal complaints of sexual misconduct.

[7] A formal UWC hearing may conclude that a respondent's actions do not violate Yale's policies on sexual misconduct, but those same actions may still violate a school's standards of behavior and may be the subject of School proceedings, so long as the school bases its proceedings on the facts found by the UWC.

[8] Under federal law, a complainant alleging certain types of sex offenses has a right to be informed of the outcome of disciplinary proceedings arising from his or her complaint, and Yale may not impose non-disclosure requirements on the complainant in regard to that information.

[9] The names and e-mail addresses of the UWC members can be found on the Office of the Provost website.

[10] Some examples of interim measures include providing an escort for the complainant; ensuring that the respondent has no contact with the complainant; providing counseling or medical services; providing academic support, such as tutoring; and arranging for the complainant to re-take a course or withdraw from a class without penalty, including ensuring that any changes do not adversely affect the complainant's academic record.

[11] Should the chair be unable to address a complaint because of a relationship to a party or other circumstances, the provost will appoint another member of the UWC to assume the chair's role.

[12] A single case may involve more than one complainant and/or more than one respondent.  The singular is used throughout this section for convenience only.

[13] For the purposes of this determination, when a Title IX coordinator brings a complaint, he or she will be considered the complainant.

[14] Complex cases may combine allegations of sexual misconduct and other offenses, and the UWC may not be the only University body with authority to hear a complaint.  In such cases, the UWC will retain jurisdiction over all charges of sexual misconduct, and other charges will be heard according to the circumstances of each case.  In some cases, for example, the UWC may hear all charges, and, in other cases, a different decision-making body may decide the charges that do not relate to sexual misconduct. In cases involving multiple types of charges, the chair of the UWC will consult with the official responsible for the other relevant body and together they will determine the appropriate forum.  If there is disagreement about the appropriate forum or manner in which to hear a case, the provost will make the final decision.

[15] See footnote 10 for examples of interim measures that may be taken.

[16] In cases involving sexual violence, if the fact-finder or panel chooses to consider medical or laboratory evidence, that consideration should include a trained forensic examiner's written opinion or testimony. Neither the fact-finder nor the panel may review documents or hear testimony covered by a legal privilege (for example, psychiatric patient records and attorney-client communications).

[17] If a Title IX coordinator has brought a complaint on behalf of a person who is not a current or former member of the Yale community, the panel must hear that person's testimony, if he or she wishes to appear.

[18] See footnote 10 for examples of non-disciplinary remedies.

[19] Complainants are always entitled to receive the panel's findings of fact and conclusions regarding culpability, and complainants are always entitled to know the recommended penalty if the penalty would affect them directly (for example, if it is recommended that the respondent not be permitted to approach the complainant or that the respondent be suspended).  However, in some cases, federal and state law may restrict the panel's ability to share its recommendations with the complainant if the recommended penalty would not affect the complainant directly. In those cases, the secretary will remove the recommendations from the report and explain to the complainant why it was necessary to do so.

[20] Except for this response, neither the parties nor their representatives may communicate with a decision maker about a pending case.

[21] As discussed in footnote 19, the complainant will not receive notice of the penalty in some cases.

[22] If the provost or dean rejects some or all of the conclusions or recommendations contained in the panel's post-appeal report, he or she will explain that decision to the panel in writing, just as he or she would under Section 7.5. If the decision maker rejects the panel's initial conclusions or recommendations, and then rejects the panel's post-appeal conclusions or recommendations, authority to render a final decision on the matter will be transferred to the president, provost, or vice president, as appropriate.

[23] The minutes of a UWC hearing consist of a protocol annotated to indicate the time at which each phase of the process started and ended. The minutes do not record statements, testimony, or questions.

# UWC Procedures

The procedures for the University Wide Committee on Sexual Misconduct can be found below. You may also click HERE to view and download the procedures document.

---

## Introduction

Yale University is committed to maintaining and strengthening an educational, employment, and living environment founded on civility and mutual respect. Sexual misconduct is antithetical to the standards and ideals of our community, and it is a violation of Yale policy and the disciplinary regulations of Yale College and the Graduate and Professional Schools. Sexual misconduct will not be tolerated.

Sexual misconduct incorporates a range of behaviors including sexual assault (which includes rape, groping and any other non-consensual sexual contact), sexual harassment, intimate partner violence, stalking, and any other conduct of a sexual nature that is non-consensual, or has the purpose or effect of threatening or intimidating a person or persons. Sexual misconduct also includes a violation of Yale's Policy on Teacher-Student Consensual Relations. Yale aims to eradicate sexual misconduct through education, training, clear policies, and serious consequences for violations of these policies. In addition to being subject to University disciplinary action, sexual misconduct may lead to civil liability and criminal prosecution.

## 1. Authority of the UWC

The University-Wide Committee on Sexual Misconduct ("UWC") provides an accessible, representative, and trained body to answer informal inquiries and fairly and expeditiously address formal and informal complaints of sexual misconduct. Any current or former Yale faculty member, [1] trainee, student, or managerial or professional employee ("staff member" [2]) who wishes to bring a claim that he or she has been harmed as the result of sexual misconduct may bring a complaint to the UWC, so long as two conditions are met: First, the person accused of sexual misconduct must be a Yale faculty member, trainee, student, or staff member at the time the complaint is filed.[3] Second, the alleged misconduct must have occurred at a time when all parties were Yale faculty members, trainees, students, or staff members. Please note: Only students and trainees may bring complaints to the UWC against staff members,[4] and the UWC is not empowered to hear

complaints made by or against members of Yale's collective bargaining units or excluded clerical and technical employees.[5]

The Title IX Coordinator of the University or any Yale School may bring a complaint to the UWC in three circumstances. First, a coordinator may bring a complaint on behalf of a person who is not a current or former member of the Yale community, so long as (i) the respondent is a current Yale faculty member, trainee, student, or staff member; (ii) the respondent was at Yale in one of these roles at the time of the alleged misconduct; and (iii) the events complained of occurred on the Yale campus or in connection with a Yale-sponsored event. Second, a coordinator may bring a complaint to the UWC alleging a violation of Yale's Policy on Teacher-Student Consensual Relations. Finally, a coordinator may bring a complaint when there is evidence that the University's policy on sexual misconduct has been violated and his or her intervention is needed to ensure that the matter reaches the UWC.

The UWC's authority is not exclusive. Where a Yale school retains its own formal or informal body for handling cases of sexual misconduct,[6] an individual may, at his or her discretion, file a complaint with the UWC or use a school's resolution mechanisms. An individual may bring an informal complaint to a school body or the UWC and then seek a formal hearing, but, once a school body or the UWC has agreed to hear a formal complaint, the individual may not seek a formal hearing before the other body. Similarly, once the UWC or the department of Human Resources agrees to hear a student's formal complaint against a staff member, the student may not move the complaint to another forum. The UWC will not entertain a new complaint if it has already adjudicated a formal complaint based on the same set of circumstances.[7]

Actions that are the source of complaints to the UWC may also violate criminal laws. The UWC will not delay its proceedings pending the outcome of a criminal investigation or other legal process. At the request of law enforcement authorities, the UWC may postpone fact-finding while the authorities are gathering evidence, but fact-finding will resume as soon as the authorities have finished that work.

Filing a complaint with the UWC is not a prerequisite to filing a complaint of discrimination with Connecticut's Commission on Human Rights and Opportunities, the federal Equal Employment Opportunity Commission, the Department of Education's Office of Civil Rights, or any other state or federal agency, and seeking assistance from the UWC in no way precludes filing a state or federal discrimination complaint.

Yale encourages victims of sexual misconduct to contact the SHARE Center and the Yale or New Haven Police Departments in addition to seeking assistance from the UWC. The SHARE Center provides counseling and information to survivors of sexual violence and to those who have experienced other forms of sexual misconduct. SHARE counselors can guide and support individuals bringing complaints to the UWC.

# 2. Service on the UWC

## 2.1. Composition

The UWC consists of about 30 members drawn from faculty throughout the schools of the University; managerial or professional employees; postdoctoral associates or fellows; and students from Yale College and the graduate and professional schools. The chair is a tenured faculty member. The current UWC membership is posted on the provost's website. The secretary of the UWC organizes the Committee's activities, handles all official correspondence, acts as a liaison with the parties and the Yale community, and works with the chair to resolve informal complaints. In the case of a formal complaint, the secretary attends the hearing, and he or she may question the parties and participate in deliberations but may not vote.

## 2.2. Selection of Members

The deans of each school may nominate faculty members (of any rank) and managerial or professional employees for membership on the UWC. In the case of Yale College students, nominations by the Yale College Council will be submitted with appropriate supporting materials to the dean of Yale College, who will make his or her own recommendation to the provost. Similarly, the Graduate and Professional Student Senate will submit graduate and professional student nominations and supporting materials to the deans of the graduate and professional schools, who will make their own recommendation to the provost. The provost makes all final decisions regarding appointments.

## 2.3. Terms

Faculty members and managerial or professional employees are appointed to the UWC for terms of one year, which may be renewed. Student members are appointed to one- or two-year terms, depending on their availability and anticipated graduation dates. The chair is appointed to a three-year term. All members will be eligible for reappointment.

## 2.4. Training

All UWC members must participate in training. In addition, each year, returning UWC members must receive refresher training. Training topics include discussion of University resources for redress of sexual misconduct; sexual misconduct and equal employment, educational, and professional opportunity; methods of informal resolution; the interaction between University disciplinary processes and criminal processes; responding to retaliation; and other topics suggested by experts from within and outside the University.

# 3. Confidentiality and Honesty

The UWC and all members of the Yale community who are involved in a matter before the UWC are expected to maintain the confidentiality of its proceedings and the information obtained for those proceedings.[8] The Provost's Statement on the Confidentiality of UWC Proceedings elaborates on this expectation.

An individual who asks the UWC to address an informal complaint of sexual misconduct may request that the UWC keep the matter confidential from the accused or other persons involved in the events. In such a case, the UWC will take all reasonable steps to investigate and respond to the complaint consistent with that request. However, the UWC will not be able to hear a formal complaint unless the individual is willing to reveal the complaint (including his or her identity) to the accused party, the fact-finder, and the hearing panel (see Section 7, below). In some cases (for example, allegations of violence), the UWC may not be able to honor a request for confidentiality if doing so would endanger the safety or well-being of the complainant or other members of the Yale community. In addition, the University may not be able to preserve the complete confidentiality of UWC records in the event of litigation or a government investigation. Finally, an accused party may have access to sexual misconduct allegations that become part of his or her student record or personnel file, although in such cases the University will remove information identifying the complainant.

Parties and witnesses are expected to cooperate in the investigation of matters brought to the UWC. Parties and witnesses must provide truthful information in all phases of a UWC proceeding. Failure to provide truthful information or any attempt to impede the UWC process may result in a recommendation for a more severe penalty or a referral for discipline.

# 4. Retaliation

Yale policy strictly forbids retaliation against individuals who report sexual misconduct, file complaints of sexual misconduct, cooperate in the investigation of sexual misconduct, or hear formal or informal complaints of sexual misconduct. The UWC processes set out here are available to an individual who believes that he or she has suffered retaliation for any of these actions. The rules governing the UWC's authority as described in Sections 1 and 7 also apply to retaliation complaints.

# 5. Advisers

A party may be accompanied by an adviser of his or her choice at any stage of any UWC process. An adviser may offer personal and moral support, before, during, and after a hearing, and help the party prepare for meetings related to a complaint. The adviser may not submit documents, either directly or indirectly, on a party's behalf at any stage of the process, nor speak for the party during an interview with a fact-finder or during a formal hearing.

A party must provide his or her adviser's name and contact information to the UWC secretary prior to meeting with the fact-finder. A party must also inform the secretary if he or she selects a new adviser. The secretary will send the adviser copies of UWC documents unless the party requests otherwise. A party wishing to bring an attorney as his or her adviser must inform the UWC secretary at least four days in advance of any meeting that the adviser will attend.

# 6. Requests for Advice and the Resolution of Informal Complaints

An individual may ask questions about procedures, request advice (including whether certain behavior constitutes sexual misconduct), or seek resolution of an informal complaint by approaching a member of the UWC.[9] Before the UWC will accept an informal complaint, the chair, in consultation with the secretary, must determine that (i) the complainant and respondent meet the criteria set out in Section 1 above and (ii) the complaint, if substantiated, would constitute a violation of University policy concerning sexual misconduct. The chair will be advised of all informal complaints brought to the UWC and will work with or assign other members of the UWC to resolve the complaint.

The UWC may offer an informal investigation, mediation, counseling, or other means of resolving the complaint (note that the University does not allow face-to-face mediation in cases alleging sexual violence). The UWC may also recommend, in consultation with the Title IX coordinator(s), interim measures to support and protect the complainant.[10] In all cases, the UWC will inform the individual bringing the complaint that participation in an informal resolution is voluntary and that he or she may end the informal process at any time and either choose to bring a formal complaint or choose not to further pursue the matter through the UWC. In some cases (for example allegations of violence), the University may pursue an investigation of sexual misconduct, even if the complainant chooses not to pursue the matter further.

# 7. Formal Complaint Process

## 7.1. Filing of Complaint; Notice to the Respondent; Withdrawal

An individual may bring a formal complaint either without seeking an informal resolution or after attempting an informal resolution through the UWC or another Yale body. To initiate a formal complaint, an individual must submit a written statement to the chair[11] naming the respondent [12] and describing the events and circumstances underlying the complaint in sufficient detail to allow the UWC to determine jurisdiction and to provide general notice to the respondent.[13] The complaint may be supplemented by additional supporting documents or evidence. The chair, in consultation with the secretary and one other member, will decide whether (i) the complainant and respondent meet the criteria set out in Section 1 above and (ii) the complaint, if substantiated, would constitute a violation of University policy concerning sexual misconduct. [14] The UWC will not hear formal complaints that do not meet these criteria. If a complaint is denied a hearing, the chair will explain the denial in writing to the individual who filed the complaint.

If the complaint will be heard, the secretary will inform the respondent in writing that a formal complaint has been filed and will be heard by the UWC. The secretary's letter will include the complaint, any documents accompanying the complaint, and references to the applicable Yale policy on sexual misconduct, these procedures, and any other relevant Yale procedures. The letter will also set a deadline five days later by which the respondent may submit a written response to the secretary. The response, like the complaint, may be supplemented by additional supporting documents or evidence. The secretary will forward the response and any accompanying documents to the complainant. [15]

The secretary will inform the respondent's dean (in the case of a student, or trainee), the dean and the provost (in the case of a faculty member), or the supervisor (in the case of a staff member) and the cognizant Title IX coordinator(s) that a formal complaint has been filed. The Title IX coordinator(s) with responsibility for the parties will recommend appropriate interim measures, including measures to protect and support the complainant. University officials are expected to cooperate in implementing those recommendations. [16]

The complainant may, at any time before the day scheduled for the hearing, request in writing to the Secretary that the complaint be withdrawn. The chair, in consultation with the secretary and one other member, will consider whether the request is fully voluntary and whether the interests of the Yale community would be better served by hearing the complaint. If the chair decides to hear a complaint despite a request for withdrawal, the complainant will not be required to participate in the hearing. The chair's decision whether to approve or deny the request is final.

## 7.2. Appointment of Hearing Panel

The chair will appoint a hearing panel of five UWC members and will appoint one of these members as the panel chair. The hearing panel will not include any member who has participated in the resolution of an informal complaint arising out of the same events. The panel members and the decision maker (as defined in Section 7.5) will receive a copy of the complaint and response and must withdraw from the proceedings if their relationship to a party or other circumstances lead them to believe that they cannot judge the matter fairly.

The secretary will send a notice to the parties, providing the names of the UWC members and the decision maker and informing them of their right to object to the participation of a UWC member or decision maker. The objection must be in writing to the secretary and received within two days of the date of the notice, and it must state the party's grounds for believing the panel member or decision maker is incapable of fairly judging the matter. The chair will decide whether an objection is justified, and that decision is final. If a successful objection to the participation of a decision maker is raised, the chair will ask the dean of a different Yale school or the person who would normally hear an appeal under Section 7.7 to serve instead. Parties will have an opportunity to object to any panel member or decision maker selected as a replacement.

## 7.3. Fact-Finder; Witnesses

Within seven days of receiving the complaint, the chair will appoint an impartial fact-finder from outside the University to assist in the investigation of the case. The secretary will

provide the fact-finder with the complaint, the response, and any other information provided by the parties. The fact-finder will gather documents and conduct interviews as necessary to reach a thorough understanding of the facts and circumstances surrounding the allegations of the complaint. [17] The fact-finder will not consider information that is provided solely to attest to a party's character.

Within 21 days of his or her appointment, the fact-finder will present a written report to the secretary. The report will describe the relevant facts and circumstances and may address the credibility of witnesses but will not reach conclusions as to whether those facts and circumstances constitute a violation of University policy. After reviewing the report, the chair may request clarifications and additional investigation. The secretary will send a copy of the completed report to the parties and inform them of with the date and location of the hearing.

The complaint and response, all documents relating to the complaint and response (whether provided by the parties or obtained by the fact-finder), and the fact-finder's report will be provided to the hearing panel. The hearing panel will not accept from the parties any written response to the fact-finder's report or any additional documents, except as explained in Section 7.4 below. If a party believes the panel should interview witnesses, he or she must submit to the secretary the names of the witnesses and the subject of their testimony at least four days before the hearing. Normally, the panel will call a witness only if he or she can offer potentially relevant information that was not conveyed to the fact-finder. Witnesses may not appear for the sole purpose of testifying about a party's character.

## 7.4. Hearing

The hearing will take place no sooner than five days after the parties' receipt of the fact-finder's final report. Unless both parties ask to appear jointly, the complainant and the respondent will not appear jointly before the panel at any stage of the hearing. The party who is not before the committee will be in a private room with audio access to the proceedings.

The hearing is intended primarily to allow the panel to interview the parties with respect to the fact-finder's report. The panel chair will begin the hearing by explaining the substance of the complaint and the specific University policy or policies allegedly violated. The complainant and then the respondent may make a brief statement of no longer than 10 minutes to the panel, and they may provide a written copy of their statements to the panel

at the hearing. The panel will provide a copy of any written statement it receives to the other party. Following these statements, the panel will interview the complainant and then the respondent. At its sole discretion, the panel may request the testimony of additional witnesses. [18] Witnesses, including the parties, will be questioned by the panel only, but each party will be given an opportunity to submit questions, which the panel, at its sole discretion, may choose to ask.

The panel may examine and take into account reports and evidence collected by law enforcement bodies or other investigators. In determining culpability, the panel may also take into account a respondent's previous formal discipline for other acts of sexual misconduct, including written reprimands, and the respondent's criminal conviction arising out of the events complained of. The panel may not take into account as evidence of culpability previous accusations of other acts of sexual misconduct that did not result in formal discipline or the fact that a criminal investigation or prosecution is pending in relation to the events complained of.

## 7.5. Recommendation

Following the hearing, the panel will consider whether the respondent has violated University policy, giving an affirmative answer if it is satisfied that a violation has been shown by a preponderance of the evidence. Based on evidence presented in the fact finder's report or elicited at the hearing, the panel may find violations of Yale policy in addition to the violation(s) charged. The panel will reach its decision by a majority vote and by secret ballot. Panel members may not abstain. If a party is found to have violated University policy, the panel will recommend a penalty. The secretary will inform the panel about the nature of previous penalties assessed for similar violations. The secretary will also describe any formal Yale discipline previously imposed on the respondent, and the panel may consider this prior discipline in its decision regarding a penalty. The panel will again reach its decision by a majority vote and by secret ballot, with no abstentions allowed. The panel's recommendation may also include remedies other than or in addition to a penalty.[19]

Within ten days of the final hearing session, the panel will complete a report, setting out its findings of fact, its conclusion as to whether or not those facts constitute a violation of University policy, and its recommended penalty, if any. The secretary will forward the report to the parties [20] and to the relevant decision maker: (i) the provost if the respondent is a faculty member; (ii) the dean of the respondent's school if the respondent is a trainee or student; or (iii) the associate vice president for Human Resources if the respondent is a staff member. Each party may submit to the secretary a single written response to the

panel's report within three days of receiving it. The secretary will forward the written response to the decision maker and to the other party.[21] On the basis of his or her own concerns or concerns raised in a response to the report, the decision maker may ask the panel to re-examine or clarify findings of fact. If necessary, the panel may submit a revised report. The decision maker will then accept the panel's findings of fact, but he or she may accept, reject, or modify the panel's conclusions or recommendations, in whole or in part. The final decision whether to impose a penalty belongs to the Provost, in the case of a faculty member; the dean, in the case of a trainee or student; and the associate vice president for human resources, in the case of a staff member. If the decision maker modifies or rejects some or all of the panel's conclusions or recommendations, he or she will explain the decision to the panel in writing. The decision maker will render his or her decision in writing within 14 days of the final hearing session.

The Secretary will send written notice of the decision and the penalty imposed [22], if any, to the parties, the members of the panel, the chair, and the University's Title IX Coordinator.

## 7.6. Penalties

A UWC hearing panel may recommend penalties up to and including expulsion from the University or termination of University employment, as discussed in applicable faculty, trainee, student, and staff policies and regulations.

## 7.7. Appeals

Any party may appeal the decision of the decision maker regarding a complaint. An appeal from the provost's decision regarding a faculty member is made to the president; an appeal from a dean's decision regarding a trainee or student is made to the provost; and an appeal from the associate vice president for human resources' decision regarding a staff member is made to the vice president for human resources and administration. The appeal must be in writing and received by the secretary within five days of the decision. The only grounds for appeal are (i) procedural error that prevented the hearing panel or the decision maker from judging the matter fairly, or (ii) the discovery of facts that were not reasonably available to the appealing party prior to the UWC hearing and that support or refute the allegation of sexual misconduct.

The secretary will provide a copy of the appeal to the other party. If the other party wishes to respond, he or she must do so in writing to the secretary within five days after receiving the appeal. Within 14 days after receiving the appeal, the president, provost, or vice

president will provide a written appeal decision to the parties. If the appeal is granted, the matter will be returned to the hearing panel for reconsideration. In his or her decision, the president, provost, or vice president may give the hearing panel instructions regarding the nature and extent of its reconsideration. The hearing panel will act promptly to reconsider the matter and will issue a revised report to the decision maker. The decision maker will promptly issue a new decision, which is not subject to appeal. [23]

## 7.8. Time Periods

For ease of reference, the following is a list of time periods that apply to the review of a formal complaint:

- The secretary must receive a response, if any, to the complaint within five days after the complaint is delivered to the respondent.
- The secretary must receive the parties' objections, if any, to panel members within two days after the parties' receipt of the members' names.
- The chair must appoint a fact-finder within seven days after receiving the complaint.
- The secretary must receive the fact-finder's final report within 21 days after the fact-finder's appointment.
- The hearing may begin no sooner than five days after the parties' receipt of the fact-finder's report.
- The secretary must receive a list of each party's witnesses, if any, at least four days before the hearing.
- The panel must submit its report within ten days after the final hearing session.
- The parties must submit a response, if any, to the report within three days after receiving it.
- The decision of the provost, dean or associate vice president must be rendered within 14 days after the final hearing session.
- The president, provost, or vice president must receive an appeal, if any, within five days after the initial decision.
- The president, provost, or vice president must receive a response, if any, to an appeal within five days after the opposing party's receipt of the appeal.
- The president, provost, or vice president must render a written decision on the appeal within 14 days after receiving it.

Normally, the formal complaint process should take about 60 days. In instances where a time period set out in Section 7 cannot be met because of illness, holidays, the absence of witnesses from campus, the complexity of the case, or competing demands on UWC

members or decision makers, the chair may extend that time period. The parties will be informed by the secretary or chair if a time period is extended, and the chair's decision regarding extensions will be final.

# 8. Recordkeeping

The secretary keeps and retains records of the UWC's proceedings, storing them in a secure place. The secretary will retain records of (i) all complaints received by the UWC; (ii) all actions taken by the UWC in response to informal complaints; (iii) all supplementary documents and evidence received by the UWC in relation to a formal complaint; (iv) all fact-finder reports; (v) minutes from each UWC hearing session [24]; (vi) the report of the hearing panel; (vii) the written notice of the decision maker's decision; and (viii) appeals and decisions regarding appeals.

The Title IX coordinators and the secretary will summarize each formal and informal complaint of sexual misconduct that they receive and the resolution of those complaints, and they will submit the summaries to the University Title IX Coordinator as soon as possible after each complaint is resolved. The summaries will contain sufficient information to allow the University Title IX Coordinator to assess Yale's compliance with the requirements of Title IX. Semiannually, the University Title IX Coordinator will publish a statistical abstract of the handling of sexual misconduct complaints at Yale, including a list of disciplinary actions. These abstracts will include no information that would reveal the identities of the parties.

*Last Updated: October 2, 2014*

[1] In these procedures, the term "faculty member" should be understood to include persons teaching at Yale, even if they are not formally members of the faculty.
[2] The term "staff member," as used in these procedures, includes all Yale employees who are not faculty members, members of a Yale collective bargaining unit, clerical and technical employees excluded from the bargaining units, casual or temporary employees, or student employees.
[3] A Yale faculty member, trainee, student, or staff member who believes that he or she has been harmed by the sexual misconduct of a person not affiliated with Yale (for example,

a visitor to campus or the employee of a Yale contractor) may contact the Title IX Coordinator of the University or a School.

[4] Others who wish to file a complaint against a staff member may contact the Title IX Coordinator of the University or a School, a union representative, a Human Resources Generalist, or the Office for Equal Opportunity Programs. Students who do not wish to use the UWC procedures may instead contact a Title IX Coordinator, a Human Resources Generalist, or the Office for Equal Opportunity Programs.

[5] Complaints of sexual misconduct against members of the collective bargaining units or excluded staff may be brought to the Title IX coordinator of the University or a School, a union representative, a Human Resources Generalist, or the Office for Equal Opportunity Programs.

[6] Only the Yale Law School retains its own body for hearing formal complaints of sexual misconduct.

[7] A formal UWC hearing may conclude that a respondent's actions do not violate Yale's policies on sexual misconduct, but those same actions may still violate a school's standards of behavior and may be the subject of School proceedings, so long as the school bases its proceedings on the facts found by the UWC.

[8] Under federal law, a complainant alleging certain types of sex offenses has a right to be informed of the outcome of disciplinary proceedings arising from his or her complaint, and Yale may not impose non-disclosure requirements on the complainant in regard to that information.

[9] The names and e-mail addresses of the UWC members can be found on the Office of the Provost website.

[10] Some examples of interim measures include providing an escort for the complainant; ensuring that the respondent has no contact with the complainant; providing counseling or medical services; providing academic support, such as tutoring; and arranging for the complainant to re-take a course or withdraw from a class without penalty, including ensuring that any changes do not adversely affect the complainant's academic record.

[11] Should the chair be unable to address a complaint because of a relationship to a party or other circumstances, the provost will appoint another member of the UWC to assume the chair's role.

[12] A single case may involve more than one complainant and/or more than one respondent. The singular is used throughout this section for convenience only.

[13] The chair, in his or her sole discretion, will determine whether the complaint provides sufficient detail or must be supplemented.

[14] For the purposes of this determination, when a Title IX coordinator brings a complaint, he or she will be considered the complainant.

[15]Complex cases may combine allegations of sexual misconduct and other offenses, and the UWC may not be the only University body with authority to hear a complaint. In such cases, the UWC will retain jurisdiction over all charges of sexual misconduct, and other charges will be heard according to the circumstances of each case. In some cases, for example, the UWC may hear all charges, and, in other cases, a different decision-making body may decide the charges that do not relate to sexual misconduct. In cases involving multiple types of charges, the chair of the UWC will consult with the official responsible for the other relevant body and together they will determine the appropriate forum. If there is disagreement about the appropriate forum or manner in which to hear a case, the provost will make the final decision.

[16] See footnote 10 for examples of interim measures that may be taken.

[17] In cases involving sexual violence, if the fact-finder or panel chooses to consider medical or laboratory evidence, that consideration should include a trained forensic examiner's written opinion or testimony. Neither the fact-finder nor the panel may review documents or hear testimony covered by a legal privilege (for example, psychiatric patient records and attorney-client communications).

[18] If a Title IX coordinator has brought a complaint on behalf of a person who is not a current or former member of the Yale community, the panel must hear that person's testimony, if he or she wishes to appear.

[19] See footnote 10 for examples of non-disciplinary remedies.

[20] Complainants are always entitled to receive the panel's findings of fact and conclusions regarding culpability, and complainants are always entitled to know the recommended penalty if the penalty would affect them directly (for example, if it is recommended that the respondent not be permitted to approach the complainant or that the respondent be suspended). However, in some cases, federal and state law may restrict the panel's ability to share its recommendations with the complainant if the recommended penalty would not affect the complainant directly. In those cases, the secretary will remove the recommendations from the report and explain to the complainant why it was necessary to do so.

[21] Except for this response, neither the parties nor their representatives may communicate with a decision maker about a pending case, and the decision makers will not consider documents sent to them by third parties on behalf of the complainant or respondent.

[22] As discussed in footnote 19, the complainant will not receive notice of the penalty in some cases.

[23] If the decision maker rejects some or all of the conclusions or recommendations contained in the panel's post-appeal report, he or she will explain that decision to the panel in writing, just as he or she would under Section 7.5. If the decision maker rejects the panel's initial conclusions or recommendations, and then rejects the panel's post-appeal conclusions or recommendations, the president, provost, or vice president, as appropriate, will review the final decision.

[24] The minutes of a UWC hearing consist of a protocol annotated to indicate the time at which each phase of the process started and ended. The minutes do not record statements, testimony, or questions.