UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:19-CV-01547 (OAW) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | | |
| PETER SALOVEY and | | |
| ROBERT ALPERN, M.D. | : | |
|     Defendants. | : | MAY 20, 2022 |

**AFFIDAVIT OF GARY DESIR, M.D., IN SUPPORT
OF DEFENDANTS' SUMMARY JUDGMENT REPLY BRIEF**

Gary Désir, M.D., being duly sworn, deposes and says as follows:

1. I am over the age of eighteen (18) years and I believe in the obligations of an oath, and I make this affidavit on the basis of my own personal knowledge and belief.

2. I am Yale University's Vice Provost for Faculty Development and Diversity, and Chair of the Department of Internal Medicine at the Yale University School of Medicine.

3. I have been the Chair of the Department of Internal Medicine at the Yale University School of Medicine since 2013. In that capacity, I am personally familiar with the circumstances involving the doctor referred to on pages 15-18 and 24-25 of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and the plaintiff's related filings under seal. For confidentiality purposes I will refer to that doctor herein as "Dr. X."

4. The circumstances involving Dr. X occurred in 2014. Dr. X, a Caucasian male, was at all times in a different section than the plaintiff, Dr. Simons, who was in the Section of Cardiology.

5. Whereas Dr. Simons was Chief of the Section of Cardiology, Director of the Yale Cardiovascular Research Center (YCVRC) and held an endowed chair, Dr. X was not a section chief, did not hold an endowed chair and had no administrative role at all at the University.

6. Dr. X and Dr. Simons did not report to the same supervisor at any time.

7. The discipline in connection with Dr. X was decided by his supervisor, in consultation with me as the Chair of the Department of Internal Medicine, after an investigation. There was no complaint made by anyone to the UWC.

8. I was Dr. Simon's direct supervisor, but I did not play any role in the discipline of Dr. Simons that resulted from the UWC's recommendations or the Provost's decision. As Chair of the Department of Internal Medicine, I simply had to mete out the discipline that had been recommended and decided by others.

9. My decisions to ask Dr. Simons to step down as Section Chief of Cardiology and to remove him as Director of the YCVRC were based on feedback from faculty following an independent, 360-degree review I had commissioned to evaluate his leadership and job performance. The feedback indicated discord within the YCVRC and dissatisfaction with the plaintiff's leadership skills and his impact on faculty well-being and the culture and environment in the Section of Cardiology.

10. I did not play any role in the decisions to transfer or remove the endowed chairs that Dr. Simons previously held.

Dated May 16, 2022, at New Haven, Connecticut.

_____
Gary Désir, M.D.
Vice Provost for Faculty Development and Diversity
Chair, Department of Internal Medicine
Yale University

STATE OF CONNECTICUT)
COUNTY OF NEW HAVEN)        ss:  New Haven

On May 16, 2022, personally appeared Gary Désir, M.D., signer of the foregoing instrument, and acknowledged the same to be her free act and deed, before me.

ANNA V. RASO
NOTARY PUBLIC - CT 171254
My Commission Expires Mar. 31, 2026

_____
[✓]NOTARY PUBLIC
[ ]COMMISSIONER OF THE SUPERIOR COURT

THE DEFENDANTS

BY:_____
KEVIN C. SHEA (ct13781)
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT  06511
203/787-1183

3

**CERTIFICATION**:

This is to certify that a copy of the foregoing was filed electronically on May 20, 2022. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
CLENDENEN & SHEA, LLC