UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS, | : | |
|     PLAINTIFF, | : | 3:19-CV-01547 (OAW) |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| PETER SALOVEY AND | : | |
| ROBERT ALPERN, M.D. | : | : |
|     DEFENDANTS. | : | MAY 9, 2024 |

## JOINT STATUS REPORT

The parties, in accordance with the Court's order on May 1, hereby jointly report that they are in agreement and will be available to start trial in March 2025. The parties have not reached an agreement on the reopening of discovery.

The Plaintiff requests that discovery be reopened so that he may retain a front-pay expert on the value of an endowed chair from the present to the time of death. It became apparent during the settlement conference that the lack of such an expert may be problematic. Since the conference, the Plaintiff has located such an expert and is in the process of retaining him. In addition, the Plaintiff will need to update his financial discovery. The Plaintiff therefore

1

respectfully requests a period of ninety days to update the financial disclosures and to disclose an expert, followed by period of expert discovery.

The University Defendants oppose this request and state that there is no good cause for the reopening of discovery—especially expert discovery, the deadline for which passed *almost four years ago*. Nothing has transpired or changed during that time to warrant the reopening of expert discovery, except for the Plaintiff's apparent belated realization of this problem with his sole remaining claim. Reopening expert discovery at this time would be prejudicial to the University Defendants and would require additional depositions and fact discovery—including reopening the Plaintiff's deposition—and additional time thereafter for the University Defendants to consider retaining and disclosing their own rebuttal expert. Therefore the University Defendants are constrained to object to this request.

The undersigned counsel for the Plaintiff is currently committed to try two murder cases, a sexual assault, a criminal mischief and a habeas corpus case between now and the end of 2024. It is not foreseeable that he can prepare to try a case of the complexity of the instant case and at the same time as he honors the current, scheduled, trial commitments. Additionally, the undersigned counsel for the Plaintiff is currently practicing under the shadow of a potential six-month

### CERTIFICATION OF SERVICE

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties and counsel of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/   Norman A. Pattis, Esq.
Norman A. Pattis, Esq.
Bar No. CT 13120
Pattis & Paz, LLC
383 Orange Street
New Haven, CT 06511
(203) 393-3017 – phone
(203) 393-9745 – fax
npattis@pattispazlaw.com

suspension from the practice of law that was ordered in a state court case involving the Sandy Hook School shootings. That suspension is under appeal and a decision is expected at any point. Should the undersigned lose the appeal, he would be unavailable for any legal work for six months.

PLAINTIFF, MICHAEL SIMONS

By: /s/   Norman A. Pattis, Esq.
Norman A. Pattis, Esq.
Bar No. CT 13120
Pattis & Paz, LLC
383 Orange Street
New Haven, CT 06511
(203) 393-3017 – phone
(203) 393-9745 – fax
npattis@pattispazlaw.com

THE UNIVERSITY DEFENDANTS

By:   /s/ Kevin C. Shea
Kevin C. Shea (ct408798)
Clendenen & Shea, LLC
400 Orange St.
New Haven, CT 06511
Tel: 203/787-1183
Fax: 203/787-2847
kcs@clenlaw.com

3