## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMONS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 3:19-cv-1547 (OAW) |
| YALE UNIVERSITY, et al., | : | |
| | : | May 11, 2025 |
| Defendants. | : | |

## CONSENT MOTION TO CONTINUE THE DEADLINES SET IN ECF NO. 156 TO ENCOURAGE A FAIR RESOLUTION OF THE CASE AND TO ALLOW THE PARTIES TO COMPLETE NEGOTIATIONS

Defendants Yale University, Peter Salovey and Robert Alpern respectfully submit this motion to continue the deadlines set in ECF No. 156 (the "May 7 Order"). In support of this motion, Defendants state as follows:

1. This matter was transferred to the Hon. Omar A. Williams on December 13, 2021. ECF No. 87.

2. On January 27, 2022, the Court set a deadline of March 16, 2022 for motions for summary judgment. ECF No. 89.

3. Defendants timely filed a motion for summary judgment on March 16, 2022. ECF Nos. 90-93. Plaintiff moved for additional time to oppose the motion for summary judgment, ECF No. 94, which the Court granted the next day, ECF No. 95. Plaintiff timely filed his opposition to the motion for summary judgment on May 6, 2022. ECF Nos. 98-102. Defendants timely filed their reply in further support of the motion for summary judgment on May 20, 2022. ECF No. 103.

4. Other than a notice of subsequent authority and an attorney's motion to withdraw, the case then went dormant, awaiting the Court's ruling on Defendants' motion for summary

judgment. On January 20, 2024, the Court granted in part and denied in part Defendants' motion for summary judgment, ECF No. 108, simultaneously requiring the parties to file a status report by January 31, 2024, *id.*

5.    The parties submitted a status report a day early, ECF No. 112, and on January 31, 2024, the Court referred the matter to Magistrate Judge S. Dave Vatti for a settlement conference, ECF No. 113.

6.    Judge Vatti scheduled a conference for April 22, 2024, ECF No.116, and the settlement conference occurred on that date. ECF No.119.

7.    When the settlement conference proved unsuccessful, this Court ordered the parties to submit a status report by May 10, 2024, ECF No.120, which they timely submitted, ECF No.121, and shortly thereafter this Court put the case down for a jury trial beginning on March 20, 2025. Dkt. 122.

8.    As the May 7 Order notes, Judge Vatti scheduled another settlement conference for December 3, 2024, *see* ECF No.128, soon rescheduled for January 3, 2025, *see* ECF No.130, but Plaintiff asked on December 20, 2024 to cancel the settlement conference because he was out of the country, *see* ECF No.131.

9.    On January 27, 2025, Connecticut Governor Ned Lamont nominated Defendants' counsel Kevin Shea to serve as a Judge of the Superior Court of Connecticut. *See* State of Connecticut, Office of the Governor, *Governor Lamont Nominates Judge William Bright to the Supreme Court, Judge Robin Wilson to the Appellate Court, and 13 Other Jurists to the Superior Court* (Jan. 27, 2025), available at https://portal.ct.gov/governor/news/press-releases/2025/01-2025/governor-lamont-nominates-judge-william-bright-to-the-supreme-court?language=en_US (official website of the State of Connecticut) (last visited May 9, 2025).

10. Several days later, Yale University, on its own behalf and for the two individual Yale University employee Defendants, contacted the undersigned to discuss the possibility of his taking over the case from Attorney Shea in the event of his confirmation. The undersigned promptly filed a notice of appearance, ECF No. 137, on February 11, 2025.

11. Given the impending trial date of March 20, 2025, Attorney Shea's likely impending confirmation, and the need for new counsel to learn the case, counsel for the two sides conferred and agreed that a motion for continuance was appropriate. Plaintiff promptly filed a consent motion for continuance on February 14, 2025, ECF No. 138, which this Court granted on February 17, 2025, ECF No. 139, ordering the parties to submit a status report by April 7, 2025, *id*.

12. On March 24, 2025, Magistrate Judge Vatti scheduled a settlement conference for May 7, 2025. ECF No. 150

13. The parties filed a joint status report to this Court on April 2, 2025, several days before this Court's deadline for doing so. ECF No. 151. The joint status report noted the upcoming May 7, 2025 settlement conference before Judge Vatti.

14. On May 2, 2025, five days before the scheduled settlement conference, Plaintiff filed an *ex parte* motion to adjourn the settlement conference. ECF No.152. By its nature, Defendants could not view the *ex parte* motion.

15. Defendants had prepared a supplemental confidential mediation memorandum for Judge Vatti, but on seeing the filing of an *ex parte* motion to adjourn, Defendants contacted Judge Vatti's chambers to inquire whether he wished to receive the memorandum.

16. On May 6, 2025, Judge Vatti granted the motion to adjourn the May 7, 2025 settlement conference, ECF No.153, and scheduled a status conference for the same time in which the settlement conference had originally been scheduled to occur, ECF No. 154.

17. The status conference occurred on May 7, 2025 as scheduled, ECF No. 155. During the conference, the parties and Judge Vatti discussed the desirability of this Court holding a status conference during which the parties and this Court could discuss a trial schedule. They also discussed Judge Vatti holding another settlement conference approximately 30 days before the newly scheduled trial was set to begin.

18. Several hours later, this Court issued an order setting jury selection for June 5, i.e., 29 days after the order. ECF No. 156 (the May 7 Order).

19. Based on expected testimony and this Court's individual voir dire process, the undersigned believes that, as scheduled, trial will likely run from June 5, 2025 until about June 17, 2025. This assumes two days for choosing a jury, and that trial will take place each weekday in that period.

20. Unfortunately, one of the Defendants, Peter Salovey, will be outside the jurisdiction for the entire period currently scheduled for trial, either on the west coast or outside the United States entirely. During that time, Mr. Salovey, who is the former president of Yale University, will be fulfilling work commitments that he made over a year ago, including commitments that constitute fiduciary duties to other organizations, including the Arcadia foundation (London) and the Board of Trustees of Stanford University (Palo Alto, California). He will, however, be in New Haven for the second half of June, from June 19 to June 30.

21. The undersigned recognizes the duty and importance of heeding this Court's orders promptly and without complaint. That necessarily includes the May 7 Order. It nevertheless

bears mention that the undersigned owes preexisting obligations to other courts that predate the May 7 Order. For example, the undersigned has a brief due in the Appellate Court of Illinois on May 19, 2025 in Case No. 5-24-1014, as well as a May 28, 2025 oral argument in the Connecticut Appellate Court in Case No. 47433, preparation for which will take several days.[1]

22. The May 7 Order observes that the "foregoing procedural history casts doubt that the parties are negotiating in good faith toward a resolution short of trial, and that they are realistic about their preparedness for trial." *Id.* at 2.

23. Defendants note that the procedural history described in the May 7 Order describes *Plaintiff*'s request to cancel a settlement conference when he was out of the country, ECF No. 131, and *Plaintiff*'s *ex parte* request to cancel a settlement conference, ECF No. 152.[2] The joint motion to continue the March 2025 trial date occurred because of Judge Shea's nomination and the Defendants' need to substitute counsel, not because of unpreparedness or gamesmanship.

24. Defendants understand the Court's expression of "doubt" about the parties' intentions, and hope that the descriptions above make plain that Defendants have never sought to cancel a settlement conference and are prepared, as they have always been, to negotiate in good faith.

---

[1] The undersigned would be remiss not to note that the Court's unexpected May 7 Order will have meaningful personal consequences on him as well. He plans to attend his child's college graduation in the Midwest from May 23-26. (He is the child's only parent, as his late wife died years ago.) Moreover, a religious holiday that he observes, Shavuot, occurs on June 2 and 3, 2025, and on those days under traditional religious practices the undersigned does not work or engage in certain categories of activity (including, writing, driving, and the use of computers and cellphones). Those obligations, combined with the obligations to other sovereigns' courts noted in text, significantly limit the time available to prepare for a trial now set to begin on June 5, 2025. *But cf.* May 7 Order at 2 (describing the Court's intent to "set a schedule that encourages a fair resolution of this case").

[2] The May 7 Order also mentions ECF No. 129, which delayed the starting time of a settlement conference by 30 minutes, and ECF No. 130, which delayed that settlement conference by a month. The undersigned does not know at whose initiative those joint requests were made, or the reasons for them, as they predate his retention and appearance, but he in general appreciates opposing sides working together on such matters to avoid unnecessary motions practice and to discourage efforts to take advantage of an opponent's difficulties unrelated to a case.

25. As to the Court's doubts regarding the parties' realistic sense of preparation for trial, Defendants note that until Plaintiff moved just days ago to cancel the May 7, 2025 settlement conference, there was no trial date. Because there was no trial date, the undersigned could not advise the individual Defendants to set aside days on their calendars. Plaintiff chose to sue not only Yale University, but also individuals then serving in their official capacities as President of Yale and the Dean of the Yale School of Medicine. They are individuals who have devoted their lives and careers to science and to the service of non-profit institutions, and they continue making and keeping commitments to those causes and institutions. It is not surprising that they would have longstanding professional obligations far from Hartford that could not be canceled on 29 days' notice.

26. It is not fair to subject Defendants with longstanding commitments far from Connecticut to a sudden emergency trial simply because, at the last minute, Plaintiff moved to cancel a settlement conference. It is no fairer to Defendants merely because Plaintiff did that twice.

27. Defendants look forward in good faith to the settlement conference now re-set for May 20, 2025 before Judge Vatti. *See* ECF No. 160 (ordering Plaintiff and a representative of Yale with decisional authority to attend in person—and reminding the parties of potential sanctions for non-appearance at the settlement conference).

28. Defendants wish to be able to appear for trial at the scheduled time, and to call third-party witnesses to support their case, and for their counsel to have adequate time to prepare for the trial.

29. Plaintiff consents to the relief requested in this motion.

WHEREFORE, it is respectfully requested that this motion be granted and that the Court suspend the deadlines in the May 7 Order and set a status conference for a date shortly after the

May 20, 2025 settlement conference to determine whether the case has been amicably resolved or, if not, to discuss a trial schedule that is convenient for the Court and that also allows the parties to appear and prepare adequately for  trial.

      Respectfully submitted,

                                        */s/ Jonathan M. Freiman*
                                        Jonathan M. Freiman
                                        James I. Glasser
                                        Wiggin and Dana LLP
                                        One Century Tower
                                        P.O. Box 1832
                                        New Haven, CT 06508-1832
                                        Tel: (203) 498-4400
                                        *Attorneys for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that on this 11th day of May 2025, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties via the Court's electronic filing system.

/s/ Jonathan Freiman
Jonathan Freiman

490\326\4910-1352-1985.v3