IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL SIMONS,<br><br>    Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY, PETER SALOVEY,<br>ROBERT ALPERN, M.D.,<br><br>    Defendants. | Case No. 3:19-cv-001547-OAW<br><br>May 15, 2025 |

**DEFENDANT'S MOTION IN LIMINE #8
TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO
TITLE IX DAMAGES BEYOND THOSE PERMITTED BY TITLE VII**

Plaintiff Michael Simons brings claims for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and Title IX of the Civil Rights Act of 1964, 20 U.S.C. §§ 1681, *et seq.*[1] Trial is currently scheduled to begin on June 5, 2025. Defendants Yale University, Peter Salovey, and Robert Alpern, M.D. expect that Plaintiff will attempt to adduce evidence of Title IX damages. Plaintiffs' Title

---

[1] Plaintiff originally alleged claims for: (1) breach of contract; (2) breach of the implied warranty of good faith and fair dealing; (3) wrongful discharge; (4) negligent infliction of emotional distress; (5) gender discrimination in an educational program/program receiving federal funding in violation of Title IX; (6) gender discrimination in employment in violation of Title VII; and (7) breach of privacy. The Court (Bolden, J.) dismissed the wrongful discharge and negligent infliction of emotional distress claims on September 30, 2020. Dkt. 44. The plaintiff later conceded the failure of his breach of privacy claim, which the Court (Arterton, J.) accordingly dismissed on November 23, 2021. Dkt. 83. On January 17, 2024, the Court (Williams, J.) granted summary judgment for the defendants on the plaintiff's claims for breach of contract and breach of the implied warranty of good faith and fair dealing, Dkt. 108, leaving only the Title VII and Title IX claims.

VII and Title IX claims are based on the same underlying conduct. Defendants respectfully move for an order precluding Plaintiff from claiming Title IX damages separate from damages under Title VII.

I.   **STANDARD OF REVIEW**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Hannah v. Wal-Mart Stores, Inc.*, 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017) (citing *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "A district court's inherent authority to manage the course of its trial encompasses the right to rule on motions *in limine*." *Id.* (quotation marks and citations omitted).

II.   **LEGAL ARGUMENT**

Defendants recognize that the Second Circuit has recently held that Title IX provides plaintiffs with a private right of action to assert that a university has intentionally discriminated on the basis of sex against a faculty member. *Vengalattore v. Cornell Univ.*, 36 F.4th 87 (2d Cir. 2022). This Court is bound by that decision. Nevertheless, to ensure preservation of the issue for potential appellate review by an *en banc* Second Circuit or the U.S. Supreme Court, Defendants respectfully submit this motion *in limine* to preclude the admission of evidence purporting to establish damages under Title IX, because Title VII constitutes the exclusive remedial framework for claims of discrimination on the basis of sex.

The Supreme Court has not resolved the interplay between Title VII and Title IX in the context of employment discrimination outside of the retaliation context. *See Jackson v. Board of Education*, 544 U.S. 167 (2005). However, the Court has acknowledged that in "a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies." *Brown v. General Servs. Admin.*, 425 U.S. 820, 834 (1976).

Following this principle of statutory interpretation, the Fifth, Seventh, and Eleventh Circuits have held that plaintiffs have no private right of action under Title IX for discrimination in the employment context, because Title VII explicitly provides for and sets limits on such claims. *See, e.g.*, *Lakoski v. James*, 66 F.3d 751, 754 (5th Cir. 1995) (holding that an overlapping implied private right of action under Title IX that addresses the same underlying acts as a Title VII claim "would disrupt a carefully balanced remedial scheme for redressing employment discrimination by employers … [and do] violence to the congressionally mandated procedures of Title VII."); *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 861–62 (7th Cir. 1996), abrogated on other grounds by *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009) (holding that "Title VII provides a comprehensive statutory scheme for protecting rights against discrimination in employment," preempting Title IX employment discrimination claims).

Most recently, the Eleventh Circuit, in contrast to the Second Circuit, held that "the terms of [Title IX] do not embrace a private right of action for employees." *Joseph v. Bd. of Regents of the Univ. Sys. of Georgia*, 121 F.4th 855, 868–69 (11th Cir. 2024).

The *Joseph* court observed that it is "unlikely that Congress intended Title VII's express private right of action and Title IX's implied right of action to provide overlapping remedies." *Id.*

The *Joseph* court's view is consistent with the broader principle that when Congress creates a detailed and exclusive scheme for employment-related rights and remedies that includes specific limits—such as the exhaustion, timing, and damages limit under Title VII[2]—those limits should not be bypassed through a parallel Title IX claim. *See Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 378 (1979) (rejecting effort to circumvent Title VII's administrative process through a § 1985(3) claim).

The decisions of the Fifth, Seventh, and Eleventh Circuits are consistent in this regard with the instruction to lower courts to create implied rights of action only where there are expressions of congressional intent to create both a right and a remedy, particularly as Congress extended Title VII's remedies to employees of educational institutions only three months before enacting Title IX. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

---

[2] As a precondition to filing a Title VII claim in federal court, a plaintiff must exhaust available administrative remedies by filing a timely complaint with the EEOC. 42 U.S.C. § 2000e-5(e)(1). Then, actions must be initiated within 90 days of such exhaustion. *Id.* § 2000e-5(f)(1). In relation to damages, the statute caps the aggregate at $50,000 for defendants with more than fourteen and fewer than 101 employees; at $100,000 for defendants with more than 100 and fewer than 201 employees; at $200,00 for defendants with more than 200 and fewer than 501 employees; and at $300,000 for defendants with more than 500 employees. *See* 42 U.S.C. § 1981a(b)(3)(A) through (D).

Accordingly, Defendants respectfully move to exclude evidence directed solely at Title IX-based damages, including but not limited to damages inconsistent with Title VII's statutory damages cap. 42 U.S.C. § 1981(a)(b)(3). Evidence of damages in excess of $300,000 should be excluded. *See* 42 U.S.C. § 1981a(b)(3)(D).

### III. CONCLUSION

For all the reasons demonstrated above, Defendants' motion to preclude Plaintiff from introducing evidence of damages in excess of the Title VII damages cap should be granted.

Respectfully submitted,

DEFENDANTS YALE UNIVERSITY,
PETER SALOVEY, ROBERT ALPERN,
M.D.,

By:    /s/ *Jonathan M. Freiman*
Jonathan M. Freiman (ct24248)
James I. Glasser (ct07221)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
T: 203.498.4584
F: 203.782.2889
jfreiman@wiggin.com
jglasser@wiggin.com