IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL SIMONS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>YALE UNIVERSITY, PETER SALOVEY, ROBERT ALPERN, M.D.,<br><br><br>　　　　　　Defendants. | Case No. 3:19-cv-001547-OAW |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO INDIVIDUAL DEFENDANTS
<u>PETER SALOVEY AND ROBERT ALPERN</u>**

Plaintiff Michael Simons alleges claims against three defendants, Yale University, Peter Salovey, and Robert Alpern, M.D, for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and Title IX of the Civil Rights Act of 1964, 20 U.S.C. §§ 1681, *et seq*. The law is well-settled that qualifying entities like Yale may be sued under those statutes. But it is equally well settled that individual defendants like Salovey and Alpern may not be sued under those statutes. *See Fitzgerald v. Barnstable School Committee*, 555 U.S. 246 (2009); *Tomka v. Seiler Corp.* 66 F.3d 1295, 1313 (2d Cir. 1995). Accordingly, Defendants Salovey and Alpern move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## PROCEDURAL HISTORY

Plaintiff's Complaint contained seven counts: (1) breach of contract; (2) breach of the implied warranty of good faith and fair dealing; (3) wrongful discharge; (4) negligent infliction of emotional distress; (5) gender discrimination in an educational program/program receiving federal funding in violation of Title IX; (6) gender discrimination in employment in violation of Title VII; and (7) breach of privacy. Dkt. 1. All but two of those claims were dismissed or withdrawn. The Court (Bolden, J.) dismissed Plaintiff's wrongful discharge and negligent infliction of emotional distress claims on September 30, 2020. Dkt. 44. Plaintiff withdrew his breach of privacy claim, which was formally dismissed on November 23, 2021 (Arterton, J.). Dkt. 83. On January 17, 2024, the Court (Williams, J.) granted summary judgment for Defendants on Plaintiff's common law claims for breach of contract and breach of the implied warranty of good faith and fair dealing. Dkt. 108.

The two claims remaining for trial are statutory claims under Title IX and Title VII. Both claims rest on the same theory: that Plaintiff was discriminated against because he is a man. The Court narrowed those two remaining claims when it held that claims pertaining to plaintiff's removal as the Cardiology Section Chief and the Director of the Cardiovascular Research Institute, and his loss of the Berliner honorific, were time-barred. The remaining Title IX and Title VII claims are now based solely on plaintiff's loss of the Von Zedtwitz honorific. *See id.* at 14, 18, 27.

The Complaint brought Title IX and Title VII claims against all three defendants: Yale University and two individual defendants: Peter Salovey and Robert Alpern

(Individual Defendants). Dkt. 1, at 16–17. As demonstrated below, Plaintiff has failed to state a claim as against the Individual Defendants.

## ARGUMENT

### A.    Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings include both the complaint and the "answer to [the] complaint." Fed. R. Civ. P. 7(a). A party may move for judgment on the pleadings "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns v. Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers*, 47 F.3d 14, 16 (2d Cir. 1995). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013). Under this standard, the Court must accept the complaint's factual allegations as true and must draw inferences in the plaintiff's favor. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

### B.    As A Matter of Law, the Individual Defendants Cannot Be Liable For Alleged Title IX or Title VII Violations.

Title IX is directed to "any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681. Individuals are not within the ambit of the statute. The Supreme Court has found held that individuals are not proper defendants under Title IX. *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 247 (2009).

Title IX's private right of action may be brought *only* against a recipient of federal funding (e.g. a school or school district), not against an individual who works for the recipient of federal funding. *Fitzgerald*, 555 U.S. at 247 ("Title IX reaches institutions and programs that receive federal funds … but it has consistently been interpreted as not authorizing suit against school officials, teachers, or other individuals."); *see also Sutton v. Stony Brook Univ.*, No. 21-2055, 2022 WL 4479509, at *2 (2d Cir. Sept. 27, 2022) ("Title IX does not authoriz[e] suit[s] against school officials, teachers, and other individuals."); *Rule v. Braiman*, 23-cv-1218 (BKS), 2024 WL 4042135, at *6 (N.D.N.Y. Sept. 4, 2024) ("Indeed, there is no individual liability under Title IX, Title VI, the Age Discrimination Act, or the Rehabilitation Act." (citing *Fitzgerald*, 555 U.S. at 257)); *Tyrrell v. Seaford Union Free Sch. Dist.*, 792 F. Supp. 2d 601, 622 n.5 (E.D.N.Y. 2011) ("Since Title IX does not authorize suits against school officials, teachers, and other individuals … to the extent plaintiff asserts a Title IX claim against any of the individual defendants, those claims are dismissed with prejudice.") (citation omitted).[1] As our Supreme Court in *Fitzgerald* and all the

---

[1] *See also Wells v. Texas Tech University*, 2025 WL 673439, at *5 (5th Cir. Mar. 3, 2025) (Title IX "imposes liability only against an institution—not school officials, professors, or other individuals") (citing *Fitzgerald*, 555 U.S. at 257); *Carmichael v. Galbraith*, 574 Fed. Appx. 286, 289 n.5 (5th Cir. 2014) ("The relevant provision of Title IX 'has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals,' as opposed to the institution that receives federal funds.") (citing *Fitzgerald*, 555 U.S. at 257)); *Stiles ex rel D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 849 (6th Cir. 2016) ("Title IX authorizes suit only against the school itself and not individual administrators") (citing *Fitzgerald*, 555 U.S. at 257)); *Hill v. Cundiff*, 797 F.3d 948, 976-77 (11th Cir. 2015) ("Title IX is enforceable against institutions and programs that receive federal funds, but does not authorize suits against individuals" (citing *Fitzgerald*, 555 U.S. at 257)).

cases that have followed it have held, the Title IX claim against the Individual Defendants must therefore be dismissed.

Similarly, the Second Circuit has long held that Title VII does not permit suits against individual employees or supervisors in their personal capacity. In *Tomka v. Seiler Corp.*, the Second Circuit held that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Tomka*, 66 F.3d at 1313. The rule is settled and simple. *See Patterson v. County of Oneida*, 375 F.3d 206 (2d Cir. 2004) (affirming dismissal of Title VII claims against individual defendants because "individuals are not subject to liability under Title VII."); *Wrighten v. Glowski*, 232 F.3d 119 (2d Cir. 2000) (affirming dismissal of Title VII claims against school officials because "individuals are not subject to liability under Title VII"). As *Tomka* found, the statutory text and structure made clear that Congress did not intend to subject individuals to Title VII liability: "the statutory scheme and remedial provisions of Title VII indicate that Congress intended to limit liability to employer-entities with fifteen or more employees. A finding of agent liability … would lead to results that Congress could not have contemplated." *Tomka*, 66 F.3d at 1314. Under binding Second Circuit precedent, the Title VII claim against the Individual Defendants must therefore be dismissed.[2]

    C.    **This Motion Can Be Resolved So As Not to Delay Trial**

---

[2] *See also Lopez v. PCI Health Training*, 129 F.3d 610 (5th Cir. 1997); *Wathen v. General Electric Co.*, 115 F.3d 400, 404-406 (6th Cir. 1997); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3rd Cir. 1996); *Haynes v. Williams*, 88 F.3d 898, 900-901 (10th Cir. 1996); *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995); *Miller v. Maxwell's Int'l, Inc.* 991 F.2d 583, 587-88 & n.2 (9th Cir. 1993).

As this Court knows, counsel for Defendants are successor counsel, appearing in this case after predecessor counsel was nominated to the Connecticut Superior Court. The undersigned appeared in this matter three months ago, *see* Doc. No. 137 (Feb. 11, 2025), and six days later this Court granted a motion to continue, recognizing the appearance of new counsel and that the parties were scheduled to discuss mediation with Judge Vatti. Doc. No. 139 (Feb. 17, 2025). The parties focused on the possibility of settlement until May 2, 2025, when Plaintiff filed an *ex parte* motion to cancel the scheduled settlement conference. Doc. No. 152. On May 7, 2025, this Court issued an order setting jury selection for June 5, 2025, with pre-trial deadlines flowing from that order, as well as from this Court's Standing Order on Joint Trial Memoranda in Civil Cases. Counsel for the Defendants promptly began working on the necessary pre-trial filings, including motions *in limine* and proposed jury instructions. As part of that process, Counsel for the Defendants just recently identified that the Title VII and Title IX claims against the Individual Defendants are flatly precluded by binding precedent. Counsel for Defendants recognized that they could assert these authorities for the first time in a motion for judgment as a matter of law at the conclusion of the Plaintiff's case in chief, *see* Fed. R. Civ. Pro. 50(a), because no factual evidence could overcome the legal reality that individuals cannot be subjected to Title VII or Title IX liability. But counsel for Defendants believes they should disclose these authorities now, and not wait until the conclusion of Plaintiff's case in chief. Waiting would not change the outcome, but it would burden the jury, this Court, its jury instructions, and the parties with incognizable claims that will either waste time or cause jury confusion.

Defendants recognize that this Court has ordered evidence to begin on June 23, 2025. Doc. No. 180. Counsel for Defendants promptly prepared this motion after recognizing the incognizable nature of Plaintiff's remaining claims against the Individual Defendants. Because evidence is scheduled to start in a little over a month, and so that resolution of this motion does not delay trial, this motion is accompanied by an Emergency Motion to expedite consideration of this motion.

## CONCLUSION

For the reasons demonstrated above, Plaintiff has not stated a Title VII or Title IX claim against the Individual Defendants upon which relief may be granted. Accordingly, this Court should grant judgment on the pleadings for the Individual Defendants.

Respectfully submitted,

DEFENDANTS PETER SALOVEY, ROBERT ALPERN, M.D.,

By:    /s/ *Jonathan Freiman*
Jonathan M. Freiman (CT418928)
James I. Glasser (CT07225)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
T: 203.498.4584
F: 203.782.2889
jfreiman@wiggin.com

7

490\326\4923-2847-9045.v1